1  LEONARD PEÑA (State Bar No. 192898)
   lpena@penalaw.com
2  PEÑA & SOMA, APC
   402 South Marengo Ave., Suite B
3  Pasadena, California 91101
   Telephone (626)396-4000
4  Facsimile (626)498-8875
5
6  Attorneys Carolyn A. Dye,
   Chapter 7 Trustee
7
8              UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                  LOS ANGELES DIVISION
11
   In re:                        ) Case No. 2:21-bk-13523 ER
12                                )
13 URBAN COMMONS, LLC,            ) Chapter 7
                                  )
14         Debtor.                ) CHAPTER 7 TRUSTEE'S NOTICE OF
                                  ) MOTION AND MOTION PURSUANT TO
15                                ) RULE 2004 OF THE FEDERAL RULES
                                  ) OF BANKRUPTCY PROCEDURE FOR AN
16                                ) ORDER COMPELLING WELLS FARGO
                                  ) BANK N.A. TO APPEAR FOR AN
17                                ) EXAMINATION AND TO PRODUCE
                                  ) DOCUMENTS; DECLARATIONS OF
18                                ) CAROLYN A. DYE AND LEONARD PEÑA
                                  ) IN SUPPORT THEREOF
19                                )
                                  ) [NO HEARING REQUIRED PURSUANT
20                                ) TO LOCAL BANKRUPTCY RULE 2004-
21                                ) 1]
                                  )
22                                ) Proposed Examination and
23                                ) Document Production
                                  ) Date and Place:
24                                ) Date:  September 28, 2021
                                  ) Time:  10:00 a.m.
25                                ) Place: 402 S. Marengo Ave.,
                                  )        Suite B
26                                )        Pasadena, CA 91101
27                                )
                                  )
28 _____    )

-1-

1  **TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY**

2  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR AND**

3  **WELLS FARGO TITLE INSURANCE COMPANY:**

4  **PLEASE TAKE NOTICE** that Carolyn A. Dye, the duly appointed

5  Chapter 7 Trustee ("Trustee") in the bankruptcy case of Urban

6  Commons, LLC ("Debtor"), hereby files this motion ("Motion") for

7  entry of any order, pursuant to Federal Rule of Bankruptcy

8  Procedure 2004 and Local Bankruptcy Rule 2004-1 authorizing the

9  Trustee to examine and require the production of documents by

10 Wells Fargo Bank, N.A. ("Wells Fargo").  The Trustee further

11 requests that the order authorize the issuance of a subpoena

12 directing the oral examination and production of documents by

13 Wells Fargo ("Examination and Production").

14      The Motion is based on the grounds that the Trustee needs

15 to analyze and review all the Debtor's bank statements to

16 potential discover preferences or fraudulent transfers of the

17 Debtor's property.  Although the Trustee secured the Debtor's

18 headquarters, there were a few scattered bank records and what

19 was discovered is incomplete at best.  The bank statements the

20 Trustee reviewed showed monthly transactions in the millions of

21 dollars.

22      The Trustee is informed that Wells Fargo was one of main

23 banks where the Debtor held its bank accounts.  The Trustee has

24 been unable to obtain any of the Wells Fargo documents from the

25 Debtor's principals Howard Wu and Taylor Woods.  The Trustee

26 primarily seeks the production of documents and information from

27 Wells Fargo as described in Exhibit "1".

28

1   The Trustee's counsel with corresponded with Wells Fargo

2   discussed by phone the Trustee's intention to proceed with a

3   2004 examination of the bank.  The bank's representative

4   indicated that while they would not stipulate to issuance of a

5   2004 order they would comply with a subpoena if one were served

6   on Wells Fargo.

7       This Motion is necessary because the Trustee cannot proceed

8   pursuant to Federal Rules of Bankruptcy Procedure 7030 and 9014

9   because there is currently no adversary proceeding or contested

10  matter pending against Wells Fargo.

11      The Motion is based on Federal Rule of Bankruptcy Procedure

12  2004 and Local Bankruptcy Rule 2004, the Memorandum of Points

13  and Authorities, the Declaration of Carolyn A. Dye and Leonard

14  Peña, the records in the Debtor's case and any other evidence

15  presented to the Court.

16      **PLEASE TAKE FURTHER NOTICE** that pursuant to Local

17  Bankruptcy Rule 2004-1 the Court may grant the Motion without a

18  hearing.  Upon the entry of a Court order granting the Motion,

19  Wells Fargo shall be served with a subpoena requiring it to

20  appear for an oral examination and to produce and permit

21  inspection of all the documents in Exhibit "1".  The document

22  production shall be conducted on dates not less than twenty-one

23  (21) days after the date of service of the Motion.  The subpoena

24  shall state the date, time and location for the document

25  production.

26      **PLEASE TAKE FURTHER NOTICE** that, if grounds exist under

27  Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule

28  26(c) of the Federal Rules of Civil Procedure, Wells Fargo may

object to the examination and production by filing a motion for protective order with the Clerk of the Bankruptcy Court and serving such motion on the United States Trustee as well as counsel for the Trustee whose name and address appear at the top, left-hand corner of the first page of this Notice.  Any motion for protective order must be filed and served not less than fourteen (14) calendar days before the proposed date of the examination and production and set for hearing not less than two (2) court days before the proposed date of the Examination and Production, unless an order shortening time is granted by the Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

1.    Granting the Motion;

2.    Authorizing the Trustee to issue a subpoena compelling Wells Fargo to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce and/or permit inspection of the documents requested in Exhibit "1" hereto; and

3.    Granting such other and further relief as the Court deems just and proper.

Dated:  August 22, 2021          PEÑA & SOMA, APC


                                 By  _____
                                 LEONARD PEÑA
                                 Proposed Attorneys for Carolyn A.
                                 Dye, Chapter 7 Trustee

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3    ## I. RELEVANT FACTS

4         The Debtor was a real estate, ownership, management, and

5    development company based in Los Angeles, California.  On

6    April 29, 2021, Petitioning Creditor Selbert Perkins Design,

7    Inc., Epic Entertainment Group LLC, InterCommunications Inc.

8    ("Petitioning Creditors") filed an involuntary chapter 7

9    bankruptcy petition against the Debtor.  On June 24, 2021, the

10   Court entered the *Order For Relief* in the Debtor's case [Docket

11   No. 27].  On July 1, 2021, the Trustee was appointed as the

12   interim trustee [Docket No.39].

13        The Trustee has had great difficulties obtaining any

14   information regarding the Debtor's business affairs because of

15   the lack of any cooperation from the Debtor's principals or any

16   other persons related to the Debtor.

17        The Trustee is informed and believes that prepetition the

18   Debtor and its wholly owned subsidiaries had multiple bank

19   accounts with Wells Fargo.  The Trustee discovered multiple

20   Wells Fargo bank statements at the Debtor's headquarters, but

21   they were incomplete and did not provide the Trustee with a

22   chronological understanding of the Debtor's prepetition

23   transactions.  The Trustee must complete a preference and

24   fraudulent transfer analysis by reviewing the Debtor's

25   prepetition transfers of money as well as other transactions

26   that might lead to the discovery of assets or valuable claims.

27

28

1    The Trustee discovered that the Debtor wholly owns at least

2 the following 19 subsidiaries that bank or banked with Wells

3 Fargo:

4    1. EHT Asset Management, LLC

5    2. EHT CPDCT, LLC

6    3. EHT ESAN, LLC

7    4. EHT ESPD, LLC

8    5. EHT FP5J, LLC

9    6. EHT HIA, LLC

10    7. EHT HIDH, LLC

11    8. EHT HISM, LLC

12    9. EHT HIOR, LLC

13    10.   EHT QMLB, LLC

14    11.   EHT RDH, LLC

15    12.   EHT SPH, LLC

16    13.   EHT WSAC, LLC

17    14.   EHT RWH, LLC

18    15.   EHT HAN, LLC

19    16.   EHT DHSLC, LLC

20    17.   EHT HHG, LLC

21    18.   EHT CPDGA, LLC

22    19.   EHT SDTC, LLC

23 the "Subsidiaries".

24    Trustee's counsel contacted Wells Fargo and Wells Fargo

25 confirmed that it has the Debtor's and Subsidiaries' bank

26 statements sought by the Trustee.

27    The Trustee needs the documents held by Wells Fargo to

28 potentially identify the Debtor's assets.  An examination and

1  production of the documents described in Exhibit "1" is required

2  for the Trustee to proceed with the administration of the

3  Debtor's estate.  The proposed examination cannot proceed under

4  Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure

5  because no adversary or contested proceeding is currently

6  pending between the Trustee and Wells Fargo.

7      The Trustee, through his counsel, has met and conferred

8  with Wells Fargo directed by Local Bankruptcy Rule 2004-l(a).

9  *See* Declaration of Leonard Peña.  Wells Fargo's representative

10  advised the Trustee's counsel that if subpoenaed, Wells Fargo

11  would produce the requested documents.

12  **II.  <u>LEGAL ARGUMENT</u>**

13      Rule 2004 of the Federal Rules of Bankruptcy Procedure

14  provides that, "[o]n motion of any party in interest, the Court

15  may order the examination of any entity."  Fed.R.Bankr.P.

16  2004(a). The permissible scope of a Rule 2004 examination is

17  very broad and is set forth in Rule 2004(b), which provides, in

18  relevant part, "The examination ... may relate only to the acts,

19  conduct, or property or to the liabilities and financial

20  condition of the debtor, or to any matter which may affect the

21  administration of the debtor's estate ... [.]  Fed.R.Bankr.P.

22  2004(b).

23      Since the scope of examination under Bankruptcy Rule 2004

24  extends to "any matter which may affect administration of the

25  debtor's estate," the inquiry permitted under Bankruptcy 24 Rule

26  2004 is broad. As Collier states,

27      The scope of Rule 2004 examination is 'unfettered and
       broad' and the rule itself is 'peculiar to bankruptcy law
       and procedure because it affords few of the procedural
28     safeguards that an examination under Rule 26 of the

1
2
3

> Federal Rules of Civil Procedure does.' [Citations omitted.] Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to 'a fishing expedition.

4   9 *Collier on Bankruptcy* 2004.02[1], 16th ed. rev. 2012).

5
6
7
8
9
10
11
12
13
14
15
16
17
18

 Measured against this broad standard, the examination and production requested herein are proper and appropriate.  Given that the Wells Fargo is holding documents pertinent to the Debtor's assets and in light of the Debtor's principals' refusal to assist the Trustee, the Trustee believes that Wells Fargo is in possession of information and documentation that are critical to the administration of the Debtor's bankruptcy estate and to the execution of the Trustee's duties.  Without such information and documentation, the Trustee cannot fully perform her duties to investigate potential assets and claims belonging to the Debtor's bankruptcy estate.  Accordingly, the Trustee respectfully submits that the examination and production requested herein fall well within the scope of Bankruptcy Rule 2004 and should be authorized.

19
20
21
22
23
24
25
26

 Local Bankruptcy Rule 2004-1(a) requires that, prior to filing a motion for examination or for production of documents under Bankruptcy Rule 2004, the movant attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of examination or production.  Counsel for the Trustee has met and conferred with a representative of Wells Fargo's subpoena processing department.

27   / / /

28   / / /

1    Local Bankruptcy Rule 2004-1 (b) requires that the movant

2    explain why the requested examination cannot proceed under Rules

3    7030 or 9014, which govern discovery in the context of adversary

4    proceedings and contested matters, respectively.  The

5    examination and production requested by the Trustee herein

6    cannot proceed under Bankruptcy Rule 7030 or 9014 because there

7    is currently no adversary proceeding or contested matter pending

8    against Wells Fargo or any other party which implicates the

9    documents sought by the Trustee and described in Exhibit "1".

10   Thus, discovery under Bankruptcy Rule 7030 or 9014 is

11   unavailable to the Trustee currently.

12   Local Bankruptcy Rule 2004-1 provides that, upon not less

13   than twenty-one (21) days' notice of a Bankruptcy Rule 2004

14   examination to parties in interest, the Court may approve a

15   motion for a Bankruptcy Rule 2004 examination without a hearing.

16   *See* Local Bankr. Rule 4 2004-1 (c) and (d).  The Trustee will

17   file this Motion and serve it on the Debtor, the Office of the

18   United States Trustee, as well as Wells Fargo at least twenty-

19   one (21) days in advance of the date scheduled for the

20   Examination and Production.  Accordingly, the Trustee will be in

21   compliance with the notice provisions of Local Bankruptcy Rule

22   2004-1.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

### III.  **CONCLUSION**

2   **WHEREFORE,** the Trustee respectfully requests that the

3   Court enter an order:

4   1.   Granting the Motion;

5   2.   Authorizing the Trustee to issue a subpoena compelling

6   Wells Fargo to appear for an oral examination as to the full

7   scope of matters covered by Rule 2004(b) of the Federal Rules of

8   Bankruptcy Procedure, and (b) to produce and/or permit

9   inspection of the documents requested in Exhibit "1" hereto; and

10   3.   Granting such other and further relief as the Court

11   deems just and proper.

12

13   Dated:  August 22, 2021          PEÑA & SOMA, APC

14

15                         By  _____

16                             LEONARD PEÑA
                              Proposed Attorneys for Carolyn A.
                              Dye, Chapter 7 Trustee

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF CAROLYN A. DYE

2    I, Carolyn A. Dye, hereby declare as follows:

3    1.    I am the duly qualified and acting Chapter 7 trustee

4  in the above-captioned case.  I am an attorney at law admitted

5  to practice in the State of California and before this Court.  I

6  am the Chapter 7 Trustee appointed to administer the case of

7  Urban Commons, LLC, initiated by the filing of an involuntary

8  petition and the Order for Relief entered on June 24, 2021 by

9  this court.  The case is proceeding as Case no. 2:21-13523-ER.

10   2.    I make this declaration in support of my motion (the

11 "Motion") for the entry of an order authorizing me to issue a

12 subpoena compelling Wells Fargo Bank, N.A. ("Wells Fargo") (a)

13 to appear for an oral examination as to the full scope of

14 matters covered by Rule 2004(b) of the Federal Rules of

15 Bankruptcy Procedure, and (b) to produce the documents requested

16 in Exhibit "1" hereto.

17   3.    I am informed and believe that the Debtor and at least

18 19 wholly owned subsidiaries of the Debtor banked with Wells

19 Fargo.  I have only been able to review a few of the Debtor's

20 bank statements and those of its subsidiaries.  The Debtor's

21 principals Mr. Wu and Woods have not helped me.  The few bank

22 statements I reviewed showed large monetary transactions and I

23 need to understand the whole history of the Debtor and its

24 subsidiaries to fully perform the due diligence required.

25   4.    I need to review the Debtor's bank statements for at

26 least the 4-year period prior to the Petition Date so I can

27 conduct a preference and fraudulent transfer analysis as well as

28

1   determine if there are other transactions that I should

2   investigate.

3       6.    My counsel contacted Wells Fargo and Wells Fargo

4   confirmed that it has documents and bank statements that it can

5   produce if it were subpoenaed.

6       7.    I need the documents held by Wells Fargo to

7   potentially identify the Debtor's assets.

8       8.    There is not an adversary proceeding or contested

9   matter pending against Wells Fargo or any other party which

10  implicates the information and documentation that I seek

11  pursuant to the Motion.  Since there is no such pending

12  adversary proceeding or contested matter currently pending, the

13  examination and document production requested in the Motion

14  cannot proceed under Federal Rules of Bankruptcy Procedure 7030

15  or 9014.

16

17      I declare under penalty of perjury under the laws of the

18  United States of America that the foregoing is true and correct.

19      Executed this /7/ day of August 2021, at Los Angeles,

20  California.

21

22  _____

23           CAROLYN A. DYE

24

25

26

27

28

-11-

## DECLARATION OF LEONARD PEÑA

I, Leonard Peña, hereby declare as follows:

1.    I am an attorney duly licensed and authorized to practice before the U.S. Bankruptcy Court.  I am a partner in the law firm of Peña & Soma, APC, proposed counsel for Carolyn A. Dye, Chapter 7 Trustee herein (the "Trustee").  I have personal knowledge of the facts described below, and, if called as a witness, I can and would testify competently thereto.

2.    On August 10, 2021, I corresponded with Wells Fargo's general counsel Ellen R. Patterson asking him to meet and confer regarding a proposed examination and request for production of documents pursuant to Rule 2004.

3.    On August 14, 2021, I received a phone call from Rachel Finn a representative at Wells Fargo's subpoena proceeding department.  Ms. Finn indicated that while Wells Fargo would not stipulate to a 2004 examination/production, if the Court order it, they would comply if served with a subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ⎵22⎵ day of August 2021, at Pasadena, California.

_____
LEONARD PEÑA

EXHIBIT "1"

# I.

## DEFINITIONS

"DEBTOR" means Urban Commons, LLC.

"DOCUMENT" and "DOCUMENTS" are used in their broadest sense and mean (1) the originals and any nonidentical copies (whether different from the originals because of notations made on such copies or otherwise) of all "writings," "recordings," and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and (2) physical documents, electronic documents and documents created or stored by any means. This includes, but is not limited to, any written, graphic or otherwise or stored by hand or by mechanical, electronic, microfilm, photogenic or phonic means or bye recorded matter however created whether inscribed any other means including abstracts, address books, agreements, analyses of any kind, appointment books, architectural blueprints and drawings, bids, billings, blueprints, books of account, brochures, calendars, audio and video cassettes, charts, circulars, compilations, computer runs and printouts, computer files and programs, consultant's reports and studies, contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, disks, diskettes, drawings, e-mail, estimates, electronic mail, electronic data of any kind, electronic records of 20 any kind, expense account records, expert's reports or studies, financial statements or calculations, floppy disks, flyers, graphs, house publications, inspection records, sheets and reports, inter-office or intra-office communications, invoices, job descriptions or assignments, layouts, leaflets, ledgers,

letters, licenses, lists, mailings, manuals, maps, memoranda of any kind, microfilm, minutes or records of any kind, movies, notes, notebooks, opinions, organizational charts, tables and lists, pamphlets, permits, photographs, pictures, plans, projections, promotional materials, press releases or clippings, publications, procedures, quotations, records and recordings of any kind, renderings, reports of any kind, rework instructions, orders and procedures, schedules, scripts, sketches, slide programs, specifications, statistical analyses, stenographers notebooks, studies of any kind, subcontracts, summaries, tabulations, tallies, tapes, telegrams, teletype messages, telephone logs, timesheets, undertakings, videotapes, vouchers, working drawings, papers and files.

YOU" and "YOUR" means Wells Fargo Title Insurance Company and its division National Commercial Services Division and all of your attorneys and all other agents or representatives of any kind.

**II.**

**INSTRUCTIONS**

1.    In producing these DOCUMENTS, YOU are required to furnish all DOCUMENTS in YOUR possession, ownership, custody or control, actual or constructive.

2.    The DOCUMENTS produced in response to this request must not be redacted or altered in any manner.

3.    The DOCUMENTS produced in response to this request shall be segregated and clearly marked or labeled as to the specific request to which such DOCUMENTS are responsive and are being produced.  Otherwise, such DOCUMENTS shall be produced as

1  they are kept in the usual course of business, including the

2  production of the files from which such DOCUMENTS are taken.

3      4.    If any of these DOCUMENTS cannot be produced in full,

4  YOU are requested to produced them to the fullest extent

5  possible, specifying clearly the reasons for YOUR inability to

6  produce the remainder and stating whatever information,

7  knowledge, or belief YOU have concerning the unproduced

8  DOCUMENTS.

9      5.    If any of the DOCUMENTS requested were at one time in

10 existence, but no longer are, so state and specify for each

11 DOCUMENT: (a) the type of DOCUMENT, (b) the type of information

12 once contained therein, (c) the date upon which it ceased to

13 exist, ( d) the circumstance under which it ceased to exist, (e)

14 the identity of all persons having knowledge of the

15 circumstances under which it ceased to exist and (f) the

16 identify of all persons having knowledge or who had knowledge of

17 the contents thereof.

18                           **III.**

19                    **DOCUMENT REQUESTS**

20      1.    All DOCUMENTS relating to the Debtor's bank accounts

21 at YOUR bank.

22      2.    All bank statements for period of June 24, 2017-July

23 24, 2021 for all bank accounts held in the Debtor's name.

24      3.    All bank statements for period of June 24, 2017-July

25 24, 2021 for all bank accounts held in following names:

26              a. EHT Asset Management, LLC

27              b. EHT CPDCT, LLC

28              c. EHT ESAN, LLC

<div style="padding-left: 2em;">

    d. EHT ESPD, LLC

    e. EHT FP5J, LLC

    f. EHT HIA, LLC

    g. EHT HIDH, LLC

    h. EHT HISM, LLC

    i. EHT HIOR, LLC

    j. EHT QMLB, LLC

    k. EHT RDH, LLC

    l. EHT SPH, LLC

    m. EHT WSAC, LLC

    n. EHT RWH, LLC

    o. EHT HAN, LLC

    p. EHT DHSLC, LLC

    q. EHT HHG, LLC

    r. EHT CPDGA, LLC

    s. EHT SDTC, LLC

</div>

4.  All DOCUMENTS reflecting communications of any kind between YOU and the DEBTOR.

5.  All DOCUMENTS reflecting communications of any kind between YOU and Howard Wu.

6.  All DOCUMENTS reflecting communications of any kind between YOU and Taylor Woods.

7.  All DOCUMENTS reflecting communications of any kind between YOU and any person referring to the DEBTOR's finances, assets or liabilities.

| In re: | CHAPTER: **7** |
|---|---|
| **Urban Commons, LLC** | |
| Debtor(s). | CASE NUMBER: **2:21-bk-13523 ER** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
**402 South Marengo Ave., Suite B**
**Pasadena, CA 91101**

A true and correct copy of the foregoing document entitled (*specify*):   __CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION__
__PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER COMPELLING WELLS__
__FARGO BANK, N.A. TO APPEAR FOR AN EXAMINATION AND TO PRODUCE DOCUMENTS; DECLARATIONS OF CAROLYN A.__
__DYE AND LEONARD PEÑA IN SUPPORT THEREOF__ will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and
LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _8/22/2021_, I checked
the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic
Mail Notice List to receive NEF transmission at the email addresses stated below:

**Mel Aranoff on behalf of Creditor Robert B. Cowan**
maranoff@mbnlawyers.com

**Reem J Bello on behalf of Interested Party Courtesy NEF**
rbello@wgllp.com,
kadele@ecf.courtdrive.com;cyoshonis@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

**Eric Bensamochan on behalf of Debtor Urban Commons LLC**
eric@eblawfirm.us, G63723@notify.cincompass.com

**Eric Bensamochan on behalf of Interested Party Courtesy NEF**
eric@eblawfirm.us, G63723@notify.cincompass.com

**Anthony Bisconti on behalf of Creditor John Michael Dannelley**
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

**Anthony Bisconti on behalf of Creditor Mary A. Dannelley**
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

**Carolyn A Dye (TR)**
trustee@cadye.com, cdye@ecf.axosfs.com;atty@cadye.com

**Eric D Goldberg on behalf of Creditor Mirae Asset Securities & Investments (USA), LLC**
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

**Jeffrey I Golden on behalf of Petitioning Creditor Epic Entertainment Group LLC**
jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

**Jeffrey I Golden on behalf of Petitioning Creditor InterCommunications Inc.**
jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

**Jeffrey I Golden on behalf of Petitioning Creditor Selbert Perkins Design, Inc**
jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

**Michael S Greger on behalf of Interested Party Courtesy NEF**
mgreger@allenmatkins.com, kpreston@allenmatkins.com

**Joseph G Harraka, Jr on behalf of Creditor Gruppo Italiano Progetti SRL**
jgharraka@becker.legal, maferrentino@becker.legal

**Douglas Harris on behalf of Interested Party Courtesy NEF**
Douglas.harris@alston.com

**Leib M Lerner on behalf of Interested Party Courtesy NEF**
leib.lerner@alston.com, autodockettest-lax@alston.com

---

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>**Urban Commons, LLC**<br><br>Debtor(s). | CHAPTER **7**<br>CASE NUMBER **2:21-bk-13523 ER** |
| --- | --- |

**Zachary Evan Mazur on behalf of Petitioning Creditor Epic Entertainment Group LLC**
zachary@saracheklawfirm.com

**Zachary Evan Mazur on behalf of Petitioning Creditor InterCommunications Inc.**
zachary@saracheklawfirm.com

**Zachary Evan Mazur on behalf of Petitioning Creditor Selbert Perkins Design, Inc**
zachary@saracheklawfirm.com

**Scott H Noskin on behalf of Creditor Robert B. Cowan**
snoskin@mbnlawyers.com, aacosta@mbnlwyers.com

**Leonard Pena on behalf of Trustee Carolyn A Dye (TR)**
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

**Joseph E Sarachek on behalf of Petitioning Creditor Epic Entertainment Group LLC**
joe@saracheklawfirm.com, jon@saracheklawfirm.com

**Joseph E Sarachek on behalf of Petitioning Creditor InterCommunications Inc.**
joe@saracheklawfirm.com, jon@saracheklawfirm.com

**Joseph E Sarachek on behalf of Petitioning Creditor Selbert Perkins Design, Inc**
joe@saracheklawfirm.com, jon@saracheklawfirm.com

**Michael A Shakouri on behalf of Creditor Maguire Properties - 777 Tower, LLC**
mshakouri@goodkinlaw.com, rnolan@pdv-llc.com

**Jennifer R Tullius on behalf of Creditor Bruce Beretta**
jtullius@tulliuslaw.com

**United States Trustee (LA)**
ustpregion16.la.ecf@usdoj.gov

**Corey R Weber on behalf of Interested Party Courtesy NEF**
cweber@bg.law, ecf@bg.law

**Roye Zur on behalf of Other Professional WBC Special Assets, LLC**
rzur@elkinskalt.com, tbrooks@elkinskalt.com;myuen@elkinskalt.com;tperkins@elkinskalt.com
☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On    **8/22/2021**    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Hon. Ernest M. Robles**
**United States Bankruptcy Court**
**255 E. Temple Street, Suite 1560 / Courtroom 1568**
**Los Angeles, CA 90012**

**[VIA Certified Mail]**
**Wells Fargo Bank. N.A.**
**Care of Charles W. Scharf**
**Its Chief Executive Officer**
**101 N. Phillips Avenue**
**Sioux Falls, SD 57104**

☐ Service information continued on attached page

---

This form is mandatory.    It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

| In re:<br>**Urban Commons, LLC**<br><br>Debtor(s). | CHAPTER **7**<br>CASE NUMBER **2:21-bk-13523 ER** |
|---|---|

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 22, 2021 | JULIE SOMA | /S/ JULIE SOMA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                      **F 9013-3.1**