Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**Leonard Peña (State Bar No. 192898)**
**PEÑA & SOMA, APC**
**402 South Marengo Ave., Suite B**
**Pasadena, CA 91101**
**626-396-4000 Fax: 626-498-8875**
State Bar Number: **192898 CA**
**lpena@penalaw.com**

FOR COURT USE ONLY

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for: Carolyn A. Dye, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

**Urban Commons, LLC**

Debtor(s).

CASE NO.: **2:21-bk-13523 ER**
CHAPTER: **7**

## NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION

### [LBR 9013-1(o)]

[No hearing unless requested in writing]

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s)  **Carolyn A. Dye, Chapter 7 Trustee** , filed a motion or application (Motion) entitled   **TRUSTEE'S MOTION FOR ORDER APPROVING: (1) SETTLEMENT AGREEMENT WITH AUTONATION, INC.; AND (2) APPROVING FORM OF SETTLEMENT AGREEMENT; DECLARATION OF CAROLYN A. DYE IN SUPPORT THEREOF**                    .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

    ☒ The full Motion is attached to this notice; or

    ☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o),

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                 Page 1        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

    (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

    (2)  Movant will lodge an order that the court may use to grant the Motion; and

    (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: **September 21, 2021**

_____
Signature of Movant or attorney for Movant

LEONARD PEÑA
_____
Printed name of Movant or attorney for Movant

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626) 396-4000
Facsimile (626) 498-8875

Attorneys for Carolyn A. Dye,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>URBAN COMMONS, LLC,<br><br>        Debtor. | ) Case No. 2:21-bk-13523 ER<br>)<br>) Chapter 7<br>)<br>) TRUSTEE'S MOTION FOR ORDER<br>) APPROVING:<br>)<br>) (1)  SETTLEMENT AGREEMENT WITH<br>) AUTONATION, INC.; AND<br>) (2)  APPROVING FORM OF<br>) SETTLEMENT AGREEMENT;<br>)<br>) DECLARATION OF CAROLYN A. DYE<br>) IN SUPPORT THEREOF<br>)<br>) [11 U.S.C. § 105; F.R.B.P.<br>) 9019; L.B.R. 9013-1 AND 9019]<br>)<br>) [Fed. R. Bankr. P. R.<br>) 9006(c)(1); Local Bankr. R.<br>) 9075-1(b)]<br>)<br>)<br>) [NO HEARING REQUIRED UNLESS<br>) REQUESTED] |

/ / /

/ / /

/ / /

**TO:    THE HONORABLE ERNEST M. ROLBLES, UNITED STATES BANKRUPTCY
JUDGE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED
PARTIES:**

Carolyn A. Dye, chapter 7 trustee ("Trustee") of the bankruptcy estate of Urban Commons, LLC ("Debtor") moves the Court for an order approving the (1) Settlement Agreement with AutoNation, Inc. ("AutoNation") and (2) Approving Form of Settlement Agreement ("Agreement") executed by the Trustee and AutoNation a copy of which is attached hereto as Exhibit "1".

This Motion is based on 11 U.S.C. §§ 105 and 157, Federal Rules of Bankruptcy Procedure 9019(a), and Local Bankruptcy Rules 9013-1 and 9019-1, the notice of motion filed and served concurrently herewith; this Motion, the memorandum of points and authorities, the declaration of Carolyn A. Dye in support thereof; all pleadings and records on file herein; all matters which are subject to judicial notice and all other evidence which may be introduced at or prior to any hearing on this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE,** the Trustee respectfully asks this Court to enter an order:

1.    Approving the Agreement as being in the best interest of the estate and as an exercise of the Trustee's reasonable business judgment;

2.    Approving the form of the Agreement;

3.    Determining that adequate notice was provided to all interested parties; and

4.    Authorizing the Trustee to execute any and all documents necessary to effectuate the Agreement.

DATED:  September 14, 2021          PEÑA & SOMA, APC


                                    By _____
                                       LEONARD PEÑA
                                       Attorneys for Carolyn A. Dye,
                                       Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### JURISDICTION, VENUE AND

### STATUTORY PREDICATES FOR RELIEF

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§105 and 157.  The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §1409(a). The statutory predicates for relief requested in the Motion are section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules 9013-1 and 9019-1.

## II.

### RELEVANT FACTS

This case was commenced by the filing of an involuntary chapter 7 petition on April 21, 2021 (the "Petition Date"). The order for relief in the Debtor's case was entered on June 24, 2021.

Carolyn A. Dye is the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

While reviewing some of the Debtor's business records, the Trustee learned that the Debtor held an interest in a 2018 Mercedes Benz G63W4 ("Mercedes").  However, the Trustee was unable to locate the Mercedes.  The Trustee contacted the automobile finance company holding the purchase money loan on the Mercedes who advised the Trustee that their loan was

recently paid off by a car dealership in Costa Mesa, California.

Unbeknownst to the Trustee, Taylor Woods ("Woods"), one of the Debtor's principals, was in possession of the Mercedes and post-petition sold or otherwise transferred it to AutoNation, Inc. ("AutoNation").  AutoNation is in possession of the Mercedes and informed the Trustee that it purchased the Mercedes from Woods without knowledge of the Debtor's bankruptcy case or the knowledge that the Mercedes was property of the Debtor's bankruptcy estate.

Furthermore, the AutoNation advised the Trustee and provided her with proof, that it had paid $100,385.54 to pay off an existing lien on the Mercedes and paid an additional $17,114.46 cash to Woods.  Woods has not turned over the $17,114.46 to the Trustee.

The purpose of this Motion is to resolve the Trustee's disputes with AutoNation regarding the estate's right to avoid the transfer of the Mercedes to AutoNation as an avoidable post-petition transfer under 11 U.S.C. § 549.


### III.

### RELIEF REQUESTED

**A.    The Ninth Circuit Standard for Compromises of Controversies.**

Inherent in the grant of jurisdiction to the District Court's overall civil proceedings arising under, arising in or related to cases under Title 11 is the Court's authority, under Section 105(a) of the Bankruptcy Code, to enter orders approving compromises.  This power is expressly recognized in Federal Rule

of Bankruptcy Procedure 9019(a), which provides that a court may approve a compromise or settlement after notice is provided pursuant to Federal Rule of Bankruptcy Procedure 2002. Fed.R.Civ.P. 2002(a)(3), 9019(a).  Approval of the compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A)(0).  *Druker v. Greene (In re Carla Leather, Inc.),* 50 B.R. 764, 775 (S.D.N.Y. 1985).

The approval or rejection of a proposed compromise is within the discretion of the Court and is to be determined by the circumstance of each case.  *U.S. v. Alaska Nat'l Bank of the N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).  The burden of establishing the fairness of the compromise rests on the proponent.  The Trustee is required to demonstrate that legal evaluations were made by counsel experienced in such matters and that enough investigation was conducted to enable such counsel to make an informed decision. *See Feder v. Harrington*, 58 F.R.D. 171, 174-175 (S.D.N.Y. 1972). The Trustee satisfies her burden in this case.

In determining the acceptability of a proposed compromise, the following four factors should be considered:

(a)   The probability of success in the litigation;

(b)   The difficulties, if any, to be encountered in the matters of collection;

(c)   The complexity of the litigation; and the expense, inconvenience and delay necessarily attending it; and

(d)   The paramount interest of the creditors and the proper deference to their reasonable views.  *Martin v. Kane (In re A&C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *Lambert v.*

*Flight Transp.*, 730 F.2d 1128, 1135 (8th Cir. 1984); *cert. denied sub nom.  Reavis & McGrath v. Antinore*, 469 U.S. 1207, 105 S.Ct. 169, 84 L.Ed.2d 310 (1985).

Based upon evidence presented to it, this Court is not required to decide the questions of law and fact in dispute, but instead to canvass the issues to see whether the "settlement falls below the lowest point in a range of reasonableness". *Anaconda-Ericsson Inc. (In re Teletronics Serv., Inc.),* 762 F.2d 185, 189 (2nd Cir. 1985), *quoting In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), *cert. denied sub nom; Cosoff v. Rodman,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).  When applying the above standards, and "[i]n passing upon the proposed settlement, the Court must consider the principle that law favors compromise.'"  *In re Carson,* 82 B.R. 847, 853 (Bankr. S.D. Ohio 1994) (citations omitted).  *See also A&C Prop.*, 784 F.2d at 1381.

**B.    Application of Criteria to the Facts of the Case**.

Application of the above-described standards to the matter before this Court demonstrates that the Trustee established the reasonableness and fairness of the Agreement with AutoNation and it should therefore be approved.

The Trustee determined that the estate has a small equity interest in the Mercedes that should be liquidated for the benefit of the estate and its creditors.

The Trustee's and her counsel's investigation of the facts surrounding AutoNation's purchase of the Mercedes reveals it may not have known that the vehicle was property of the Debtor's estate.  Furthermore, it appears that Woods misrepresented his

interest in the Mercedes when he sold it to AutoNation asserting that the vehicle was his and not the Debtor's.

The Trustee learned from documents produced by AutoNation, pursuant to a Rule 2004 order, that it had paid $100,385.54 to pay off an existing lien on the Mercedes, owed by the Debtor, and paid an additional $17,114.46 cash to Woods.

Though the Trustee believes it has strong claims to recover the Mercedes from AutoNation, doing so would be a needless expense, because if the car where recovered the Trustee would immediately have to hire a car broker/dealer to sell the Mercedes.  Instead, the Agreement with AutoNation permits AutoNation to immediately market and sell the Mercedes in the normal course of its used car sales business.

Taking into the account the fees and costs associated with the litigation of the claims against AutoNation the Trustee believes that settlement is prudent and reasonable.  The Trustee believes that any suit against AutoNation would be costly and result in unnecessary legal fees and expenses.  Furthermore, any litigation with AutoNation would be time consuming during which the Mercedes would continue to depreciate.

C.    **The Settlement Agreement**.

The following is a summary of the salient terms of the Agreement and is not meant to be a comprehensive review of the provisions.  In the event of any inconsistencies between the terms and provisions of the Agreement and the description below, the provisions of the Agreement, and not this Motion, shall govern:

/ / /

## General Terms of Agreement

1.    The Trustee and AutoNation agree that the AutoNation may immediately proceed with the sale of the Mercedes in the normal course of its business, as it would normally sell a used car like the Mercedes.

2.    When the AutoNation successfully sells the Mercedes, it will provide the Trustee or her counsel, with evidence of the sale and particularly with information related to the sale price, costs of sale and the net proceeds of the sale.

3.    The Trustee and AutoNation agree that they shall split the net sale proceeds of the sale of the Mercedes evenly between them after AutoNation collects the sum of $117,500.00, the purchase price of the Mercedes, which includes $100,385.54 paid to pay off an existing lien on the vehicle and $17,114.46 cash paid to Woods ("Split Proceeds").

4.    AutoNation shall pay the Trustee her share of the Split Proceeds within 10 days of selling the Mercedes.

5.    The Trustee and AutoNation will exchange mutual releases.

6.    The Trustee will seek Court approval of the Agreement.

D.    **The Settlement is Fair, Equitable and In the Best Interest of the Estate and its Creditors.**

The Trustee determined in her business judgment, that considering the costs and expenses, that would be incurred by the estate litigating with AutoNation, the Agreement is in the best interest of the estate and its creditors.

Upon approval of the Agreement AutoNation will immediately begin offering the Mercedes for sale in the normal course of its used car sales business.  The net sale proceeds from the sale of the Mercedes will then be split between the Trustee and AutoNation.  The Trustee believes that this outcome is better than litigating with AutoNation for many months over a used car, recovering the Mercedes then having to market and sell it herself.

Unfortunately, the Trustee believes that the ultimate profit from the sale of the Mercedes will be very modest, so fees and costs associated with any litigation with AutoNation will outweigh any of the estate's equity in the vehicle. That is, litigating with AutoNation would not provide any substantial upside for the estate or its creditors.

The Trustee is informed and believes, based upon the average retail sale prices for other vehicles like the Mercedes, described in www.kbb.com and www.edmunds.com, as well as AutoNation's estimates, the vehicle might sell for somewhere between $125,000-$129,000.00.  Thus, after payment to AutoNation of the $117,500.00 it paid for the Mercedes, the net sale proceeds will be very modest and not worth litigating over with AutoNation.

The Agreement which is the subject of this Motion is based on the opinions of the Trustee's general bankruptcy counsel and the Trustee's own experience.  As such, the Agreement with the AutoNation is reasonable and in the best interest of the estate. Before signing the Agreement, the Trustee discussed the reasonableness of the terms of the Agreement with her counsel.

After considering all the foregoing, and after evaluating the best manner to liquidate the estate's property, the Trustee made the decision that the Agreement with AutoNation was advisable, reasonable, and in the best interest of the estate and should be approved by this Court.

### IV.

### CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order approving the Agreement in the form annexed hereto pursuant to § 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) and grant such other and further relief as it deems just and proper.

DATED:  September 14, 2021          PEÑA & SOMA, APC


By _____
   LEONARD PEÑA
   Attorneys for Carolyn A. Dye,
   Chapter 7 Trustee

-11-

## DECLARATION OF CAROLYN A. DYE

I, Carolyn A. Dye, declare as follows:

1.    I am the duly qualified and acting Chapter 7 trustee in the above-captioned case.  I have personal knowledge of the facts described herein and if called as a witness, I could and would testify competently thereto.

2.    I offer this declaration in support of my motion to approve the Settlement Agreement ("Agreement") with AutoNation, Inc. ("AutoNation").

3.    This case was commenced by the filing of an involuntary chapter 7 petition on April 21, 2021 (the "Petition Date").  The order for relief in the Debtor's case was entered on June 24, 2021.

4.    While reviewing some of the Debtor's business records, I learned that the Debtor held an interest in a 2018 Mercedes Benz G63W4 ("Mercedes").  However, I was unable to locate the Mercedes.  My counsel contacted the automobile finance company holding the purchase money loan on the Mercedes who advised us that that their loan was recently paid off by a car dealership in Costa Mesa, California.

5.    Unbeknownst to me, Taylor Woods, one of the Debtor's principals, was in possession of the Mercedes and post-petition sold or otherwise transferred it to AutoNation, Inc. ("AutoNation").

6.    AutoNation is in possession of the Mercedes and informed me that it purchased the Mercedes from Woods without knowledge of the Debtor's bankruptcy case or knowledge that the Mercedes was property of the Debtor's bankruptcy estate.

7.    Furthermore, AutoNation advised my counsel and provided him with proof that it had paid $100,385.54 to pay off an existing lien on the Mercedes and paid an additional $17,114.46 cash to Woods.  Woods has not turned over the $17,114.46 to me, notwithstanding my demand for him to do so.

8.    Though I believe the estate has strong claims to recover the Mercedes from AutoNation, doing so would be a needless expense, because if I recovered the vehicle I would immediately have to hire a car broker/dealer to sell the Mercedes.  Instead, the Agreement with AutoNation permits AutoNation to immediately market and sell the Mercedes in the normal course of its used vehicle business.

9.    Unfortunately, I believe that the ultimate profit from the sale of the Mercedes will be very modest, so fees and costs associated with any litigation with AutoNation will outweigh any of the estate's equity in the vehicle.  That is, litigating with AutoNation would not provide any substantial upside for the estate or its creditors.

10.   I am informed and believe, based upon the average retail sale prices for other vehicles like the Mercedes as described in www.kbb.com and www.edmunds.com as well as AutoNation's estimates, the vehicle might sell for somewhere between $125,000-$129,000.00.  Thus, after payment to AutoNation of the $117,500.00 it paid for the Mercedes, the net sale proceeds will be very modest and not worth litigating over with AutoNation.

11.   Taking into the account the fees and costs associated with the litigation of the claims against AutoNation I believe

1  that settlement is prudent and reasonable.  I believe that any

2  suit against AutoNation would be costly and result in

3  unnecessary legal fees and expenses.  Furthermore, any

4  litigation with AutoNation would be time consuming during which

5  time the Mercedes would continue to depreciate.

6      12.   I believe that litigating with AutoNation would not

7  provide any substantial upside for the estate or its creditors.

8      13.   For all the foregoing reasons and considering the

9  costs and expenses that would be incurred by the estate

10 litigating with AutoNation, I entered into the Agreement with

11 AutoNation that is attached hereto as Exhibit "1".

12     I declare under penalty of perjury under the laws of the

13 United States of America that the foregoing is true and correct.

14

15     Executed this _14th_ day of September 2021, at Los Angeles,

16 California.

17

18     _____

19                   CAROLYN A. DYE

20

21

22

23

24

25

26

27

28

·14·

EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Carolyn A. Dye, Chapter 7 Trustee for the bankruptcy case of In re Urban Commons, LLC (the "Trustee") pending in the United States Bankruptcy Court for the Central District of California, Case No.2:21-bk-13523 ER (the "Bankruptcy Case") and AutoNation, Inc. ("AutoNation or Settling Party"), sometimes collectively referred to herein as the "Parties."

### I.

### FACTUAL RECITALS

The Parties enter into this Agreement with reference to the following facts:

A.    This case was commenced by the filing of an involuntary chapter 7 petition on April 21, 2021 (the "Petition Date").    The order for relief in the Debtor's case was entered on June 24, 2021.

B.    Carolyn A. Dye is the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

C.    The Trustee recently learned that the Debtor held an interest in a 2018 Mercedes Benz G63W4 ("Mercedes").    Unbeknownst to the Trustee, one of the Debtor's principals was in possession of the Mercedes and post-petition sold or otherwise transferred it to AutoNation, Inc.    AutoNation in possession of the Mercedes without advising AutoNation of the pending Bankruptcy or the fact that the Mercedes was a part of the Bankruptcy estate.

D.    The Trustee believes that the transfer of the Mercedes to AutoNation is an unauthorized transfer that the Trustee may avoid pursuant to 11 U.S.C. § 549 ("Transfer").

E.    AutoNation denies that the Trustee may avoid the Transfer and asserts that it has defenses that will defeat all of the Trustee's avoidance claims.

H.    The Parties desire to resolve all of these issues by this Agreement and agree that litigation of these issues would be costly and have an uncertain outcome.

NOW, THEREFORE, FOR VALUABLE CONSIDERATION, the receipt and adequacy of which are hereby acknowledged, the Parties hereto agree as follows:

/ / /

/ / /

## II.

## TERMS OF AGREEMENT

1.    Incorporation of Recitals.
       The recitals set forth above are not only recitals but form an integral part
of this Agreement and are true and correct statements of fact and are incorporated herein
by this reference.

2.    Bankruptcy Court Approval.
       If the Trustee has not already obtained authority from the Bankruptcy
Court to implement this Agreement, promptly upon the execution of this Agreement, the
Trustee will file a motion and/or commence another appropriate proceeding with the
Bankruptcy Court, whereby the Trustee shall request the Bankruptcy Court to approve
and authorize the terms and conditions of this Agreement.  Except as otherwise set forth
below, the Parties agree that the rights and obligations of the Parties arising under this
Agreement are specifically conditioned upon entry of a Bankruptcy Court order
approving and authorizing the terms and conditions of this Agreement (the "Order").

3.    Agreement
       a.    The Trustee and the Settling Party agree that the Settling Party
may immediately proceed with the sale of the Mercedes in the normal course of its
business as it would normally sell a used car like the Mercedes.

       b.    When the Settling Party successfully sells the Mercedes, it will
provide the Trustee or her counsel with evidence of the sale and particularly with
information related to the sale price, costs of sale and the net proceeds of the sale.

       c.    The Parties agree that they shall split the net sale proceeds of the
sale of the Mercedes evenly between them after the Settling Party collects the sum of
$117,500.00, the purchase price of the Mercedes, which includes $100,385.54 paid to pay
off an existing lien on the vehicle and $17,114.46 cash paid to Taylor Woods ("Split
Proceeds").

       d.    The Settling Party shall pay the Trustee her share of the Split
Proceeds within 10 days of selling the Mercedes.

       e.    Excepting the obligations under this Agreement, the Settling Party
hereby irrevocably and unconditionally releases, acquits and forever discharges the
Trustee and each and all of her present and former respective past and present
representatives, agents, servants, employees, attorneys, successors and assigns, and each
of them, and all persons acting by, through, under or in concert with any of them from
any and all charges, complaints, claims, liabilities, obligations, promises, agreements,
controversies, damages, actions, causes of action, suits, rights, demands, costs, losses,
debts and expenses (including attorneys' fees and costs actually incurred) of any nature

whatsoever, known or unknown, suspected or unsuspected which are based on, relate to, refer to, or arise out of any of the matters or facts set forth in the Factual Recitals to this Agreement, the Transfer and claims that were or could have been asserted.

4.   Consideration from the Trustee.
    a.   Subject to Paragraph 3, above, and upon payment of the Split Proceeds by the Settling Party and in accordance with the terms described in Paragraph 3, above, the Trustee will waive all of her rights and claims to avoid and recover the Transfer, with each party to bear its own legal fees and costs.

    b.   Excepting the obligations under this Agreement, the Trustee hereby irrevocably and unconditionally releases, acquits and forever discharges the Settling Party from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, which are based on, relate to, refer to, or arise out of any of the matters or facts set forth in the Factual Recitals to this Agreement, the Transfer and claims that were or could have been asserted against the Settling Party.

    c.   Excluded Claims. Notwithstanding the foregoing releases, the Trustee is not releasing, nor should this Agreement be constructed to have released any person or entity or than the Settling Party.  The Trustee is not releasing Taylor Woods, Howard Woods from any claims related to the Mercedes or any other claims the Trustee, the Estate or the Debtor may have against them.

5.   Effectuation.
The Parties agree to take such action and execute all further documents that may be reasonably necessary or appropriate to effectuate the provisions of this Agreement.

6.   Jurisdiction.
The United States Bankruptcy Court overseeing the Debtor's Bankruptcy Case retains exclusive jurisdiction (subject only to the right of appeal) to resolve all disputes pertaining to this Agreement, including the enforcement of any of its terms.

7.   Representations and Warranties.
Each party hereto represents and warrants that:

    a.   It, he or she has had the benefit and advice of independent counsel in connection with this Agreement;

    b.   This Agreement is executed without reliance on any statement, representation, promise, inducement, understanding, or agreement by or on behalf of any other party hereto or by or on behalf of any representative or agent employed by any of them, other than the matters expressly set forth herein;

   c. No promise, inducement, understanding or agreement not expressed herein has been made to or with any party, and this Agreement contains the entire written agreement between the Parties;

   d. This Agreement is the product of the efforts of the Parties and, as a result, it will not be construed, and no presumption will arise, based upon who drafted this Agreement;

   e. No claim or obligation referred to or released in this Agreement has been assigned, transferred, hypothecated, pledged, mortgaged, or set over in any manner whatsoever, in whole or in part, to any third person, and each party to this Agreement has the sole and exclusive right to release all of the claims and obligations described and released in this Agreement;

   f. To the extent applicable, each of the Parties has all corporate power and authority to perform its obligations hereunder and to consummate the terms of the Agreement;

   g. The terms of this Agreement are contractual and not mere recital; and

   h. The various headings in this Agreement are inserted for convenience only and shall not affect this Agreement or any provisions hereof.

  8. <u>Entirety and Amendments.</u>
   This Agreement constitutes the full and final agreement among the Parties with respect to the subject matter hereof and shall not be modified or amended in any respect except by a written instrument expressing such amendment or modification signed by each of the Parties.

  9. <u>Final Accord and Satisfaction.</u>
   This Agreement and any releases that may be contained herein are intended to be final and binding between the Parties hereto and are further to be effective as a full and final accord and satisfaction between the Parties to this Agreement, and each party expressly relies on the finality of this Agreement as a substantial, material factor inducing that party's execution of this Agreement.

  10. <u>Governing Law.</u>
   Each party agrees that this Agreement shall be governed by and interpreted under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and, where appropriate, the laws of the State of California.

  11. <u>Attorneys' Fees.</u>

Each party shall bear its own costs and expenses arising out of the negotiation, execution, delivery, and performance of this Agreement all proceedings leading up to this Agreement and the consummation of all transactions contemplated hereby.  Should any party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Agreement, the prevailing party shall be entitled to receive such amount as the Court may judge to be reasonable attorneys' fees and costs for the services rendered to the prevailing party in such action or proceeding.

12.     No Admission of Liability.
This Agreement effects the settlement of claims which are contested, and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party or to any other person or entity.

13.     Execution in Counterparts.
This Agreement may be signed in counterparts by the Parties hereto and shall be valid and binding on each party as if fully executed in a single document.

14.     Execution by Fax Signatures.
This Agreement may be signed by fax transmission by the Parties hereto and shall be valid and binding on each party as if executed in person.

15.     Successors and Assigns.
The provisions of this Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties hereto.

16.      Portion of Settlement Agreement Deemed Void.
If any paragraph, section, sentence, clause or phrase in this Agreement shall become illegal, null or void for any reason, or shall be held by a court of competent jurisdiction to be illegal, null or void or against public policy, the remaining paragraphs, sections, sentences, clauses or phrases herein shall not be affected thereby.

17.     No Liability to Trustee.
Carolyn A. Dye, undertakes no obligation or responsibility for this Agreement other than in her capacity as the Chapter 7 Trustee of the Debtor's bankruptcy Estate.  No personal liability of any kind may attach to Carolyn A. Dye individually or to any professional employed by the Trustee on account of this Agreement or the actions and non-actions which lead to or were otherwise related to this Agreement.

/ / /

/ / /

/ / /

18.     Time of the Essence.

Page **5** of **6**

Time is of the essence. The Parties agree that any party's failure to perform any term, condition or covenant of this Agreement within the time provided for herein shall constitute a default of this Agreement.

DATED: September _21_, 2021

AUTONATION, INC.

By: _____
Its: _GENERAL MANAGER_____

DATED: September ___, 2021

By: _____
CAROLYN A. DYE
Solely in her capacity as the Chapter
7 Trustee of the bankruptcy estate of
Urban Commons, LLC

Page **6** of **6**

Time is of the essence.  The Parties agree that any party's failure to perform any term, condition or covenant of this Agreement within the time provided for herein shall constitute a default of this Agreement.


DATED:  September ____, 2021                    AUTONATION, INC.

                                                By:_____
                                                Its:_____


DATED:  September _14_, 2021          By:_____
                                                CAROLYN A. DYE
                                                Solely in her capacity as the Chapter
                                                7 Trustee of the bankruptcy estate of
                                                Urban Commons, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**402 South Marengo Ave., Suite B
Pasadena, CA 91101**

A true and correct copy of the foregoing document entitled:    **Notice of Motion for Order without Hearing Pursuant to LBR 9013-1(o) AND MOTION TRUSTEE'S MOTION FOR ORDER APPROVING: (1) SETTLEMENT AGREEMENT WITH AUTONATION, INC.; AND (2) APPROVING FORM OF SETTLEMENT AGREEMENT; DECLARATION OF CAROLYN A. DYE IN SUPPORT THEREOF**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  **9/21/2021**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Mel Aranoff on behalf of Creditor Robert B. Cowan maranoff@mbnlawyers.com

Reem J Bello on behalf of Interested Party Courtesy NEF        rbello@wgllp.com, kadele@ecf.courtdrive.com;cyoshonis@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Eric Bensamochan on behalf of Debtor Urban Commons LLC eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com

Anthony Bisconti on behalf of Creditor John Michael Dannelley tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Creditor Mary A. Dannelley tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Carolyn A Dye (TR) trustee@cadye.com, cdye@ecf.axosfs.com;atty@cadye.com

Norma V Garcia on behalf of Plaintiff Clifford Rosen ngarciaguillen@garciarainey.com

Norma V Garcia on behalf of Plaintiff Ronald Christensen ngarciaguillen@garciarainey.com

Eric D Goldberg on behalf of Creditor Mirae Asset Securities & Investments (USA), LLC eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Petitioning Creditor Epic Entertainment Group LLC jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Jeffrey I Golden on behalf of Petitioning Creditor InterCommunications Inc. jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Jeffrey I Golden on behalf of Petitioning Creditor Selbert Perkins Design, Inc jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Michael S Greger on behalf of Interested Party Constellation Place, LLC mgreger@allenmatkins.com, kpreston@allenmatkins.com

Michael S Greger on behalf of Interested Party Courtesy NEF mgreger@allenmatkins.com, kpreston@allenmatkins.com

Joseph G Harraka, Jr on behalf of Creditor Gruppo Italiano Progetti SRL jgharraka@becker.legal, maferrentino@becker.legal

Douglas Harris on behalf of Interested Party Courtesy NEF Douglas.harris@alston.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Case 2:21-bk-13523-WB    Doc 149    Filed 09/21/21    Entered 09/21/21 11:20:12    Desc
Main Document    Page 26 of 26

Leib M Lerner on behalf of Interested Party Courtesy NEF leib.lerner@alston.com, autodockettest-lax@alston.com

Zachary Evan Mazur on behalf of Petitioning Creditor Epic Entertainment Group LLC zachary@saracheklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor InterCommunications Inc. zachary@saracheklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor Selbert Perkins Design, Inc zachary@saracheklawfirm.com

Scott H Noskin on behalf of Creditor Robert B. Cowan snoskin@mbnlawyers.com, aacosta@mbnlawyers.com

Leonard Pena on behalf of Trustee Carolyn A Dye (TR) lpena@penalaw.com,
penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Joseph E Sarachek on behalf of Petitioning Creditor Epic Entertainment Group LLC joe@saracheklawfirm.com,
jon@saracheklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor InterCommunications Inc. joe@saracheklawfirm.com, jon@saracheklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor Selbert Perkins Design, Inc joe@saracheklawfirm.com, jon@saracheklawfirm.com

Michael A Shakouri on behalf of Creditor Maguire Properties - 777 Tower, LLC mshakouri@goodkinlaw.com, rnolan@pdv-llc.com

Jennifer R Tullius on behalf of Creditor Bruce Beretta jtullius@tulliuslaw.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Corey R Weber on behalf of Interested Party Courtesy NEF cweber@bg.law, ecf@bg.law

Roye Zur on behalf of Other Professional WBC Special Assets, LLC rzur@elkinskalt.com,
cavila@elkinskalt.com;myuen@elkinskalt.com;tperkins@elkinskalt.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) __9/21/2021__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Ernest M. Robles**
**United States Bankruptcy Court**
**255 E. Temple Street, Suite 1560**
**Los Angeles CA 90012-3542**

**Attorneys for Autonation, Inc.**
**Tami S. Crosby, Esq.**
**KOLAR & ASSOCIATES**
**12241 Newport Avenue**
**Santa Ana, CA 92705**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 21, 2021 | Julie Soma | /S/ JULIE SOMA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 4    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**