| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LEONARD PEÑA<br>lpena@penalaw.com<br>Pena & Soma, APC<br>402 S. Marengo Avenue Suite B<br>Pasadena, CA 91101<br>Tel: 626-396-4000<br>Fax: 626-498-8875<br><br>State Bar Number: *192898*<br><br><br><br><br><br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for: Carolyn A. Dye, Chapter 7 Trustee* | |

**UNITED STATES BANKRUPTCY COURT**
CENTRAL DISTRICT OF CALIFORNIA

| In re: | CASE NO.: 2:21-bk-13523 ER<br>CHAPTER: 7 |
|---|---|
| Urban Commons, LLC | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s.) | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) _Carolyn A. Dye, Chapter 7 Trustee_ , filed a motion or application (Motion) entitled _ TRUSTEE'S MOTION FOR ORDER APPROVING: (1)_ SETTLEMENT AGREEMENT WITH URBAN COMMONS GRAMERCY LLC AND G&B LAW, LLC AND (2)_ APPROVING FORM OF SETTLEMENT AGREEMENT; DECLARATION OF CAROLYN A. DYE IN SUPPORT THEREOF.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

☒ The full Motion is attached to this notice; or

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

   a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

   b. If you fail to comply with this deadline:

      (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

      (2) Movant will lodge an order that the court may use to grant the Motion; and

      (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Date: 7/13/2022

Respectfully submitted,

_____
Signature of Movant or attorney for Movant

LEONARD PEÑA
_____
Printed name of Movant or attorney for Movant

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1  LEONARD PEÑA (State Bar No. 192898)
   lpena@penalaw.com
2  PEÑA & SOMA, APC
3  402 South Marengo Ave., Suite B
   Pasadena, California 91101
4  Telephone (626) 396-4000
   Facsimile (626) 498-8875
5
6  Attorneys for Carolyn A. Dye,
   Chapter 7 Trustee
7
8                  UNITED STATES BANKRUPTCY COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10                      LOS ANGELES DIVISION
11
12  In re:                          ) Case No. 2:21-bk-13523 ER
                                    )
13  URBAN COMMONS, LLC,             ) Chapter 7
                                    )
14            Debtor.               )
                                    ) TRUSTEE'S MOTION FOR ORDER
15                                  ) APPROVING:
                                    )
16                                  ) (1)  SETTLEMENT AGREEMENT WITH
17                                  ) URBAN COMMONS GRAMERCY LLC AND
                                    ) G&B LAW, LLC AND
18                                  ) (2)  APPROVING FORM OF
                                    ) SETTLEMENT AGREEMENT;
19                                  )
20                                  ) DECLARATION OF CAROLYN A. DYE
                                    ) IN SUPPORT THEREOF
21                                  )
22                                  ) [11 U.S.C. § 105; F.R.B.P.
                                    ) 9019; L.B.R. 9013-1 AND 9019]
23                                  )
                                    ) [Fed. R. Bankr. P. R.
24                                  ) 9006(c)(1); Local Bankr. R.
25                                  ) 9075-1(b)]
                                    )
26                                  )
                                    ) [NO HEARING REQUIRED UNLESS
27  _____) REQUESTED]
28  / / /

                                -1-

**TO:  THE HONORABLE ERNEST M. ROLBLES, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Carolyn A. Dye, chapter 7 trustee ("Trustee") of the bankruptcy estate of Urban Commons, LLC ("Debtor") moves the Court for an order approving the (1) Settlement Agreement with Urban Commons Gramercy LLC (the "UCG") and G&B Law, LLC ("G&B") and (2) Approving Form of Settlement Agreement ("Agreement") executed by the Trustee, UCG and G&B a copy of which is attached hereto as Exhibit "1".

This Motion is based on 11 U.S.C. §§ 105 and 157, Federal Rules of Bankruptcy Procedure 9019(a), and Local Bankruptcy Rules 9013-1 and 9019-1, the notice of motion filed and served concurrently herewith; this Motion, the memorandum of points and authorities, the declaration of Carolyn A. Dye in support thereof; all pleadings and records on file herein; all matters which are subject to judicial notice and all other evidence which may be introduced at or prior to any hearing on this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **WHEREFORE**, the Trustee respectfully asks this Court to

2    enter an order:

3        1.    Approving the Agreement as being in the best interest

4    of the estate and as an exercise of the Trustee's reasonable

5    business judgment;

6        2.    Approving the form of the Agreement;

7        3.    Determining that adequate notice was provided to all

8    interested parties; and

9        4.    Authorizing the Trustee to execute all documents

10   necessary to effectuate the Agreement.

11

     DATED:   July 13, 2022                 PEÑA & SOMA, APC

12

13

14                                    By _____

15                                       LEONARD PEÑA
                                         Attorney for Carolyn A. Dye,
16                                       Chapter 7 Trustee

17

18

19

20

21

22

23

24

25

26

27

28

1                  **MEMORANDUM OF POINTS AND AUTHORITIES**

2                              **I.**

3                  **JURISDICTION, VENUE AND**

4               **STATUTORY PREDICATES FOR RELIEF**

5     This Court has jurisdiction over this Motion pursuant to 28

6 U.S.C. §§105 and 157.  The subject matter of the Motion is a

7 core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

8 Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

9 The statutory predicates for relief requested in the Motion are

10 section 105 of Title 11 of the United States Code (the

11 "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of

12 Bankruptcy Procedure (the "Bankruptcy Rules") and Local

13 Bankruptcy Rules 9013-1 and 9019-1.

14

15                             **II.**

16                     **RELEVANT FACTS**

17     This case was commenced by the filing of an involuntary

18 chapter 7 petition on April 29, 2021 (the "Petition Date").  The

19 order for relief in the Debtor's case was entered on June 24,

20 2021.

21     Carolyn A. Dye is the Chapter 7 Trustee of the Debtor's

22 bankruptcy estate (the "Estate").

23     The Trustee learned, after reviewing the Debtor's books

24 and records, that on February 16, 2021, the Debtor transferred

25 or otherwise paid to G&B the sum of $30,000.00 in order to

26 represent Urban Commons Gramercy LLC ("UCG") in its own chapter

27 11 bankruptcy case pending in this Court as case number 2:21-bk-

28 13523 ER.

The Trustee believes that the payment to G&B is a fraudulent transfer that the Trustee may avoid pursuant to 11 U.S.C. § 548 ("Transfer") because, among other things, the Debtor received no value for the $30,000.00 transfer to G&B for UCG's benefit.

The purpose of this Motion is to resolve the Trustee's disputes with G&B and UCG regarding the estate's right to avoid the Transfer pursuant to 11 U.S.C. § 548.

## III.

### RELIEF REQUESTED

**A.    The Ninth Circuit Standard for Compromises of Controversies.**

Inherent in the grant of jurisdiction to the District Court's overall civil proceedings arising under, arising in or related to cases under Title 11 is the Court's authority, under Section 105(a) of the Bankruptcy Code, to enter orders approving compromises. This power is expressly recognized in Federal Rule of Bankruptcy Procedure 9019(a), which provides that a court may approve a compromise or settlement after notice is provided pursuant to Federal Rule of Bankruptcy Procedure 2002. Fed.R.Civ.P. 2002(a)(3), 9019(a). Approval of the compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A)(O). *Druker v. Greene (In re Carla Leather, Inc.),* 50 B.R. 764, 775 (S.D.N.Y. 1985).

The approval or rejection of a proposed compromise is within the discretion of the Court and is to be determined by the circumstance of each case. *U.S. v. Alaska Nat'l Bank of the*

1  *N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir.

2  1982).  The burden of establishing the fairness of the

3  compromise rests on the proponent.  The Trustee is required to

4  demonstrate that legal evaluations were made by counsel

5  experienced in such matters and that enough investigation was

6  conducted to enable such counsel to make an informed decision.

7  *See Feder v. Harrington*, 58 F.R.D. 171, 174-175 (S.D.N.Y. 1972).

8  The Trustee satisfies her burden in this case.

9       In determining the acceptability of a proposed compromise,

10  the following four factors should be considered:

11           (a)   The probability of success in the litigation;

12           (b)   The difficulties, if any, to be encountered in

13  the matters of collection;

14           (c)   The complexity of the litigation; and the

15  expense, inconvenience and delay necessarily attending it; and

16           (d)   The paramount interest of the creditors and the

17  proper deference to their reasonable views.  *Martin v. Kane (In*

18  *re A&C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *Lambert v.*

19  *Flight Transp.*, 730 F.2d 1128, 1135 (8th Cir. 1984); *cert.*

20  *denied sub nom.  Reavis & McGrath v. Antinore*, 469 U.S. 1207,

21  105 S.Ct. 169, 84 L.Ed.2d 310 (1985).

22       Based upon evidence presented to it, this Court is not

23  required to decide the questions of law and fact in dispute, but

24  instead to canvass the issues to see whether the "settlement

25  falls below the lowest point in a range of reasonableness".

26  *Anaconda-Ericsson Inc. (In re Teletronics Serv., Inc.)*, 762 F.2d

27  185, 189 (2nd Cir. 1985), *quoting In re W.T. Grant Co.*, 699 F.2d

28  599, 608 (2nd Cir. 1983), *cert. denied sub nom; Cosoff v.*

*Rodman,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).  When applying the above standards, and "[i]n passing upon the proposed settlement, the Court must consider the principle that law favors compromise.'"  *In re Carson,* 82 B.R. 847, 853 (Bankr. S.D. Ohio 1994) (citations omitted).  *See also A&C Prop.,* 784 F.2d at 1381.

**B.    <u>Application of Criteria to the Facts of the Case</u>.**

Application of the above-described standards to the matter before this Court demonstrates that the Trustee established the reasonableness and fairness of the Agreement with UCG and G&B, and it should therefore be approved.

The Trustee's and her counsel's investigation of the facts surrounding the Transfer to G&B for the benefit of UCG revealed that UCG hired G&B to represent it in its Chapter 11 case.  Both UCG the Debtor were controlled by Howard Wu ("Wu"), for reasons unknown to the Trustee, Wu caused the Debtor to pay the $30,000.00 to G&B.  The Trustee believes that G&B should be paid by UCG and that UCG should bear its own attorneys' fees and costs related to its chapter 11 filing.

Though the Trustee believes it has strong claims to recover the Transfer from G&B and UCG.  The Trustee believes that litigating with G&B and UCG would be a needless expense and the estate could spend more in fees and costs than any potential upside.

Taking into the account the fees and costs associated with the litigation of the claim against G&B and UCG the Trustee believes that settlement is prudent and reasonable.  The Trustee

believes that any suit against G&B and UCG would be costly and
result in unnecessary legal fees and expenses.

     **C.**   **The Settlement Agreement**.

     The following is a summary of the salient terms of the
Agreement and is not meant to be a comprehensive review of the
provisions.  In the event of any inconsistencies between the
terms and provisions of the Agreement and the description below,
the provisions of the Agreement, and not this Motion, shall
govern:

**General Terms of Agreement**

     1.   G&B agrees to pay the Trustee the total sum of
twenty-six thousand seventy-eight dollars and fifty cents
($26,078.50) ("Settlement Funds") to settle all claims against
it related to the Transfer by assigning to the Trustee its right
to payment of attorneys' fees in UCG's Chapter 11 bankruptcy
case.

     2.   The Trustee and G&B and UCG will exchange mutual
releases.

     3.   The Trustee will seek Court approval of the
Agreement.

     **D.**   **The Settlement is Fair, Equitable and In the Best
Interest of the Estate and its Creditors.**

     The Trustee determined in her business judgment, that
considering the costs and expenses, that would be incurred by
the estate litigating with G&B and UCG, the Agreement is in the
best interest of the estate and its creditors.

     The estate will immediately receive $26,078.50 of the
$30,000.00 that is in dispute, which the Trustee believes is a

-8-

1  fair recovery at a time when that the estate as not expended a

2  substantial amount of fees and costs to reach this settlement.

3  Given the relatively modest sum in dispute if the estate were to

4  litigate with G&B and UCG, the net recovery to the estate could

5  be substantially less than the current compromise with G&B and

6  UCG.

7       The Agreement which is the subject of this Motion is based

8  on the opinions of the Trustee's general bankruptcy counsel and

9  the Trustee's own experience.  As such, the Agreement with the

10 G&B and UCG is reasonable and in the best interest of the

11 estate.  Before signing the Agreement, the Trustee discussed the

12 reasonableness of the terms of the Agreement with her counsel.

13      After considering all the foregoing, and after evaluating

14 the best manner to liquidate the estate's property, the Trustee

15 made the decision that the Agreement with G&B and UCG was

16 advisable, reasonable, and in the best interest of the estate

17 and should be approved by this Court.

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1

## IV.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order approving the Agreement in the form annexed hereto pursuant to § 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) and grant such other and further relief as it deems just and proper.

DATED:  July 13, 2022                    PEÑA & SOMA, APC


                                    By _____
                                       LEONARD PEÑA
                                       Attorneys for Carolyn A. Dye,
                                       Chapter 7 Trustee

## DECLARATION OF CAROLYN A. DYE

I, Carolyn A. Dye, declare as follows:

1.    I am the duly qualified and acting Chapter 7 trustee in the above-captioned case.  I have personal knowledge of the facts described herein and if called as a witness, I could and would testify competently thereto.

2.    I offer this declaration in support of my motion to approve the Settlement Agreement ("Agreement") with G&B and UCG ("G&B and UCG").

3.    This case was commenced by the filing of an involuntary chapter 7 petition on April 29, 2021 (the "Petition Date").  The order for relief in the Debtor's case was entered on June 24, 2021.

4.    I learned, after reviewing the Debtor's books and records that on February 16, 2021, the Debtor transferred or otherwise paid to G&B the sum of $30,000.00 in order to represent Urban Commons Gramercy LLC ("UCG") in its own chapter 11 bankruptcy case pending in this Court as case number 2:21-bk-13523 ER.

5.    Mine and my counsel's investigation of the facts surrounding the Transfer to G&B for the benefit of UCG revealed that UCG hired G&B to represent it in its Chapter 11 case.  Both UCG the Debtor were controlled by Howard Wu ("Wu"), for reasons unknown to me, Wu caused the Debtor to pay the $30,000.00 to G&B.  I believe that G&B should be paid by UCG and that UCG should bear its own attorneys' fees and costs related to its chapter 11 filing.  Furthermore, I believe that the Debtor received no value in exchange for the $30,000.00 payment to G&B.

6.    I believe that the payment to G&B and UCG is a fraudulent transfer that I may avoid pursuant to 11 U.S.C. § 548 ("Transfer").

7.    I believe that the claim against G&B and UCG is strong, at the same time G&B and UCG indicated that they may have defenses to the claim.  Particularly, G&B indicated that it provided legal services to UCG that may ultimately benefit the Debtor.

8.    Taking into the account the fees and costs associated with the litigation of the claims against G&B and UCG and its potential defenses, I believe that settlement is prudent and reasonable.  I believe that any suit against G&B and UCG would be costly and result in unnecessary legal fees and expenses.

9.    I believe that litigating with G&B and UCG would not provide any substantial upside for the estate or its creditors particularly when the estate has expended a very modest amount of fees and costs reaching the settlement with G&B and UCG.

10.    If I were to litigate with G&B and UCG, I believe that the fees and costs of prosecuting an adversary proceeding would easily result in a net result to the estate that is less than the $26,078.50 G&B and UCG offered to resolve the fraudulent transfer claim.

11.    I believe that the Settlement Agreement correctly allocates the payment of the attorneys' fees and costs incurred by G&B in UCG's chapter 11 to UCG and essentially reimburses the Debtor for the avoidable $30,000 payment that it should have never made to G&B and UCG's behalf.

/ / /

1       12.   For all the foregoing reasons and considering the

2    costs and expenses that would be incurred by the estate

3    litigating with G&B and UCG, I entered into the Agreement with

4    G&B and UCG that is attached hereto as Exhibit "1".

5       I declare under penalty of perjury under the laws of the

6    United States of America that the foregoing is true and correct.

7

8       Executed this 13th day of July 2022, at Sherman Oaks,

9    California.

10

11

12                              CAROLYN A. DYE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Carolyn A. Dye, Chapter 7 Trustee (the "Trustee") for the bankruptcy case of Urban Commons, LLC ("Urban Commons") pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No., Case No. 2:21-bk-13523-ER , Urban Commons Gramercy LLC, the debtor and debtor in possession, in case number 2:21-bk-11234-ER (the "UCG") and G&B Law, LLC ("G&B"), sometimes collectively referred to herein as the "Parties."

### I.

### FACTUAL RECITALS

The Parties enter into this Agreement with reference to the following facts:

### Urban Commons Gramercy, LLC Bankruptcy

A.    Urban Commons Gramercy, LLC, a California limited liability company ("UCG"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 16, 2021 (the "Petition Date").

B.    Urban Commons, LLC ("Urban Commons") is UCG's managing member and a minority shareholder.

C.    On February 16, 2021, Urban Commons transferred $30,000.00 to G&B Law, LLC ("G&B") ("Transfer") for G&B to represent UCG in connection with its chapter 11 case.

D.    On October 25, 2021, the Bankruptcy Court entered the *Order Granting First And Final Application Of G&B Law, LLP For Payment Of Fees And Reimbursement Of Expenses By Former Attorneys For Debtors And Debtors In Possession* as docket no. 86 in case no. 2:21-bk-11234 ER in *In re Urban Commons Gramercy, LLC* ("Fee Order").

### Urban Commons LLC Bankruptcy

E.    Urban Commons' bankruptcy case commenced by the filing of an involuntary chapter 7 petition on April 29, 2021 (the "Petition Date").    The order for relief in the Debtor's case was entered on June 24, 2021.

F.    Carolyn A. Dye is the Chapter 7 Trustee of the Urban Common's bankruptcy estate (the "Estate") and is acting as the Manager of UGC of behalf of Urban Commons, as the Manager of UGC.

Page **1** of **7**

G.      The Trustee asserts that the Transfer is avoidable under 11 U.S.C. 548 and or California's Uniform Fraudulent Transfer Act (UFTA).

G.      G&B denies that the Transfer is avoidable and asserts that it has defenses that will defeat all the Trustee's claims should she commence any action to avoid the Transfer.

H.      The Parties desire to resolve all these issues by this Agreement and agree that litigation of these issues would be costly and have an uncertain outcome.

NOW, THEREFORE, FOR VALUABLE CONSIDERATION, the receipt and adequacy of which are hereby acknowledged, the Parties hereto agree as follows:

## II.

## TERMS OF AGREEMENT

1.      Incorporation of Recitals.
The recitals set forth above are not only recitals but form an integral part of this Agreement and are true and correct statements of fact and are incorporated herein by this reference.

2.      Bankruptcy Court Approval.
If the Trustee and UCG have not already obtained authority from the Bankruptcy Court to implement this Agreement, promptly upon the execution of this Agreement, the Trustee and UCG will file a motions and/or commence another appropriate proceeding with the Bankruptcy Court in their respective cases, whereby the Trustee and UCG shall request the Bankruptcy Court to approve and authorize the terms and conditions of this Agreement.  Except as otherwise set forth below, the Parties agree that the rights and obligations of the Parties arising under this Agreement are specifically conditioned upon entry of a Bankruptcy Court order approving and authorizing the terms and conditions of this Agreement (the "Orders") in both the cases of Urban Commons and UCG.

3.      Consideration from G&B.
        a.      G&B agrees to to settle the Trustee's claim to avoid the Transfer for the total sum of twenty-six thousand seventy-eight dollars and fifty cents ($26,078.50) ("Settlement Funds") in exchange for the payment and releases described in Paragraphs 4 and 5 below. G&B shall transfer the Settlement Funds to the Trustee as described in paragraph 3.b. below.

        b.      G&B shall assign to the Trustee its right to payment of fees and reimbursement of expenses in UCG's bankruptcy case (as allowed by the Fee Order), in the amount of the Settlement Funds, by instructing UCG to pay to the Trustee the Settlement Funds when those monies are disbursed.

Page **2** of **7**

   c.  G&B agrees that it shall not be entitled any other claims, general unsecured or otherwise, against the UCG estate other than the payments due under this Agreement and further agrees that G&B shall not be entitled to any claims under 502(h) against Urban Commons, LLC.

   d.  Excepting the obligations under this Agreement, G&B hereby irrevocably and unconditionally releases, acquits and forever discharges the Trustee and UCG and each and all of their present and former respective past and present representatives, agents, servants, employees, attorneys, successors and assigns, and each of them, and all persons acting by, through, under or in concert with any of them from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected which are based on, relate to, refer to, or arise out of any of the matters or facts set forth in the Factual Recitals to this Agreement, the Transfer, the Fee Order and claims that were or could have been asserted.

  4.  <u>Consideration from the Trustee</u>
   a.  Subject to Paragraph 3, above, and upon payment of the Settlement Funds by G&B and in accordance with the terms described in Paragraph 3, above, the Trustee will waive all her rights and claims to avoid the Transfer, with each party to bear its own legal fees and costs.

   b.  Excepting the obligations under this Agreement, the Trustee hereby irrevocably and unconditionally releases, acquits and forever discharges, G&B (including its current and former partners and employees), and UCG from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, which are based on, relate to, refer to, or arise out of any of the matters or facts set forth in the Factual Recitals to this Agreement, Transfer and claims that were or could have been asserted against G&B and UCG.

  5.  <u>Consideration from UCG</u>
   a.  UCG agrees that the attorneys' fees and costs described in the *Fee* Order in the amount of $50,344.79 is an allowed Chapter 11 administrative claim pursuant to Bankruptcy Code § 503(b).

   b.  UCG agrees that, notwithstanding the language contained in the Fee Order that it paid $21,078.50 of G&B's allowed fees and costs, those fees and costs were paid by Urban Commons and not UCG and therefore the entire $50,344.79 is due and payable by UCG.

   c.  UCG agrees, in full satisfaction of the administrative claim described above in paragraph 5.a. to pay the Settlement Funds to the Trustee, within 10

Page **3** of **7**

days after the date both Orders have been entered, from the $50,344.79 due pursuant to the Fee Order with the balance of $24,266.29 payable to G&B within 10 days after the date both Orders have been entered.

        d.     Excepting the obligations under this Agreement, UCG hereby irrevocably and unconditionally releases, acquits and forever discharges the Trustee and G&B (including its current and former partners and employees) from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, which are based on, relate to, refer to, or arise out of any of the matters or facts set forth in the Factual Recitals to this Agreement, Transfer, the Fee Order and claims that were or could have been asserted against G&B and the Trustee.

    6.    <u>Effective Date.</u> The Effective Date of this Agreement shall be the date that UCG makes the payments described in Paragraph 5.c above.

    7.    <u>Effectuation.</u>
The Parties agree to take such action and execute all further documents that may be reasonably necessary or appropriate to effectuate the provisions of this Agreement.

    8.    <u>Jurisdiction.</u>
The United States Bankruptcy Court overseeing the Urban Commons' Bankruptcy Case retains exclusive jurisdiction (subject only to the right of appeal) to resolve all disputes pertaining to this Agreement, including the enforcement of any of its terms.

    9.    <u>Representations and Warranties.</u>
Each party hereto represents and warrants that:

        a.     It, he or she has had the opportunity to consult independent counsel in connection with this Agreement;

        b.     This Agreement is executed without reliance on any statement, representation, promise, inducement, understanding, or agreement by or on behalf of any other party hereto or by or on behalf of any representative or agent employed by any of them, other than the matters expressly set forth herein;

        c.     No promise, inducement, understanding or agreement not expressed herein has been made to or with any party, and this Agreement contains the entire written agreement between the Parties;

Page **4** of 7

d.      This Agreement is the product of the efforts of the Parties and, as a result, it will not be construed, and no presumption will arise, based upon who drafted this Agreement;

e.      No claim or obligation referred to or released in this Agreement has been assigned, transferred, hypothecated, pledged, mortgaged, or set over in any manner whatsoever, in whole or in part, to any third person, and each party to this Agreement has the sole and exclusive right to release all of the claims and obligations described and released in this Agreement;

f.      To the extent applicable, each of the Parties has all corporate power and authority to perform its obligations hereunder and to consummate the terms of the Agreement;

g.      The terms of this Agreement are contractual and not mere recital; and

h.      The various headings in this Agreement are inserted for convenience only and shall not affect this Agreement or any provisions hereof.

10.     Entirety and Amendments.
This Agreement constitutes the full and final agreement among the Parties with respect to the subject matter hereof and shall not be modified or amended in any respect except by a written instrument expressing such amendment or modification signed by each of the Parties.

11.     Final Accord and Satisfaction.
This Agreement and any releases that may be contained herein are intended to be final and binding between the Parties hereto and are further to be effective as a full and final accord and satisfaction between the Parties to this Agreement, and each party expressly relies on the finality of this Agreement as a substantial, material factor inducing that party's execution of this Agreement.

12.     Governing Law.
Each party agrees that this Agreement shall be governed by and interpreted under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and, where appropriate, the laws of the State of California.

12.     Attorneys' Fees.
Each party shall bear its own costs and expenses arising out of the negotiation, execution, delivery, and performance of this Agreement all proceedings leading up to this Agreement and the consummation of all transactions contemplated hereby.

13.     No Admission of Liability.
This Agreement effects the settlement of claims which are contested,

and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party or to any other person or entity.

    14.    <u>Execution in Counterparts.</u>
        This Agreement may be signed in counterparts by the Parties hereto and shall be valid and binding on each party as if fully executed in a single document.


    15.    <u>Execution by Fax Signatures and PDF Signatures.</u>
        This Agreement may be signed by fax transmission or by PDF transmission by the Parties hereto and shall be valid and binding on each Party as if executed in person.

    16.    <u>Successors and Assigns.</u>
        The provisions of this Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties hereto.

    17.    <u>Portion of Settlement Agreement Deemed Void.</u>
        If any paragraph, section, sentence, clause or phrase in this Agreement shall become illegal, null or void for any reason, or shall be held by a court of competent jurisdiction to be illegal, null or void or against public policy, the remaining paragraphs, sections, sentences, clauses or phrases herein shall not be affected thereby.

    18.    <u>No Liability to Trustee.</u>
        Carolyn A. Dye undertakes no obligation or responsibility for this Agreement other than in her capacity as the Chapter 7 Trustee of the Debtor's bankruptcy Estate. No personal liability of any kind may attach to Carolyn A. Dye individually or to any professional employed by the Trustee on account of this Agreement or the actions and non-actions which lead to or were otherwise related to this Agreement.

    19.    <u>Time of the Essence.</u>
        Time is of the essence. The Parties agree that any party's failure to perform any term, condition or covenant of this Agreement within the time provided for herein shall constitute a default of this Agreement.

                G&B Law, LLP

DATED:  June 7, 2022          By:_____

                       Its:_____

2227077.1 - 32508.0001

URBAN COMMONS GRAMERCY, LLC

DATED: May 5, 2022

By: _____
Its: _____

URBAN COMMONS, LLC

DATED: May 5, 2022

By: _____
CAROLYN A. DYE
Solely in her capacity as the Chapter
7 Trustee of the bankruptcy estate of
Urban Commons, LLC

Page 7 of 7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
402 S. Marengo Avenue
Suite B
Pasadena, CA 91101

A true and correct copy of the foregoing document entitled:    Notice of Motion for Order without Hearing Pursuant to LBR 9013-1(o)  and
Trustee's Motion For Order Approving: (1)  Settlement Agreement With Urban Commons Gramercy LLC And G&B Law, LLC And(2)
Approving Form Of Settlement Agreement; Declaration Of Carolyn A. Dye In Support Thereof    will be served or was served **(a)** on the
judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)_ 7/13/2022 ___, I checked the
CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail
Notice List to receive NEF transmission at the email addresses stated below:

Mel Aranoff on behalf of Creditor Robert B. Cowan
maranoff@mbnlawyers.com

Reem J Bello on behalf of Interested Party Courtesy NEF
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Eric Bensamochan on behalf of Defendant Sky Holdings LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Howard Wu
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Taylor Woods
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Shraddha Bharatia on behalf of Interested Party Courtesy NEF
notices@becket-lee.com

Anthony Bisconti on behalf of Creditor John Michael Dannelley
tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com;docket@bklwlaw.com

Anthony Bisconti on behalf of Creditor Mary A. Dannelley
tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com;docket@bklwlaw.com

Carolyn A Dye (TR)
trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 3        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

Norma V Garcia on behalf of Creditor Clifford Rosen
ngarciaguillen@garciarainey.com

Norma V Garcia on behalf of Creditor Ronald Christensen
ngarciaguillen@garciarainey.com

Norma V Garcia on behalf of Plaintiff Clifford Rosen
ngarciaguillen@garciarainey.com

Norma V Garcia on behalf of Plaintiff Ronald Christensen
ngarciaguillen@garciarainey.com

Alison S Gokal on behalf of Creditor Carl Carlson
alison@gokallaw.com

Eric D Goldberg on behalf of Creditor Mirae Asset Securities & Investments (USA), LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Petitioning Creditor Epic Entertainment Group LLC
jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Jeffrey I Golden on behalf of Petitioning Creditor InterCommunications Inc.
jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Jeffrey I Golden on behalf of Petitioning Creditor Selbert Perkins Design, Inc
jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Michael S Greger on behalf of Interested Party Constellation Place, LLC
mgreger@allenmatkins.com, kpreston@allenmatkins.com

Michael S Greger on behalf of Interested Party Courtesy NEF
mgreger@allenmatkins.com, kpreston@allenmatkins.com

Joseph G Harraka, Jr on behalf of Creditor Gruppo Italiano Progetti SRL
jgharraka@becker.legal, maferrentino@becker.legal

Douglas Harris on behalf of Interested Party Courtesy NEF
Douglas.harris@alston.com

Kevin Hutty on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

Nicolino Iezza on behalf of Creditor Murphy O'Brien, Inc., a California corporation
niezza@spiwakandiezza.com

Christopher Johnson on behalf of Creditor Crestline Hotels & Resorts, LLC
cjohnson@safarianchoi.com, scrippen@safarianchoi.com

Leib M Lerner on behalf of Interested Party Courtesy NEF

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                        Page 4            F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

leib.lerner@alston.com, autodockettest-lax@alston.com;Melanie.mizrahie@alston.com

Zachary Evan Mazur on behalf of Petitioning Creditor Epic Entertainment Group LLC
zachary@sarachecklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor InterCommunications Inc.
zachary@sarachecklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor Selbert Perkins Design, Inc
zachary@sarachecklawfirm.com

Byron Z Moldo on behalf of Interested Party Courtesy NEF
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,sgaeta@ecjlaw.com

Miguel A Munoz on behalf of Debtor Urban Commons LLC
miguel@miguelmunozlaw.com, g12207@notify.cincompass.com;munoz.miguelb112802@notify.bestcase.com

Miguel A Munoz on behalf of Defendant Urban Commons LLC
miguel@miguelmunozlaw.com, g12207@notify.cincompass.com;munoz.miguelb112802@notify.bestcase.com

Scott H Noskin on behalf of Creditor Robert B. Cowan
snoskin@mbnlawyers.com, aacosta@mbnlawyers.com

Leonard Pena on behalf of Trustee Carolyn A Dye (TR)
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Michael Salanick on behalf of Creditor Agnes Shene Hwa Chin
msalanick@salanicklaw.com

Michael Salanick on behalf of Creditor Michael Chiang
msalanick@salanicklaw.com

Joseph E Sarachek on behalf of Petitioning Creditor Epic Entertainment Group LLC
joe@sarachecklawfirm.com, jon@sarachecklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor InterCommunications Inc.
joe@sarachecklawfirm.com, jon@sarachecklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor Selbert Perkins Design, Inc
joe@sarachecklawfirm.com, jon@sarachecklawfirm.com

Jacqueline D Serrao on behalf of Creditor Tina Fenelly
jds@cabkgroup.com, attorneygary@gmail.com

Michael A Shakouri on behalf of Creditor Maguire Properties - 777 Tower, LLC
mshakouri@goodkinlaw.com, rnolan@pdv-llc.com

Jade Smith-Williams on behalf of Plaintiff Berritto Enterprises LLC
jsmithwilliams@baileyglasser.com, jzumot@baileyglasser.com;mweintraub@baileyglasser.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 5        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

James E Till on behalf of Interested Party Courtesy NEF
james.till@limnexus.com, martha.araki@limnexus.com;myrtle.john@limnexus.com;david.nealy@limnexus.com

Jennifer R Tullius on behalf of Creditor Bruce Beretta
jtullius@tulliuslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Corey R Weber on behalf of Interested Party Courtesy NEF
cweber@bg.law, ecf@bg.law

Roye Zur on behalf of Creditor Capital Lending Resources, Inc. Profit Sharing Trust Dated April 1, 1997
rzur@elkinskalt.com, cavila@elkinskalt.com;myuen@elkinskalt.com;1648609420@filings.docketbird.com

Roye Zur on behalf of Other Professional WBC Special Assets, LLC
rzur@elkinskalt.com, cavila@elkinskalt.com;myuen@elkinskalt.com;1648609420@filings.docketbird.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On *(date)* 7/13/2022       , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

Hon. Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person
or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)*____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or
email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| 7/13/2022 | JULIE SOMA | | /S/ JULIE SOMA |
| *Date* | *Printed Name* | | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:21-bk-13523-ER
Central District of California
Los Angeles
Fri May  6 10:19:47 PDT 2022

Epic Entertainment Group LLC
Attn Steve Sheldon
207 East Broadway, #302
Long Beach, CA 90802-8825

InterCommunications Inc.
Attn Toni Alexander
1375 Dove Street, Suite 200
Newport Beach, CA 92660-2406

Selbert Perkins Design, Inc
Attn Robert Perkins
432 Culver Blvd
Playa Del Rey, CA 90293-7706

1750 Daimler Trust LSR
c/o Linebarger Goggan Blair & Samps
PO Box 659443
San Antonio, TX 78265-9443

Adam C. Rogoff
KRAMER LEVIN NAFTALIS & FRANKEL
1177 Avenue of the Americas
New York, NY 10036-2714

Adams and Reese LLP
c/o Robin B. Cheatham
701 Poydras Street, Suite 4500
New Orleans, LA 70139-4596

Air Supply Incorporated
655 E A Street
Upland, CA 91786-5349

Alternative Collections LLC
65 Lawrence Bell Dr. Suite 101
Buffalo, NY 14221-7182

Andy Stone and Jazz Reality, LLC
c/o Kenneth Mather, Esq, Gunster
401 E. Jackson Street, Suite 1500
Tampa, FL 33602-5204

Constellation Place, LLC
c/o Michael S. Greger
Allen Matkins
1900 Main Street, Fifth Fl.
Irvine, CA 92614-7317

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO Box 2952
Sacramento, CA 95812-2952

Maguire Properties - 777 Tower, LLC
c/o Goodkin Law Group
1800 Century Park East
10th Floor
Los Angeles, CA 90067-1513

Urban Commons LLC
10250 Constellation Blvd
Suite 1750
Los Angeles, CA 90067-6257

ADG Consulting, Inc.
c/o Sarachek Law Firm
670 White Plains Road, Fl. PH
Scarsdale, NY 10583-5025

Adam Soibelman
R2 Law Group, LLC
23901 Calabasas Road
Suite 2006
Calabasas, CA 91302-1592

Aetna Life Insurance Company
Aaron McCollough
c/o McGuireWoods LLP
77 West Wacker Drive, Ste. 4100
Chicago, IL 60601-1818

Alan Tantleff, as Liquidating Trustee
G. David Dean, Esquire
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801-1496

American Express
PO Box 297879
Fort Lauderdale, FL 33329-7879

BakerHostetler
Attn: Andrew Grossman
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-5318

Crestline Hotels & Resorts, LLC
3950 University Drive
Suite 301
Fairfax, VA 22030-2566

Gruppo Italiano Progetti SRL
c/o Joseph G. Harraka, Jr., Esq.
Becker LLC
5020 Campus Drive
Newport Beach, CA 92660-2111

Murphy O'Brien, Inc., a California corp
c/o Spiwak & Iezza, LLP
555 Marin Street, Suite 140
Thousand Oaks, CA 91360-4103

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

AEI Consultants
2500 Camino Diablo
Walnut Creek, CA 94597-3998

Adams and Reese LLP
Dept. 5208
Birmingham, AL 35287-0001

Aimbridge Concession, Inc.
c/o Brownstein Hyatt Farber Schreck
2049 Century Park East Suite 3550
Los Angeles, CA 90067-3210

Allstate Insurance Company
PO Box 4344
Carol Stream, IL 60197-4344

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Bank of America Business Card
PO Box 15796
Corona Del Mar, CA 92625

Berritto Enterprises LLC
Jade Smith-Williams
BAILEY & GLASSER, LLP
1999 Harrison St., Suite 660
Oakland, CA 94612-3584

Brian Winn
110 E Wilshire Ave., Suite 212
Fullerton, CA 92832-1960

Brookfield Properties Management In
777 South Figueroa Street Suite 375
Los Angeles, CA 90017-5812


Bruce Beretta
c/o Tullius Law Group
Attn: Jennifer R. Tullius
515 S. Flower Street 18th Floor
Los Angeles, CA 90071-2201

C Below Subsurface Imaging
14280 Eulid Ave
Chino, CA 91710-8803

CAB assignee of Quadient Leasing USA
4340 Fulton Avenue, Third Fl.
Sherman Oaks, CA 91423-3925


CAB assignee of Santa Monica Seafood
4340 Fulton Avenue, Third Fl.
Sherman Oaks, CA 91423-3925

CAB assignee of Walters Wholesale Electric
4340 Fulton Avenue, Third Fl.
Sherman Oaks, CA 91423-3925

CITY OF LOS ANGELES, OFFICE OF FINANCE
Los Angeles City Attorney's Office
200 N Main Street, Ste 920
Los Angeles CA 90012-4128


COGENCY GLOBAL INC
122E 42ND ST 18TH FL NY NY 10168
New York, NY 10168-0002

CSC
251 Little Falls Drive
Wilmington, DE 19808-1674

Canon Finanancial Servies
14904 Collections Center Drive
Chicago, IL 606


Capital Lending Resources, Inc.
Profit Sharing Plan
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

Capital Lending Resources, Inc.
Profit Sharing Trust Dated April 1, 1997
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

Carl Carlson
c/o Gokal Law Group, Inc.
26080 Towne Centre Drive
Foothill Ranch, CA 92610-3441


Carl Carlson
c/o Gokal Law Group, Inc.
Attn: Alison S. Gokal
26080 Towne Centre Dr.
Foothill Ranch, CA 92610-3441

Century Group International, LLC
222 N. Pacific Coast Highway
El Segundo, CA 90245-5648

Century Group International, LLC
222 N. Pacific Coast Highway
Suite 2150
El Segundo, CA 90245-5631


Cisco, Inc.
1702 Townhurst Dr.
Houston, TX 77043-2811

City of Long Beach
c/o Brutzkus Gubner Rozansky Seror
Attn: Corey Weber
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

City of Los Angeles
Office of Finance
51108
Los Angeles, CA 90051


Clifford Rosen
GARCIA RAINEY BLANK & BOWERBANK
LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187

Cogent Communications, Inc.
PO Box 791087
Baltimore, MD 21279-1087

Complete Copy Systems Group
3300 Beverly Blvd.
Los Angeles, CA 90004-6004


Constellation Place LLC
10250 Constellation Blvd. Suite 800
Los Angeles, CA 90067-6274

Constellation Place, LLC
c/o Michael S. Greger
Allen Matkins, et al.
1900 Main Street, Fifth Fl.
Irvine, CA 92614-7317

Craig Quinn, as Trustee of the Craig & Colle
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524


Craig and Collen Quinn
Family Trust Dated September 2000
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Creditors Adjustment Bureau
c/o Law Offices of Kenneth J. Freed
14226 Ventura Blvd.
Sherman Oaks, CA 91423-2715

Crestline Hotels & Resorts, LLC
c/o Safarian Choi & Bolstad LLP
Attn: David C. Bolstad
555 S. Flower Street, Suite 650
Los Angeles, CA 90071-2442

DENIS KLAVDIANOS
Glassberg, Pollak & Associates
1000 4th Street, Suite 570
San Rafael, CA 94901-3149

Danny Harris
c/oCarpenter Zuckerman & Rowley LLP
8827 West Olympic Blvd.
Los Angeles, CA 90012

Datasite LLC
The Baker Center
733 S. Marquette Ave., Suite 600
Minneapolis, MN 55402-2357

Deragisch I, LLC
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd
Los Angeles, CA 90064-2524

EHT US1, Inc.
c/o Paul Hastings LLP
Attn: Nick Bassett
2050 M St., N.W.
Washington, DC 20036-3357

ERJMJ Investments, LP
32 S La Senda Drive
Laguna Beach, CA 92651-6733

Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, NY 10105-0302

Epic Entertainment Group LLC
207 East Broadway, #302
Long Beach, CA 90802-8825

Ervin Cohen Jessup LLP
9401 Wilshire Blvd 9th Floor
Beverly Hills, CA 90212-2945

Everest Discovery, LLC
c/o Smith Kane Holman, LLC
112 Moores Road, Suite 300
Malvern, PA 19355-1002

Ford Motor Credit Company
Department 194101
PO Box 55000
Detroit, MI 48255-1941

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

GeoSoils, Inc.
5741 Palmer Way Suite D
Carlsbad, CA 92010-7248

George M. Lee and Galaxy Investment
81 N Mentor Ave
Pasadena, CA 91106-1740

George M. Lee and Galaxy Investment Capital
81 N Mentor Ave
Pasadena, CA 91106-1740

Gruppo Italiano Progetti Srl
c/o Becker LLC
354 Eisenhower Parkway, Suite 1500
Livingston, NJ 07039-1023

Harry Kim
520 S. Grand Avenue Ste 1070
Los Angeles, CA 90071-2613

Hill Living Trust Dated July 23, 2018
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd
Los Angeles, CA 90064-2524

Holiday Hospitality Franchising, LLC
c/o Alston & Bird LLP
Attn: Leib M. Lerner
333 S. Hope Street, 16th Fl.
Los Angeles, CA 90071-1410

Hong You
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Howard Wu
14635 Whitfeld Ave
Pacific Palisades, CA 90272-2645

Huan Lu
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

InterCommunicationsInc
1375 Dove Street Suite 200
Newport Beach, CA 92660-2406

James W Bates
Law Offices of James W. Bates
1055 E. Colorado Blvd. 5th Floor
Pasadena, CA 91106-2327

Jeffrey Golden Esq
Weiland Golden Goodrich LLP
650 Town Center Drive Ste 600
Costa Mesa CA 92626-7121

Jiacheng Hou
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

John Dannelley & Mary A. Dannelley
c/o Bienert Katzman Littrell Willia
Attn: Anthony R. Bisconti
903 Calle Amanecer Suite 350
San Clemente, CA 92673-6253

John Jenkins
c/o Equity Legal Group, P.C.
Attn: Kevin W. Chiang
201 S. Lake Ave. Suite 506
Pasadena, CA 91101-3085

Joseph E. Sarachek
670 White Plains Rd. Fl PH
Scarsdale, NY 10583-5025

Joseph E. Sarachek, Esq.
Sarachek Law Firm
670 White Plains Road, Fl. PH
Scarsdale, NY 10583-5025

Joseph Fan
c/o Wallin & Russell
Attn: Michael Wallin
26000 Towne Centre Drive Suite 130
Foothill Ranch, CA 92610-3444

Juice Capital
c/o Rutan & Tucker LLP
Attn: Heather N. Herd
18575 Jamboree Road 9th Floor
Irvine, CA 92612-2559

Junhao Pan
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Just Jill Inc.
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Kenton Harris
4002 Willalee Ave.
Glendale, CA 91214-3235

LA Construction Heating and Air Con
6430 Variel Ave Suite 102
Woodland Hills, CA 91367-2539

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Lee Opolinsky Living Trust Dated May 31, 199
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

MAGUIRE PROPERTIES . 777 TOWER, LLC
c/o Goodkin Law Group, APC
1800 Avenue of the Stars
Suite 675
Los Angeles, CA 90067-4221

Maguire Properties
P.O. Box 840835
Los Angeles, CA 90084-0900

(p)MARBORG INDUSTRIES
ATTN KATHLEEN BORGATELLO KOEPER
PO BOX 4127
SANTA BARBARA CA 93140-4127

Matax Consulting
1370 Valley Vista Drive Suite 235
Diamond Bar, CA 91765-3954

(p)MERCEDES BENZ FINANCIAL SERVICES
13650 HERITAGE PARKWAY
FORT WORTH TX 76177-5323

Michael Chiang and Agnes Chin
c/o Law Offices of Michael Salanick
700 S Flower St Ste 1000
Los Angeles CA 90017-4112

Michael and Christina Poyer Family Trust of
Elkins Kalt Weintraub Reuben Gartisde LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Mirae Asset Securities & Investments (USA),
Rachel Albanese
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

Monica Burrell
4562 Iroquois Ave
Lakewood, CA 90713-2712

Nana Gong
Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Otto Rene Pineda
c/o Levin & Nalbandyan
Jacob Nalbandyan
811 Wilshire Blvd. Suite 800
Los Angeles, CA 90017-1854

PACIFIC PREMIER TRUST, a Division of PACIFIC
Glassberg, Pollak & Associates
1000 4th Street
Suite 570
San Rafael, CA 94901-3149

Pacific Premier Trust
c/o Feldman Law
Andrew M. Feldman
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156-7816

Paul Hwee
c/o Burkhalter Kessler Clement &
Attn: Alton Burkhalter
2020 Main Street Suite 600
Irvine, CA 92614-8226

Pikepass
4401 W Memorial Road Suite 130
Oklahoma City, OK 73134-1722

Polina Yatsyna
4240 Fulton Ave Unit 108
STUDIO CITY, CA 91604-1803

Potter Anderson & Corroon LLP
Attn: Christopher M. Samis
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108

Prince Lobel Tye LLP
One International Place Suite 3700
Boston, MA 02110-3218

Provident Trust Group LLC
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

R&R Electric
2803 Carlsbad Street
Redondo Beach, CA 90278-1716

ROBERT HALF MANAGEMENT RESOURCES
ROBERT HALF / RECOVERY DEPT
PO BOX 5024
SAN RAMON CA 94583-5024

Red Bus Charter Company
c/o Ronald Appel
2522 Chambers Rd
Tustin, CA 92780-6962

Regus Management Group LLC
655 North Central Ave 17th Floor
Glendale, CA 91203-1439

Robert B Cowan
c/o Melvin Aranof Mirman
Bubman & Nahmias
21860 Burbank Blvd Ste 360
Woodland Hills CA 91367-7406

Robert B. Cowan
3707 W. Garden Grove Blvd.
Orange, CA 92868-4803

Ronald Chistensen
GARCIA RAINEY BLANK & BOWERBANK
LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187

Rossmoyne, Inc.
3500 Ocean View Blvd.
Glendale, CA 91208-1212

Royal Business Bank
Brian T. Harvey, c/o Buchalter
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-1730

Sarachek Law Firm
670 White Plains Rd. Fl PH
Scarsdale, NY 10583-5025

Scott Hochstadt
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Selbert Perkins Design Inc
Attn Robin Perkins
432 Culver Blvd
Playa Del Rey CA 90293-7706

Selbert Perkins Design, Inc.
432 Culver Blvd
Playa del Rey, CA 90293-7706

Sitrick Group, LLC
16255 Ventura Blvd., Suite 300
Encino, CA 91436-2300

State of Delaware
Division of Corporations
PO Box 5509
Binghamton, NY 13902-5509

Synter Resource Group LLC
5935 Rivers Ave Suite 102
Charleston, SC 29406-6071

Taylor Woods
826 Emerald Way
Laguna Beach, CA 92651-1273

Tina Fenelly
c/o John L. Norman
1428 N. Broadway
Santa Ana, CA 92706-3905

Ting Cao
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Transworld Systems Inc
500 Virgina Dr. Suite 514
Fort Washington, PA 19034-2733

U.S. Bank National Association, as Trustee
60 Livingston Ave
EP-MN-WS1D
St. Paul, MN 55107-2292

UPS
2085 Lynnhave Pkwy
Virginia Beach, VA 23456-1497

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Urban Commons 2 West II LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257

Urban Commons 2 West III LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257

Urban Commons 2 West IV LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257

Urban Commons 2 West LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257

Urban Commons Queensway, LLC
Susan E. Kaufman, Esquire
919 N. Market Street, Suite 460
Wilmington, DE 19801-3014

Verizon
PO Box 660108
Dallas, TX 75266-0108

Voy Ventures
c/o Steven Booska
PO Box 2169
Oakland, CA 94621-0069

WBC Special Assets LLC
c/o Elkins Kalt Weintrabu et.al.
Attn: Julie Kimball
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

WBC Special Assets, LLC
Elkins Kalt Weintraub Reuben Gartside, L
10345 W. Olympic Blvd
Los Angeles, CA 90064-2524

WBC Special Assets, LLC
a Delaware Limited Liability Company
as assignee of West Bay Capital, LLC
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles CA 90064-2524

Weiland Golden Goodrich LLP
c/o Jeff Golden
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626-7121

Weileen Leu
c/o Equity Legal Group, P.C.
Attn: Kevin W. Chiang
201 S. Lake Ave. Suite 506
Pasadena, CA 91101-3085

Weiwen Sun
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Wells Fargo Small Business Lending
MAC N9777-01B
PO Box 5511
Sioux Falls, SD 57117-5511

Wenli Tian
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

West Bay Capital, LLC.
c/o FCI Lending Services
PO Box 27370
Anaheim, CA 92809-0112

Wileen Leu
Equity Legal Group, P.C.
201 S. Lake Ave.
Suite 506
Pasadena, CA 91101-3085

Wimberly Allison Tong & Goo, NA, Inc
William J. Roberts
300 Spectrum Center Drive, Suite 500
Irvine CA 92618-4989

Wolters Kluwer
PO Box 4349
Carol Stream, IL 60197-4349

XPO LOGISTICS FREIGHT INC.
%Bankruptcy Dept
9151 Boulevard 26
North Richland Hills, TX 76180-5600

XPO LOGISTICS FREIGHT INC.
9151 Boulevard 26
North Richland Hills, TX 76180-5600

Xingyu Wu
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Xuchen Fang
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Yan Zhuang
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Yana Solomakhina
c/o Steven L. Mazza
Carpenter, Zuckerman & Rowley LLP
8827 West Olympic Blvd.
Beverly Hills, CA 90211-3613

Yixuan Chen
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Yutong Niu
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Zarin & Steinmetx
81 Main Street Suite 415
White Plains, NY 10601-1719

Ziyuan Li
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Zurich American Insurance
c/o Christopher McEvoy, VP
600 Red Brook Blvd, 6th FL
Owings Mills, MD 21117-5192

Carl Carlson
c/o Gokal Law Group, Inc.
Foothill Ranch, CA 92610

Carolyn A Dye (TR)
Law Offices of Carolyn Dye
15030 Ventura Blvd., Suite 527
Sherman Oaks, CA 91403-5470

Clifford Rosen
695 Town Center Drive
Costa Mesa, CA 92626-1924

Leonard Pena
PENA & SOMA APC
402 South Marengo Ave Ste B
Pasadena, CA 91101-3113

Miguel A Munoz
Law Offices of Miguel A. Munoz
714 W. Olympic Blvd #450
Los Angeles, CA 90015-1486

Ronald Christensen
695 Town Center Drive
Suite 700
Costa Mesa, CA 92626-7187

Tina Fenelly
c/o Leibowitz Law Group
4050 Katella Ave. Suite 201
Los Alamitos, CA 90720-3475

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Ford Motor Credit Company LLC
PO Box 62180
Colorado Springs, CO 80962-2180

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

MarBorg Industries
PO Box 4127
Santa Barbara, CA 93140

Mercedes Benz Financial
PO Box 5209
Carol Stream, IL 60197

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Capital Lending Resources, Inc. Profit Sha

(u)Courtesy NEF

(u)LEA Accountancy LLP

(u)Mirae Asset Securities & Investments (USA)

(u)WBC Special Assets, LLC

(u)Clifford A. Rosen c/o Norma V. Garcia 695

(u)Creditors Adjustment Bureau
c/o Law Offices of Kenneth J. Freed
14226 Ventura Blvd.
Sherman Oak

(d)Epic Entertainment Group, LLC
207 East Broadway #302
Long Beach, CA 90802-8825

(d)FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

(d)InterCommunicationsInc
1375 Dove Street, Suite 200
Newport Beach, CA 92660-2406

(u)John M. and Mary A. Dannelley

(u)John M. and Mary A. Dannelley, trustees of

(u)Li Mei Chen c/o Norma V. Garcia 695 Town C

(u)Murphy O'Brien, Inc., a California corp

(d)Polina Yatsyna
4240 Fulton Ave Unit 108
Studio City, CA 91604-1803

(d)ROBERT HALF MANAGEMENT RESOURCES
ROBERT HALF / RECOVERY DEPT
PO BOX 5024
San Ramon, CA 94583-5024

(u)Ronald A. Christensen, MD c/o Norma V. Gar

(d)Selbert Perkins Design, Inc.
432 Culver Blvd.
Playa Del Rey, CA 90293-7706

(d)Urban Commons LLC
10250 Constellation Blvd
Suite 1750
Los Angeles, CA 90067-6257

(u)Agnes Shene Hwa Chin

(u)Bruce Beretta

(u)John Michael Dannelley                    (u)Mary A. Dannelley                                    (u)Michael Chiang
                                                                                                    , CA


(u)Robert B. Cowan                           End of Label Matrix
                                             Mailable recipients    176
                                             Bypassed recipients     25
                                             Total                   201