LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Plaintiff
Carolyn A. Dye, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No. 2:21-bk-13523 ER |
| | ) |
| URBAN COMMONS, LLC, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| _____ | ) Adv. No. |
| CAROLYN A. DYE, Chapter 7 Trustee, | ) |
| | ) COMPLAINT FOR (1) AVOIDANCE AND |
| Plaintiff, | ) RECOVERY OF FRAUDULENT |
| | ) TRANSFERS, (2) PRESERVATION OF |
| v. | ) FRAUDULENT TRANSFERS, AND (3) |
| | ) DISALLOWANCE OF CLAIMS |
| BRIGHTON MANAGEMENT, LLC | ) |
| | ) [11 U.S.C. §§ 105, 502, 544, |
| Defendant. | ) 547, 548, 550 and 551] |
| | ) |
| | ) Date: [TO BE SET BY SUMMONS] |
| | ) Time: |
| | ) Place: Courtroom 1568 |
| | ) Roybal Federal Building |
| | ) 255 E. Temple Street |
| | ) Los Angeles, CA 90012 |

-1-

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Carolyn A. Dye the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* avers and complains, by way of this Complaint, as follows:

### STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant Brighton Management, LLC ("Defendant") is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, et seq. of the FRBP and 11 U.S.C. §§ 105, 502, 544, 547, 548, 550 and 551 and Local Rules and Orders of the United States District Court for the Central District of California governing

1  the reference and conduct of proceedings arising under or
2  related to cases under Title 11 of the United States Code,
3  including General Order No. 13-05, dated July 1, 2013.
4     4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409
5  as this adversary proceeding arises under and in connection with
6  In re Urban Commons, LLC a chapter 7 bankruptcy case pending in
7  the United States Bankruptcy Court, Central District, Los
8  Angeles Division (the "Court") as Case No. 2:21-bk-13523 ER (the
9  "Bankruptcy Case").
10    5. Plaintiff consents to entry of final orders or judgment by
11 the Court.

**RELEVANT BACKGROUND, PARTIES, AND**

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

14    6. The Bankruptcy Case was initiated by the filing of an
15 Involuntary Petition against Urban Commons, LLC ("Debtor") on
16 April 29, 2021 (the "Petition Date").
17    7. On June 24, 2021, the Order for Relief was entered in this
18 case.
19    8. On June 24, 2021, the United States Trustee appointed
20 Carolyn A. Dye, as the Chapter 7 Trustee.
21    9. Plaintiff brings this action solely in her capacity as
22 chapter 7 trustee for the Debtor's estate and its respective
23 creditors. To the extent that Plaintiff hereby asserts
24 claims under 11 U.S.C. § 544(b), Plaintiff is informed and
25 believes, and on that basis alleges thereon, that there exists
26 in this case one or more creditors holding unsecured claims
27 allowable under 11 U.S.C. § 502, or that are not allowable only
28 under 11 U.S.C. § 502(e) who could have avoided the respective

transfers or obligations under California or other applicable law before the Petition Date.

10. Plaintiff was appointed as chapter 7 trustee after the Petition Date.

11. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against defendants and to challenge and recover transfers made to or for the benefit of defendants in addition to those transfers alleged in this Complaint.

12. The Trustee is informed and believes and based thereon alleges that Defendant Brighton Management, LLC ("Defendant") is a limited liability company formed in California that is doing business in this state and is subject to the jurisdiction of this Court. At all relevant times, the Defendant was the initial transferee of the transfers alleged herein or was the party for whose benefit the transfers were made and/or an immediate or mediate transferee of such initial transferee.

13. With respect to the Defendant, during the period prior to the Petition Date, the Debtor made approximately 4 payments to the Defendant in the total aggregate amount of $615,885.33 consisting of, among other things, (i) approximately 2 payments to the Defendant in the total aggregate amount of $165,885.33 during the four-year period prior to the Petition Date (the "Four-Year Transfers"), and (ii) approximately 2 payments to Defendant in the total aggregate amount of $450,000.00 during

the two-year period prior to the Petition Date (the "Two-Year Transfers" and together with the Four-Year Transfers, the "Fraudulent Transfers"). See Exhibit "1" attached hereto.

**FIRST CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b)and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)

14.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 as though set forth in full.

15.   Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of the Defendant.

16.   Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers (a) without receiving a reasonably equivalent value in exchange for the transfers, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

17.   Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Four-Year Transfers were voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11

U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

18. Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Four-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Debtor's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

### SECOND CLAIM FOR RELIEF

(Avoidance and Recovery of Voidable Transfers
Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and
California Civil Code §§ 3439.05 and 3439.07)

19. The Trustee re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, of this Complaint as if set forth fully herein.

20. The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of Defendant without receiving reasonably equivalent value in exchange for the Four-Year Transfers because the Four-Year Transfers were made for no consideration.

21. The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor was insolvent at the time of the Four-Year Transfers or became insolvent as a result of the Four-Year Transfers in that the sum of the Debtor's debts exceeded all of the Debtor's assets.

22.     The Four-Year Transfers constitute voidable transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq., and therefore, are avoidable by the Trustee.

### THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfers

Pursuant to U.S.C. §§ 548(a)(1)(B) and 550)

23.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 as though set forth in full.

24.     Plaintiff is informed and believes, and on that basis alleges thereon, that during the two-year period preceding the Petition Date, the Debtor made the Two-Year Transfers to or for the benefit of the Defendant.

25.     Plaintiff is informed and believes, and on that basis alleges thereon, that Debtor received less than a reasonably equivalent value in exchange for the Two-Year Transfers, and (a) the Debtor was insolvent on the date that such transfers were made or became insolvent as a result of such transfers, (b) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any remaining property remaining with Debtor was an unreasonably small capital, or (c) the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

26.     Plaintiff is informed and believes, and based thereon alleges thereon that, at all relevant times, the Two-Year Transfers were voidable under 11 U.S.C. § 544(b) by one or more creditors who held and hold unsecured claims against the Debtor

1 that were and are allowable under 11 U.S.C. § 502, or that were
2 and are not allowable only under 11 U.S.C. § 502(e). These
3 creditors include those creditors who are listed in the Debtor's
4 schedules as holding undisputed claims or who have filed proofs
5 of claim against the Debtor's estate.

6     27.    Plaintiff is informed and believes, and on that basis
7 alleges thereon, that, based on the foregoing, Plaintiff may
8 avoid the Two-Year Transfers and recover the equivalent value of
9 said fraudulent transfers for the benefit of the Debtor's estate
10 from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

11 **FORTH CLAIM FOR RELIEF**
12 [For Recovery and Preservation Of Transfer
13 11 U.S.C. §§ 550 and 551]

14     28.    Plaintiff realleges and incorporates herein by
15 reference the allegations in paragraphs 1 through 28 of this
16 Complaint, inclusive, as though fully set forth herein.

17     29.    Plaintiff is informed and believes, and based thereon
18 alleges that Defendant is the initial transferee of the
19 Fraudulent Transfers and the Preferential Transfers, and to the
20 extent it was not the initial transferee, it was the immediate
21 or mediate transferee of the initial transferee of the
22 Fraudulent Transfers and Preferential Transfers.

23     30.    Upon avoidance of the Fraudulent Transfers and
24 Preferential Transfers, as alleged herein, Plaintiff is entitled
25 to recover the Fraudulent Transfers and Preferential Transfers,
26 together with interest at the applicable rate from the date of
27 the Fraudulent Transfers and Preferential Transfers from
28 Defendant as the initial transferee, the immediate or mediate

transferee of such initial transferee, or as the entity for whose benefit the Fraudulent Transfers and Preferential Transfer were made, pursuant to 11 U.S.C. § 550 and to preserve them pursuant to 11 U.S.C. § 551.

### FIFTH CLAIM FOR RELIEF

[For Disallowance of Claim - 11 U.S.C. § 502]

31. Plaintiff realleges and incorporates herein by this reference the foregoing allegations in paragraphs 1 through 36 of this Complaint, inclusive, as though fully set forth herein.

32. The Fraudulent Transfers and Preferential Transfers are recoverable from Defendant pursuant to 11 U.S.C. §550, and Defendant has not paid the amount of the Fraudulent Transfers and Preferential Transfers to the Plaintiff.

33. Based on the foregoing, any and all claims of the Defendant against the Debtor must be disallowed pursuant to 11 U.S.C. § 502(d).

### RESERVATION OF RIGHTS

34. Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Fraudulent Transfers and Preferential Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

35. Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against the Defendant, on any

and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by the Defendant. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. On the First, Second and Third Claims for Relief: A judgment in favor of Plaintiff and against Defendant (1) avoiding the Fraudulent Transfers, (2) entitling Plaintiff to recover from Defendant the Fraudulent Transfers or the value thereof, for the benefit of the estate, and (3) entitling Plaintiff to recover from Defendant attorneys' fees and expenses incurred in connection with the claims asserted herein to the extent allowable under applicable law;

B. On the Forth Claim for Relief: A judgment that Plaintiff is entitled to recover and preserve the Fraudulent Transfers, or the value thereof, from Defendant under 11 U.S.C. §§ 550 and 551;

C. On the Fifth Claim for Relief: A judgment in favor of Plaintiff and against Defendant disallowing any and all claims of the Defendant against Debtor;

/ / /
/ / /
/ / /
/ / /
/ / /

D. On All Claims for Relief: For such other and further relief as the Court deems just and proper.

DATED: June 16, 2023                    PEÑA & SOMA, APC

                                        By: /s/ Leonard Peña
                                            LEONARD PEÑA
                                            JULIE A. SOMA
                                            Attorneys for Plaintiff
                                            Carolyn A. Dye,
                                            Chapter 7 Trustee

# EXHIBIT "1"

Account number: 6977520649 ▪ January 1, 2019 - January 31, 2019 ▪ Page 3 of 4



## Electronic debits/bank debits (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---:|---|
| | 01/10 | 9,203.12 < | Business to Business ACH Debit - Consumer Lend/Op Loan Pymt 92800023160485 Urban Commons Battery |
| | 01/11 | 338.59 | Client Analysis Srvc Chrg 190110 Svc Chge 1218 000006977520649 |
| | 01/11 | 10,000.00 | WT Fed#09909 Bank of America, N /Ftr/Bnf=Asset Investment Management, LLC Srf# Gw00000021850067 Trn#190111170238 Rfb# 11290 |
| | 01/11 | 10,000.00 | WT Fed#09911 Bank of America, N /Ftr/Bnf=Urban Commons, LLC Srf# Gw00000021850242 Trn#190111170239 Rfb# 11291 |
| | 01/14 | 27.81 | Purchase authorized on 01/12 Rose Bakery Cafe Corona Dl Mar CA S389012678230984 Card 2974 |
| | 01/15 | 50,000.00 | WT Seq133348 Brighton Management /Bnf=Brighton Management LLC Srf# Joseph Fan Trn#190115133348 Rfb# 11300 |
| | 01/16 | 81.21 | Purchase authorized on 01/14 Shell Oil 57442778 Laguna Beach CA S389015092850438 Card 2974 |
| | 01/16 | 199.00 | Recurring Payment authorized on 01/15 Dropbox*84T3C9Pnnr Dropbox.Com CA S309015613675623 Card 2974 |
| | 01/16 | 200,000.00 | WT Seq159204 Urban Commons Royal, LI /Bnf=Urban Commons Royal, LLC Srf# Gb00000021950226 Trn#190116159204 Rfb# 11309 |
| | 01/17 | 115,885.33 | WT Seq#07281 Brighton Management /Bnf=Brighton Managemenet LLC Srf# City of Newport Trn#190117007281 Rfb# 11311 |
| | 01/17 | 10,000.00 | WT Fed#01279 Bank of America, N /Ftr/Bnf=Urban Commons, LLC Srf# Gw00000021965241 Trn#190117097972 Rfb# 11312 |
| | 01/18 | 150,000.00 | WT Seq131819 Taylor R Woods /Bnf=Taylor Woods Srf# Gw00000022008193 Trn#190118131819 Rfb# 11317 |
| | 01/18 | 150,000.00 | WT Seq131861 Howard Wu /Bnf=Howard Wu Srf# Gw00000022007875 Trn#190118131861 Rfb# 11318 |
| | 01/18 | 56.47 | Purchase authorized on 01/18 Shell Service Station Laguna Beach CA P00309018754517128 Card 2974 |
| | 01/22 | 2,500.00 | WT Seq158141 Pasadena Investment Cap /Bnf=Pasadena Investment Capital, LLC Srf# Gb00000022044110 Trn#190122158141 Rfb# 11329 |
| | 01/23 | 60,000.00 | WT Seq150886 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000022092963 Trn#190123150886 Rfb# 11333 |
| | 01/23 | 120,000.00 | WT Seq161818 Asset Investment Manage /Bnf=Asset Investment Management, LLC Srf# Gb00000022095874 Trn#190123161818 Rfb# 11335 |
| | 01/23 | 19,000.00 | WT Seq161823 Global Eb5 Capital Inve /Bnf=Global Eb5 Capital Investment, LLC Srf# Gb00000022095959 Trn#190123161823 Rfb# 11336 |
| | 01/23 | 3,500.00 | WT Seq161829 Grover Beach Capital, L /Bnf=Grover Beach Capital, LLC Srf# Gb00000022095876 Trn#190123161829 Rfb# 11337 |
| | 01/23 | 5,183.35 < | Business to Business ACH Debit - Consumer Lend/Op Loan Pymt 92800023160386 Wu Howard |
| | 01/25 | 1,000,000.00 | Online Transfer to US Hospitality Investments LLC Ref #Ib05Q2Qr6J Business Checking From Uc |
| | 01/25 | 62.17 | Purchase authorized on 01/25 Chevron/Newport Coast, Newport Beach CA P00309026039077562 Card 2974 |
| | 01/28 | 79.74 | Purchase authorized on 01/25 Bluefin Newport Beach CA S589026142071086 Card 2974 |
| | 01/28 | 17,755.98 < | Business to Business ACH Debit - American Express ACH Pmt 190128 A1974 Urban Commons |

Account number: **6977520649** ■ June 1, 2019 - June 30, 2019 ■ Page 4 of 6



### Electronic debits/bank debits (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---:|---|
| | 06/10 | 100,000.00 | WT Seq113568 Taylor R Woods /Bnf=Taylor Woods Srf# Distribution Trn#190610113568 Rfb# 12045 |
| | 06/10 | 5,700.00 | WT Seq177405 Urban Commons Harvard L /Bnf=Urban Commons Harvard LLC Srf# Due to/From Trn#190610177405 Rfb# 12103 |
| | 06/11 | 35.00 | Overdraft Fee for a Transaction Received on 06/10 $9,203.13 Consumer Lend/Op Loan Pymt 92800023160 485 Urban Commons Battery |
| 06/10 | 06/11 | 9,203.13 < | Business to Business ACH Debit - Consumer Lend/Op Loan Pymt 92800023160485 Urban Commons Battery |
| | 06/11 | 419.58 | Client Analysis Srvc Chrg 190610 Svc Chge 0519 000006977520649 |
| | 06/11 | 2,500,000.00 | WT Seq#07126 Urban Commons Battery P /Bnf=Urban Commons Battery Park, LLC Srf# Due to/From Trn#190611007126 Rfb# 12105 |
| | 06/11 | 100.00 | WT Seq134491 Queensway, Lp /Bnf=Queensway, Lp Srf# Due to/From Trn#190611134491 Rfb# 12109 |
| | 06/11 | 100.00 | WT Seq134492 Ccch, LLC /Bnf=Ccch, LLC Srf# Due to/From Trn#190611134492 Rfb# 12110 |
| | 06/11 | 30,000.00 | WT Seq134485 Asset Investment Manage /Bnf=Asset Investment Management, LLC Srf# Due to/From Trn#190611134485 Rfb# 12118 |
| | 06/11 | 350,000.00 | WT Seq154000 Brighton Management, Ll /Bnf=Brighton Management LLC Srf# Payoff Trn#190611154000 Rfb# 12123 |
| | 06/11 | 20,000.00 | WT Seq153985 Urban Commons Royal, Ll /Bnf=Urban Commons Royal, LLC Srf# Due to Royal Trn#190611153985 Rfb# 12125 |
| | 06/11 | 10,000.00 | WT Fed#06817 Bank of America, N /Ftr/Bnf=Asset Investment Management LLC Srf# Due to/From Trn#190611154002 Rfb# 12112 |
| | 06/11 | 275,000.00 | WT Seq157353 Urban Commons Battery P /Bnf=Urban Commons Battery Park, LLC Srf# Due to/From Trn#190611157353 Rfb# 12127 |
| | 06/12 | 35.00 | Overdraft Fee for a Transaction Posted on 06/11 $275,000.00 WT Seq157353 Urban Commons Battery P /Bnf=Urban Commons Battery Park, LLC Srf# |
| | 06/12 | 2,333.34 < | Business to Business ACH Debit - Pacific Premier at Trnsfer 190610 at External Transfer Pacific Premier Bank Acct 7 |
| | 06/13 | 20,000.00 | WT Seq#07063 Global Eb5 Capital Inve /Bnf=Global Eb5 Capital Investment, LLC Srf# Due to/From Trn#190613007063 Rfb# 12170 |
| | 06/13 | 20,000.00 | WT Seq#07070 Grover Beach Capital, L /Bnf=Grover Beach Capital, LLC Srf# Due to/From Trn#190613007070 Rfb# 12169 |
| | 06/13 | 700.00 | WT Seq#07066 Urban Commons Hidh, LLC /Bnf=Urban Commons Hidh, LLC Srf# Tax Payment Trn#190613007066 Rfb# 12171 |
| | 06/13 | 135,000.00 | WT Seq#07084 Asset Investment Manage /Bnf=Asset Investment Management, LLC Srf# Due to/From Trn#190613007084 Rfb# 12168 |
| | 06/13 | 25,000.00 | WT Fed#08183 Bank of America, N /Ftr/Bnf=Urban Commons, LLC Srf# Gw00000025496362 Trn#190613164980 Rfb# 12215 |
| | 06/14 | 2,500.00 | WT Seq189890 2W Asset Managment, LLC /Bnf=2W Asset Managment, LLC Srf# Gb00000025537350 Trn#190614189890 Rfb# 12251 |
| | 06/14 | 48,000.00 | WT Fed#00077 China Construction /Ftr/Bnf=Shanghai Yuepin Culture Com. Srf# Gw00000025537525 Trn#190614189896 Rfb# 12256 |
| | 06/14 | 78,369.30 | WT Fed#00910 Bank of America, N /Ftr/Bnf=Spackle LLC Srf# Gw00000025539678 Trn#190614196593 Rfb# 12261 |
| | 06/18 | 503,000.00 | WT Seq144244 Urban Commons Battery P /Bnf=Urban Commons Battery Park, LLC Srf# Gb00000025597188 Trn#190618144244 Rfb# 12352 |

Account number: **6977520649** ▪ January 1, 2020 - January 31, 2020 ▪ Page 7 of 10



### Electronic debits/bank debits (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---:|---|
| | 01/21 | 135,000.00 | WT Seq214461 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000030699714 Trn#200121214461 Rfb# 16861 |
| | 01/21 | 165,000.00 | WT Seq253190 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000030707912 Trn#200121253190 Rfb# 16895 |
| | 01/21 | 10,000.00 | WT Fed#03001 Bank of America, N /Ftr/Bnf=Urban Commons, LLC Srf# Gw00000030708619 Trn#200121257238 Rfb# 16897 |
| | 01/21 | 1,250,000.00 | WT Fed#02730 Credit Suisse AG, /Ftr/Bnf=Toe Teow Heng Srf# Gw00000030704959 Trn#200121239468 Rfb# 16863 |
| | 01/21 | 15,000.00 | WT Seq261539 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000030709877 Trn#200121261539 Rfb# 16900 |
| | 01/21 | 1,000.00 | WT Seq265733 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000030711320 Trn#200121265733 Rfb# 16904 |
| | 01/21 | 1,200.00 | WT Seq271055 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000030713020 Trn#200121271055 Rfb# 16906 |
| | 01/21 | 789.45 < | Business to Business ACH Debit - Wu Mercedes Wu Spdy 200119 5001339706001 Urban Commons LLC |
| | 01/22 | 15,000.00 | WT Seq102185 Uch1, LLC /Bnf=Uch1, LLC Srf# Gw00000030726296 Trn#200122102185 Rfb# 16911 |
| | 01/22 | 1,000.00 | WT Seq102174 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000030726295 Trn#200122102174 Rfb# 16908 |
| | 01/22 | 200,000.00 | WT Seq167103 Eht Asset Management, L /Bnf=Eht Asset Management LLC Srf# Gw00000030740996 Trn#200122167103 Rfb# 16948 |
| | 01/22 | 310,000.00 | WT Seq167650 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000030741855 Trn#200122167650 Rfb# 16947 |
| | 01/23 | 150,000.00 | WT Seq104227 Asset Investment Manage /Bnf=Asset Investment Management, LLC Srf# Gb00000030758419 Trn#200123104227 Rfb# 16970 |
| | 01/23 | 19,100.00 | WT Seq104228 Global Eb5 Capital Inve /Bnf=Global Eb5 Capital Investment, LLC Srf# Gb00000030758763 Trn#200123104228 Rfb# 16971 |
| | 01/23 | 66,000.00 | WT Seq104229 Grover Beach Capital, L /Bnf=Grover Beach Capital, LLC Srf# Gb00000030758420 Trn#200123104229 Rfb# 16972 |
| | 01/23 | 50,000.00 | Online Transfer to Woods T Ref #Ib07Jfn8Ln Prime Checking to Tw |
| | 01/23 | 200,000.00 | Online Transfer Eht Hior Payment to Centimark Ref #Bb07Jfx7QI |
| | 01/23 | 300,000.00 | WT Fed#07648 Commonwealth Busin /Ftr/Bnf=Urban Realty and Management Inc. Srf# Gw00000030774988 Trn#200123168424 Rfb# 16976 |
| | 01/23 | 5,000.00 | WT Fed#08072 Bank of America, N /Ftr/Bnf=Chul Hoon Cho Srf# Gw00000030776009 Trn#200123171382 Rfb# 16987 |
| | 01/23 | 402,229.00 | WT Seq173969 Eht Asset Management, L /Bnf=Eht Asset Management, LLC Srf# Gw00000030776872 Trn#200123173969 Rfb# 17035 |
| | 01/23 | 800,000.00 | Online Transfer Urban Commons to Ushi Distributions Ref #Bb07Jgblck |
| | 01/23 | 70,000.00 | Online Transfer Uc to Ushi Distributions Ref #Bb07Jgcbq2 |
| | 01/24 | 9.99 | Recurring Payment authorized on 01/22 Google*Google Stor Internet CA S580022608476045 Card 2974 |
| | 01/24 | 10,000.00 | Online Transfer Transfer From Uc to Crenshaw Funding Ref #Bb07Jm827Z |
| | 01/24 | 100,000.00 | WT Seq147702 Brighton Management, LI /Bnf=Brighton Management LLC Srf# Gw00000030803674 Trn#200124147702 Rfb# 17048 |
| | 01/24 | 245,344.74 | WT Seq133376 Eht Asset Management, L /Bnf=Eht Asset Management, LLC Srf# Gw00000030800267 Trn#200124133376 Rfb# 17049 |