LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Plaintiff
Carolyn A. Dye, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No. 2:21-bk-13523 ER |
| | ) |
| URBAN COMMONS, LLC, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| _____ | ) Adv. No. |
| CAROLYN A. DYE, Chapter 7 Trustee, | ) |
| | ) COMPLAINT FOR (1) AVOIDANCE AND |
| Plaintiff, | ) RECOVERY OF FRAUDULENT |
| | ) TRANSFERS, (2) PRESERVATION OF |
| v. | ) FRAUDULENT TRANSFERS, AND (3) |
| | ) DISALLOWANCE OF CLAIMS |
| BRIAN EGNATZ, an individual | ) |
| | ) [11 U.S.C. §§ 105, 502, 548, |
| Defendant. | ) 550 and 551] |
| | ) |
| | ) Date: [TO BE SET BY SUMMONS] |
| | ) Time: |
| | ) Place: Courtroom 1568 |
| | ) Roybal Federal Building |
| | ) 255 E. Temple Street |
| | ) Los Angeles, CA 90012 |

-1-

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Carolyn A. Dye the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* avers and complains, by way of this Complaint, as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant Brian Egnatz ("Defendant") is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, et seq. of the FRBP and 11 U.S.C. §§ 105, 502, 544, 548, 550 and 551 and Local Rules and Orders of the United States District Court for the Central District of California governing

1 the reference and conduct of proceedings arising under or
2 related to cases under Title 11 of the United States Code,
3 including General Order No. 13-05, dated July 1, 2013.
4    4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409
5 as this adversary proceeding arises under and in connection with
6 <u>In re Urban Commons, LLC</u> a chapter 7 bankruptcy case pending in
7 the United States Bankruptcy Court, Central District, Los
8 Angeles Division (the "Court") as Case No. 2:21-bk-13523 ER (the
9 "Bankruptcy Case").
10    5. Plaintiff consents to entry of final orders or judgment by
11 the Court.

**RELEVANT BACKGROUND, PARTIES, AND**

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

14    6. The Bankruptcy Case was initiated by the filing of an
15 Involuntary Petition against Urban Commons, LLC ("Debtor") on
16 April 29, 2021 (the "Petition Date").
17    7. On June 24, 2021, the Order for Relief was entered in this
18 case.
19    8. On June 24, 2021, the United States Trustee appointed
20 Carolyn A. Dye, as the Chapter 7 Trustee.
21    9. Plaintiff brings this action solely in her capacity as
22 chapter 7 trustee for the Debtor's estate and its respective
23 creditors. To the extent that Plaintiff hereby asserts
24 claims under 11 U.S.C. § 544(b), Plaintiff is informed and
25 believes, and on that basis alleges thereon, that there exists
26 in this case one or more creditors holding unsecured claims
27 allowable under 11 U.S.C. § 502, or that are not allowable only
28 under 11 U.S.C. § 502(e) who could have avoided the respective

1 transfers or obligations under California or other applicable
2 law before the Petition Date.
3   10.   Plaintiff was appointed as chapter 7 trustee after the
4 Petition Date.
5   11.   As a result, Plaintiff does not have personal
6 knowledge of the facts alleged in this Complaint that occurred
7 prior to her appointment and, therefore, alleges all those facts
8 on information and belief. Plaintiff reserves the right to amend
9 this Complaint to allege additional claims against defendants
10 and to challenge and recover transfers made to or for the
11 benefit of defendants in addition to those transfers alleged in
12 this Complaint.
13   12.   The Trustee is informed and believes and based thereon
14 alleges that Brian Egnatz("Defendant") is an individual residing
15 in New York City but that routinely did business in this state
16 and is subject to the jurisdiction of this Court.  At all
17 relevant times, the Defendant was the initial transferee of the
18 transfers alleged herein or was the party for whose benefit the
19 transfers were made and/or an immediate or mediate transferee of
20 such initial transferee.
21   13.   With respect to the Defendant, during the 2 year
22 period prior to the Petition Date, the Debtor made approximately
23 1 payments to the Defendant in the total aggregate amount of
24 $200,000.00 (the "Two-Year Transfers" or "Fraudulent
25 Transfers"). See Exhibit "1" attached hereto.
26   14.   With respect to the Two-Year Transfers the Plaintiff
27 is informed and believes that they were on account of services
28 not related to the Debtor and did not benefit the Debtor.

**FIRST CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfers

Pursuant to U.S.C. §§ 548(a)(1)(B) and 550)

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though set forth in full here.

16. Plaintiff is informed and believes, and on that basis alleges thereon, that during the two-year period preceding the Petition Date, the Debtor made the Two-Year Transfers to or for the benefit of the Defendant.

17. Plaintiff is informed and believes, and on that basis alleges thereon, that Debtor received less than a reasonably equivalent value in exchange for the Two-Year Transfers, and (a) the Debtor was insolvent on the date that such transfers were made or became insolvent as a result of such transfers, (b) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any remaining property remaining with Debtor was an unreasonably small capital, or (c) the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

18. Plaintiff is informed and believes, and based thereon alleges thereon that, at all relevant times, the Two-Year Transfers were voidable under 11 U.S.C. § 544(b) by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These

creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

19. Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Two-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Debtor's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

## **SECOND CLAIM FOR RELIEF**

[For Recovery and Preservation Of Transfer

11 U.S.C. §§ 550 and 551]

20. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 19 of this Complaint, inclusive, as though fully set forth herein.

21. Plaintiff is informed and believes, and based thereon alleges that Defendant is the initial transferee of the Two-Year Transfers, and to the extent it was not the initial transferee, it was the immediate or mediate transferee of the initial transferee of the Two-Year Transfers.

22. Upon avoidance of the Two-Year Transfers, as alleged herein, Plaintiff is entitled to recover the Two-Year Transfers, together with interest at the applicable rate from the date of the Two-Year Transfers from Defendant as the initial transferee, the immediate or mediate transferee of such initial transferee, or as the entity for whose benefit the Two-Year Transfers were made, pursuant to 11 U.S.C. § 550 and to preserve them pursuant to 11 U.S.C. § 551.

/ / /

**THIRD CLAIM FOR RELIEF**

[For Disallowance of Claim - 11 U.S.C. § 502]

23. Plaintiff realleges and incorporates herein by this reference the foregoing allegations in paragraphs 1 through 22 of this Complaint, inclusive, as though fully set forth herein.

24. The Two-Year Transfers are recoverable from Defendant pursuant to 11 U.S.C. §550, and Defendant has not paid the amount of the Two-Year Transfers to the Plaintiff.

25. Based on the foregoing, any and all claims of the Defendant against the Debtor must be disallowed pursuant to 11 U.S.C. § 502(d).

**RESERVATION OF RIGHTS**

26. Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Two-Year Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

27. Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by the Defendant. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. On the First Claim for Relief: A judgment in favor of Plaintiff and against Defendant (1) avoiding the Two-Year Transfers, (2) entitling Plaintiff to recover from Defendant the Two-Year Transfers or the value thereof, for the benefit of the estate, and (3) entitling Plaintiff to recover from Defendant attorneys' fees and expenses incurred in connection with the claims asserted herein to the extent allowable under applicable law;

B. On the Second Claim for Relief: A judgment that Plaintiff is entitled to recover and preserve the Two-Year Transfers, or the value thereof, from Defendant under 11 U.S.C. §§ 550 and 551;

C. On the Third Claim for Relief: A judgment in favor of Plaintiff and against Defendant disallowing any and all claims of the Defendant against Debtor;

D. On All Claims for Relief: For such other and further relief as the Court deems just and proper.

DATED: June 15, 2023                    PEÑA & SOMA, APC

                                        By: /s/ Leonard Peña
                                            LEONARD PEÑA
                                            JULIE A. SOMA
                                            Attorneys for Plaintiff
                                            Carolyn A. Dye,
                                            Chapter 7 Trustee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26    EXHIBIT "1"
27
28

Account number: 6977520649 ▪ August 1, 2020 - August 31, 2020 ▪ Page 3 of 7



*Electronic deposits/bank credits (continued)*

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| | 08/28 | 11,000.00 | WT Seq260411 Urban Commons Gramercy, /Org=Urban Commons Gramercy, LLC Srf# Gb00000035711736 Trn#200828260411 Rfb# 18684 |
| | 08/28 | 5,000.00 | Online Transfer From Urban Commons Gramercy, LLC Ref #Ib08Qqy28H Business Checking to Uc |
| | | **$3,540,547.43** | **Total electronic deposits/bank credits** |
| | | **$3,540,547.43** | **Total credits** |

## Debits

### Electronic debits/bank debits

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| | 08/03 | 697.00 | Purchase authorized on 08/01 Google Gsuite_Urb 650-2530000 CA S460214698527255 Card 2974 |
| | 08/03 | 2,500.00 | Online Transfer Uc to Aim Ref #Bb08Llyydq |
| | 08/03 | 200,000.00 | WT Fed#00453 Jpmorgan Chase Ban /Ftr/Bnf=Brian Egnatz Srf# Gw00000035115046 Trn#200803206857 Rfb# 18576 |
| | 08/03 | 25,000.00 | WT Fed#00502 City National Bank /Ftr/Bnf=Jmbm Depository Acct Srf# Gw00000035115428 Trn#200803208712 Rfb# 18577 |
| | 08/03 | 5,400.00 | WT Seq227970 Urban Commons Gramercy, /Bnf=Urban Commons Gramercy, LLC Srf# Gb00000035119050 Trn#200803227970 Rfb# 18580 |
| | 08/03 | 125,000.00 | WT Fed#03237 Eastwest Bank /Ftr/Bnf=Dbo Investments Ph, LLC Srf# Gw00000035120885 Trn#200803236583 Rfb# 18581 |
| | 08/03 | 5,000.00 | WT Fed#03306 First National Ban /Ftr/Bnf=Mick Management Inc. Srf# Gw00000035121054 Trn#200803236613 Rfb# 18582 |
| | 08/03 | 10,000.00 | Online Transfer Uc to Eht Asset Mgmt Ref #Bb08Lncpkx |
| | 08/03 | 789.45 < | Business to Business ACH Debit - Mbfs.Com Auto Pay 200803 5001339706 Taylor Woods |
| | 08/03 | 24,019.08 < | Business to Business ACH Debit - American Express Retry Pymt 200728 A8878 Urban Commons |
| | 08/04 | 20,000.00 | WT Seq145692 Howard Wu /Bnf=Howard Wu Srf# Gw00000035142767 Trn#200804145692 Rfb# 18584 |
| | 08/04 | 5,769.23 | WT Fed#03466 Capital One Bank ( /Ftr/Bnf=Soriano Consulting Group LLC Srf# Gw00000035142621 Trn#200804145704 Rfb# 18586 |
| | 08/04 | 20,000.00 | WT Seq145700 Taylor R Woods /Bnf=Taylor Woods Srf# Gw00000035142617 Trn#200804145700 Rfb# 18585 |
| | 08/04 | 5,000.00 | WT Fed#06022 Bank of America, N /Ftr/Bnf=Urban Commons, LLC Srf# Gw00000035147920 Trn#200804168188 Rfb# 18587 |
| | 08/04 | 10,000.00 | Online Transfer Uc to Eht Asset Mgmt Ref #Bb08Ltkkzr |
| | 08/05 | 25,000.00 | WT Fed#08059 First National Ban /Ftr/Bnf=Mick Management Inc. Srf# Gw00000035159540 Trn#200805088313 Rfb# 18589 |
| | 08/05 | 200.00 | Online Transfer Uc to Ucbp Ref #Bb08Lyfwrt |
| | 08/05 | 70.75 | Online Transfer Uc to Uc Danbury xx4761 Ref #Bb08Lygsl6 |
| | 08/05 | 82.82 | Online Transfer Uc to Ucf xx6012 Ref #Bb08Lyh4K8 |
| | 08/05 | 219.80 | Online Transfer Uc to Uc Cordova xx1851 Ref #Bb08Lyhdsq |