JAMES Y. CHU (State Bar No. 168791)
LAW OFFICE OF JAMES Y. CHU, APC
3731 WILSHIRE BOULEVARD, SUITE 635
LOS ANGELES, CALIFORNIA 90010
TELEPHONE: (213) 387-7668
FACSIMILE: (213) 403-5511

Attorney for Defendant,
YOSEMITE VALLEY BEEF DISTRIBUTORS, LLC,
a California Limited Liability Company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re.<br><br>URBAN COMMONS, LLC,<br><br>    Debtor.<br><br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br> vs.<br><br>YOSEMITE VALLEY BEEF DISTRIBUTORS, LLC,<br><br>    Defendant. | Case No. 2:21-bk-13523 ER<br><br>Chapter 7<br><br>Adversary No. 2:23-ap-01265-ER<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**<br><br>DATE: January 9, 2024<br>TIME: 2:00 p.m.<br>PLACE: 255 E. Temple Street,<br>        Courtroom 1375<br>        Los Angeles, CA 90012 |

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF AND HER COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT, on January 9, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, a hearing will be conducted before the Honorable Julia W. Brand, United States Bankruptcy Judge, in Courtroom 1375 (Suite 1382) of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, CA 90012, to consider the Motion (the "Motion") of defendant YOSEMITE VALLEY BEEF DISTRIBUTORS, LLC to

dismiss the Complaint ("Complaint") filed on or about June 28, 2023 by plaintiff CAROLYN A. DYE, Chapter 7 Trustee, pursuant to Rules 7012, 7009, and 7008 of the Federal Rules of Bankruptcy Rules (the "Bankruptcy Rules") and Rule 12(b)(6), Rule 9(b), and Rule 8(a)(2) of the Federal Rules of Civil Procedure ("FRCP").  As further set forth in the Memorandum of Points and Authorities in support of the Motion, the Complaint fails to adequately plead facts to sufficiently state a plausible claim against Defendant under FRCP Rule 12(b)(6), in addition to violating the requirement that allegations of fraud under the California's Uniform Voidable Transfers Act, be pleaded with particularly as required by FRCP Rule 9(b).

    The Motion is based on this Notice, Memorandum, all pleadings in this adversary proceedings and the underlying bankruptcy case, all pleadings in the accompanying federal court case, and such other and further evidence and argument as may be presented at the time of any hearing on this matter.

    PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(c)(2) requires that any response to the Motion be filed with the Bankruptcy Court and served upon counsel for the Defendants at the addresses appearing in the upper-left hand corner of the caption page to this Notice at least fourteen (14) days before the hearing hereon. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a written opposition may be deemed by the court to be consent to the granting of the relief requested in the Motion.

                                    Respectfully Submitted,

Dated: December 8, 2023          /s/ JAMES Y. CHU
                                           JAMES Y. CHU,
                                           Attorney for Defendant,
                                           YOSEMITE VALLEY BEEF DISTRIBUTORS, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This adversarial action relates to a transaction that occurred between Debtor and Defendant on August 8, 2018, which Plaintiff alleges was a fraudulent transfer and now seeks to void.  In support, Plaintiff makes various boilerplate "factual" allegations, based solely on information and belief, that merely restate and recite verbatim statutory language from California's Uniform Voidable Transfers Act, without anything more.  This is wholly insufficient, and as a result thereof, the Complaint fails in its entirety.

## II.   SUMMARY OF FACTS

The Bankruptcy Case was initiated by the filing of an Involuntary Petition against Urban Commons, LLC on April 29, 2021 (Complaint, ¶ 6).  On June 24, 2021, the Order for Relief was entered in this case, and concurrently therewith, the United States Trustee appointed Carolyn A. Dye as the Chapter 7 Trustee (Complaint, ¶¶ 7-8).

Two years thereafter, on or about June 28, 2023, the Chapter 7 Trustee, through her counsel, brought this instant adversary action against Defendant to void a $38,149.03 payment from Debtor to Defendant that occurred on August 8, 2018 (Complaint, Exhibit 1) on the basis that the payment was "fraudulent," as otherwise defined in the California's Uniform Voidable Transfers Act ("Subject Transaction")[1].

## III.   LEGAL STANDARD OF PLAUSIBILITY ON MOTION TO DISMISS

Pursuant to Rules 7012, 7009, and 7008 of the Federal Rules of Bankruptcy Rules (the "Bankruptcy Rules"), which incorporate Rules 12(b)(6), 9(b), and 8(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff herein must meet both the plausibility standard and the heightened pleading standard for fraud to survive this motion to dismiss.

---

1. Had Plaintiff sought information re. the Subject Transaction from Defendant prior to commencing this Adversary Action, facts demonstrating the valid and proper nature of the Subject Transaction would have been shared, which would have obviated the need for this Action and saved both Defendant and this Court valuable resources of time and money.

### A. Plaintiff Must Meet the Plausibility Standard, Which Exceeds a Mere "Possibility."

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief," which "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  **Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.**'' ("Emphasis Added)" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

### B. Plaintiff Must Also Meet the Heightened Pleading Standard for Fraud.

Violations of the California Uniform Voidable Transactions Act must be alleged with particularity.  The pleading standard for a violation of California Civil Code §3439.04(a) "must comply with Fed.R.Civ.P. 9(b)'s particularity requirements." Nishibun v. Prepress Sols., Inc., 111 F.3d 138 (9th Cir. 1997); see Attebury Grain, LLC v. Grayn Co., 2015 WL 13688626 at *1 (C.D. Cal. October 9, 2015) (California Uniform Voidable Transactions Act must be alleged with particularity).  Indeed, because a claim for actual fraudulent transfer involves an allegation of fraud or mistake, it is subject to Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake"

and is applied by a federal court to both federal law and state law claims. Martinez v. CACH, LLC, 2011 WL 10730991, at *2 (S.D. Cal. Oct. 17, 2011) (citing Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1102–03 (9th Cir. 2003)).

"Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

Thus, a plaintiff's complaint must plead with particularity the circumstances surrounding the fraud or mistake. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy the heightened standard, allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). "Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

The Ninth Circuit in Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003) further provided that: "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint. In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted. Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals." Vess found that "it is established law in this and other circuits that such dismissals are appropriate."

As explained below, the Complaint utterly fails under the plausibility standard, let alone when scrutinized under the heighted pleading standard for fraud, such that dismissal of the entire Complaint should be granted.

## IV. EACH OF THE CAUSES OF ACTION FAILS TO STATE A CLAIM FOR RELIEF

Throughout the Complaint, the allegations follow a similar pattern of making conclusory and formulaic allegations of fraudulent transfers, without actually providing sufficient underlying *factual* basis as support. These scant, conclusory factual allegations are what the Supreme Court in Ashcroft described as "merely consistent with a defendant's liability," but "stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This is especially true here given the heightened pleading requirements for fraud. As such, the allegations are insufficient to state a claim under any of the causes of actions, as explained individually below.

### A. The First COA for Avoidance and Recovery of Fraudulent Transfer Fails to Meet the Pleading Standard.

The first cause of action alleges that the Subject Transaction was fraudulent. In sole support thereof, the Complaint makes the following boilerplate allegation:

> "15. Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers (a) without receiving any reasonably equivalent value in exchange for the transfers, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due."

This is merely a copy-and-paste of language taken verbatim from California Civil Code §3439.04. Complaints that merely recite elements of causes of action and conclusory statements are insufficient. (See Bell Atl. Corp v. Twombly, 550 U.S. 544, 547, (2007)). This is particularly egregious here given the heightened pleading standards for fraud. Even more incredulous is the absence of any allegations and factual support showing that the Subject Transaction itself was undertaken "[w]ith actual intent to hinder, delay, or defraud any creditor," as explicitly required by California Civil Code §3439.04(a). In light thereof, the first cause of action must be dismissed.

### B. The Second COA for Avoidance and Recovery of Voidable Fraudulent Transfer Fails to Meet the Pleading Standard.

The second cause of action alleges that the Subject Transaction was fraudulent and thus voidable. In sole support thereof, the Complaint makes the following boilerplate allegations:

> "19. The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of Defendant without receiving a reasonably equivalent value in exchange for the Four-Year Transfers because the Four-Year Transfers were made for no consideration.
>
> 20. The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor was insolvent at the time of the Four-Year Transfers or became insolvent as a result of the Four-Year Transfers in that the sum of the Debtor's debts exceeded all of the Debtor's assets."

Again, this is merely a copy-and-paste of language from California Civil Code §3439.05. Complaints merely reciting elements of causes of action and conclusory statements are insufficient. Bell Atl. Corp v. Twombly, 550 U.S. 544, 547, (2007). And again, Plaintiff's allegations fail to comport with the heightened pleading standards for fraud. In light thereof, the first cause of action must be dismissed.

### C. The Third COA for Recovery and Preservation of Transfer Fails to State a Plausible Claim.

This third cause of action requires the successful prosecution of causes of action one and/or two. Causes of action one and two fail for the reasons set forth herein, and by virtue thereof, the third cause of action must also fail.

### D. The Fourth COA for Disallowance of Claim Fails to State a Plausible Claim.

This fourth cause of action requires the successful prosecution of causes of action one and/or two. Causes of action one and two fail for the reasons set forth herein, and by virtue thereof, the fourth cause of action must also fail.

### V. THE COMPLAINT AND EACH CAUSE OF ACTION SHOULD BE DISMISSED

As explained above, the claims under California Civil Code §§3439.04 and 3439.05, fail to state a claim under the plausibility standard. Notwithstanding, even if some of these claims suffices the plausibility standard, each claim nonetheless fails to state a claim under

the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure for fraud. Based on the foregoing, Defendant respectfully requests that the Complaint and each cause of action therein be dismissed without leave to amend.

             Respectfully Submitted,

Dated: December 8, 2023      /s/ JAMES Y. CHU
                 JAMES Y. CHU,
                 Attorney for Defendant,
                 YOSEMITE VALLEY BEEF DISTRIBUTORS, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3731 Wilshire Blvd., Suite 635, Los Angeles, CA 90010.

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/08/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 12/08/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

  United States Bankruptcy Court, Central District of California
  Edward R. Roybal Federal Building and Courthouse
  255 E. Temple Street, Suite 1382 / Courtroom 1375
  Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/08/2023 | JAMES Y. CHU | /s/ JAMES Y. CHU |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    F 9013-3.1.PROOF.SERVICE

**ELECTRONIC MAIL NOTICE LIST**

Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc.
manderson@kjfesq.com

Mel Aranoff on behalf of Creditor Robert B. Cowan
maranoff@mbnlawyers.com

Simon Aron on behalf of Defendant Lone Oak Fund, LLC
saron@wrslawyers.com; moster@wrslawyers.com

Robert D Bass on behalf of Attorney Robert Bass
bob.bass47@icloud.com

Robert D Bass on behalf of Defendant Pacific Laurel Scott LLC
bob.bass47@icloud.com

Tod V Beebe on behalf of Defendant New Omni Bank, National Association
tbeebe@clarkhill.com

Tanya Behnam on behalf of Defendant Fortress Credit Corp.
tbehnam@polsinelli.com; tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com

Tanya Behnam on behalf of Interested Party Courtesy NEF
tbehnam@polsinelli.com; tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com

Reem J Bello on behalf of Interested Party Courtesy NEF
rbello@goeforlaw.com; kmurphy@goeforlaw.com

Eric Bensamochan on behalf of Defendant Interserv, L.P.
eric@eblawfirm.us; G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Sky Holdings LLC
eric@eblawfirm.us; G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Brian Egnatz
eric@eblawfirm.us; G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Howard Wu
eric@eblawfirm.us; G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Peter M Kam
eric@eblawfirm.us; G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Taylor Woods
eric@eblawfirm.us; G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us; G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us; G63723@notify.cincompass.com

David A Berkley on behalf of Defendant IPFS Corporation
david.berkley@wbd-us.com, mary.koo@wbd-us.com;halai.hashimi@wbd-us.com

Shraddha Bharatia on behalf of Interested Party Courtesy NEF
notices@becket-lee.com

Anthony Bisconti on behalf of Creditor John Michael Dannelley
tbisconti@bklwlaw.com; 7657482420@filings.docketbird.com;docket@bklwlaw.com

Anthony Bisconti on behalf of Creditor Mary A. Dannelley
tbisconti@bklwlaw.com; 7657482420@filings.docketbird.com;docket@bklwlaw.com

Wendy D Brewer on behalf of Defendant ASAP Property Holdings INC.
wbrewer@fmdlegal.com

Wendy D Brewer on behalf of Defendant Galaxy Investment Capital, Inc.
wbrewer@fmdlegal.com

Wendy D Brewer on behalf of Defendant Lodging USA Lendco LLC
wbrewer@fmdlegal.com

Wendy D Brewer on behalf of Defendant George Min-Hsieng Lee
wbrewer@fmdlegal.com

Bert Briones on behalf of Defendant G8 Holdings, INC
bb@redhilllawgroup.com; helpdesk@redhilllawgroup.com; RedHillLawGroup@jubileebk.net

Joseph E. Caceres on behalf of Defendant Crown Point Realty Capital, LLC
jec@locs.com; generalbox@locs.com

Andrew W Caine on behalf of Defendant FWREF Nashville Airport, LLC, a Delaware limited liability company
acaine@pszjlaw.com

James Chu on behalf of Defendant Yosemite Valley Beef Distributors, LLC
chu.james.y@gmail.com

Karol K Denniston on behalf of Defendant United Overseas Bank Limited
karol.denniston@squirepb.com; travis.mcroberts@squirepb.com; sarah.conley@squirepb.com; karol-k-denniston-9025@ecf.pacerpro.com

Carolyn A Dye (TR)
trustee@cadye.com; c197@ecfcbis.com; atty@cadye.com

Jesse S Finlayson on behalf of Defendant Jamison Properties, INC.
jfinlayson@ftrlfirm.com; hkader@ftrlfirm.com

Jesse S Finlayson on behalf of Defendant Third Point Capital, Inc.
jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com

Isaac M. Gabriel on behalf of Defendant Sitrick Group, LLC
gabriel.isaac@dorsey.com; Adelman.alexis@dorsey.com

Norma V Garcia on behalf of Creditor Clifford Rosen
ngarciaguillen@garciarainey.com; jnuzzo@garciarainey.com; geason@garciarainey.com; mjskapadia@garciarainey.com

Norma V Garcia on behalf of Creditor Ronald Christensen
ngarciaguillen@garciarainey.com;  jnuzzo@garciarainey.com; geason@garciarainey.com; mjskapadia@garciarainey.com

Norma V Garcia on behalf of Plaintiff Clifford Rosen
ngarciaguillen@garciarainey.com;  jnuzzo@garciarainey.com; geason@garciarainey.com; mjskapadia@garciarainey.com

Norma V Garcia on behalf of Plaintiff Ronald Christensen
ngarciaguillen@garciarainey.com;  jnuzzo@garciarainey.com; geason@garciarainey.com; mjskapadia@garciarainey.com

Evelina Gentry on behalf of Defendant Silver Point Finance, LLC
evelina.gentry@akerman.com; rob.diwa@akerman.com

Bernard R Given, II on behalf of Defendant Epic Entertainment Group, LLC
bgiven@loeb.com; mortiz@loeb.com; ladocket@loeb.com; bgiven@ecf.courtdrive.com

Alison S Gokal on behalf of Creditor Carl Carlson
service@gokallaw.com

Beth Gaschen on behalf of Defendant Potter Anderson & Corroon LLP
bgaschen@go2.law, kadele@go2.law; cmeeker@go2.law; cyoshonis@go2.law; bgaschen@ecf.courtdrive.com; dfitzgerald@go2.law

Beth Gaschen on behalf of Interested Party Courtesy NEF
bgaschen@go2.law, kadele@go2.law; cmeeker@go2.law; cyoshonis@go2.law; bgaschen@ecf.courtdrive.com; dfitzgerald@go2.law

Eric D Goldberg on behalf of Creditor Mirae Asset Securities & Investments (USA), LLC
eric.goldberg@dlapiper.com; eric-goldberg-1103@ecf.pacerpro.com

Eric D Goldberg on behalf of Defendant Mirae Asset Securities & Investments (USA), LLC
eric.goldberg@dlapiper.com; eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Petitioning Creditor Epic Entertainment Group LLC
jgolden@go2.law; kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Petitioning Creditor InterCommunications Inc.
jgolden@go2.law; kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Petitioning Creditor Selbert Perkins Design, Inc
jgolden@go2.law; kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Defendant Potter Anderson & Corroon LLP
jgolden@go2.law; kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com

Seth Goldman on behalf of Defendant Munger, Tolles & Olson, LLP
seth.goldman@mto.com

Michael H Goldstein on behalf of Defendant Goodwin Procter LLP
mgoldstein@goodwinprocter.com

David M Goodrich on behalf of Defendant Global Law Group Corporation
dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wgllp@ecf.courtdrive.com

Michael S Greger on behalf of Interested Party Constellation Place, LLC
mgreger@allenmatkins.com; kpreston@allenmatkins.com

Michael S Greger on behalf of Interested Party Courtesy NEF
mgreger@allenmatkins.com; kpreston@allenmatkins.com

Joseph G Harraka, Jr on behalf of Creditor Gruppo Italiano Progetti SRL
jgharraka@becker.legal; maferrentino@becker.legal

Douglas Harris on behalf of Interested Party Courtesy NEF
Douglas.harris@alston.com

Christopher D Hughes on behalf of Defendant Keri A Nelson
chughes@nossaman.com

Christopher D Hughes on behalf of Defendant Steven H Nelson
chughes@nossaman.com

Kevin Hutty on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

Nicolino Iezza on behalf of Creditor Murphy O'Brien, Inc., a California corporation
niezza@spiwakandiezza.com

Christopher Johnson on behalf of Creditor Crestline Hotels & Resorts, LLC
cjohnson@safarianchoi.com; scrippen@safarianchoi.com

Dirk O Julander on behalf of Attorney Dirk O. Julander
dcd@jbblaw.com

Dirk O Julander on behalf of Attorney M. Adam Tate
dcd@jbblaw.com

Dirk O Julander on behalf of Defendant Richard B Gerdts
dcd@jbblaw.com

Clifford P Jung on behalf of Defendant JWW Hotel Investment, LLC
clifford@jyllp.com; ry@jyllp.com; jessica@jyllp.com

Clifford P Jung on behalf of Defendant Progeny Capital Partners, LLC
clifford@jyllp.com; ry@jyllp.com; jessica@jyllp.com

Clifford P Jung on behalf of Defendant 5740 FAMILY HOLDINGS LIMITED COMPANY
clifford@jyllp.com; ry@jyllp.com;

Daniel King on behalf of Defendant Pasadena Investment Capital LLC
dking@theattorneygroup.com; r44432@notify.bestcase.com

Daniel King on behalf of Defendant Taylor R. Woods
dking@theattorneygroup.com; r44432@notify.bestcase.com

Leib M Lerner on behalf of Interested Party Courtesy NEF
leib.lerner@alston.com; autodockettest-lax@alston.com; Melanie.mizrahie@alston.com

Adam A Lewis on behalf of Defendant Morrison & Foerster LLP
alewis@mofo.com; adam-lewis-3473@ecf.pacerpro.com

Jason L. Liang on behalf of Defendant Mei Li Hsu
jliang@lianglyllp.com

Peter M Lively on behalf of Defendant Musictrip.com INC.
PeterMLively2000@yahoo.com

Kelvin J Lo on behalf of Defendant Happy Tree, Inc.
bklolaw@gmail.com

Aaron J Malo on behalf of Defendant Pacific Premier Bank
amalo@sheppardmullin.com; clopez@sheppardmullin.com; abilly@sheppardmullin.com

Zachary Evan Mazur on behalf of Petitioning Creditor Epic Entertainment Group LLC
zachary@saracheklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor InterCommunications Inc.
zachary@saracheklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor Selbert Perkins Design, Inc
zachary@saracheklawfirm.com

Lisamarie McDermott on behalf of Defendant Nextera, LLC
lisamariem@jbulaw.net; stephanieg@jbulaw.net

Lisamarie McDermott on behalf of Defendant J. Brian Urtnowski, P.C.
lisamariem@jbulaw.net; stephanieg@jbulaw.net

Byron Z Moldo on behalf of Interested Party Courtesy NEF
bmoldo@ecjlaw.com; amatsuoka@ecjlaw.com; dperez@ecjlaw.com

Shane J Moses on behalf of Defendant Belfor USA Group, Inc.
smoses@foley.com, llanglois@foley.com; lanii-langlois-4514@ecf.pacerpro.com; swells@foley.com

Miguel A Munoz on behalf of Debtor Urban Commons LLC
miguel@miguelmunozlaw.com; g12207@notify.cincompass.com; munoz.miguelb112802@notify.bestcase.com

Miguel A Munoz on behalf of Defendant Urban Commons LLC
miguel@miguelmunozlaw.com; g12207@notify.cincompass.com; munoz.miguelb112802@notify.bestcase.com

Bennett Murphy on behalf of Defendant Quinn Emanuel Urquhart & Sullivan, LLP
bmurphy@bennettmurphylaw.com

David C Nealy on behalf of Defendant Urban Realty & Management, Inc.
david.nealy@limnexus.com, mimi.cho@limnexus.com

Jeffrey P Nolan on behalf of Defendant Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Brighton Management, LLC
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant FWREF Nashville Airport, LLC, a Delaware limited liability company
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Joseph Fan
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Mei-Shueh Wu Yang
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Nicolas Teng
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Roland Wu
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Yu Fen Chang
jnolan@pszjlaw.com

Scott H Noskin on behalf of Creditor Robert B. Cowan
snoskin@mbnlawyers.com; aacosta@mbnlawyers.com

Leonard Pena on behalf of Plaintiff Carolyn Dye
lpena@penalaw.com; penasomaecf@gmail.com; penalr72746@notify.bestcase.com

Leonard Pena on behalf of Plaintiff Carolyn A Dye
lpena@penalaw.com; penasomaecf@gmail.com; penalr72746@notify.bestcase.com

Leonard Pena on behalf of Plaintiff Carolyn A. Dye
lpena@penalaw.com; penasomaecf@gmail.com; penalr72746@notify.bestcase.com

Leonard Pena on behalf of Trustee Carolyn A Dye (TR)
lpena@penalaw.com; penasomaecf@gmail.com; penalr72746@notify.bestcase.com

Misty A Perry Isaacson on behalf of Defendant Basil O. Chidi Funk as the Trustee of the Chidi Funk Family Trust
misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net

Jerry S Phillips on behalf of Defendant Epic Entertainment Group, LLC
jphillips@loeb.com

Jerry S Phillips on behalf of Petitioning Creditor Epic Entertainment Group LLC
jphillips@loeb.com

Michael E Plotkin on behalf of Defendant Phoenix Travel, Inc.
mepesq@earthlink.net, R58418@notify.bestcase.com

Michael J Quinn on behalf of Defendant Vedder Price PC
mquinn@vedderprice.com; ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com; ahirschkowitz@vedderprice.com

Julie H Rome-Banks on behalf of Defendant Massive Dynamic Inc.
julie@bindermalter.com

Michael Salanick on behalf of Creditor Agnes Shene Hwa Chin
msalanick@salanicklaw.com

Michael Salanick on behalf of Creditor Michael Chiang
msalanick@salanicklaw.com

Joseph E Sarachek on behalf of Petitioning Creditor Epic Entertainment Group LLC
joe@saracheklawfirm.com; jon@saracheklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor InterCommunications Inc.
joe@saracheklawfirm.com; jon@saracheklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor Selbert Perkins Design, Inc
joe@saracheklawfirm.com; jon@saracheklawfirm.com

Scott A Schiff on behalf of Defendant Direct Media Advertising, Inc.
sas@soukup-schiff.com

Scott A Schiff on behalf of Defendant ERJMJ Investments, LP
sas@soukup-schiff.com

Jacqueline D Serrao on behalf of Creditor Tina Fenelly
jds@cabkgroup.com; attorneygary@gmail.com

Michael A Shakouri on behalf of Creditor Maguire Properties - 777 Tower, LLC
mshakouri@goodkinlaw.com; rnolan@pdv-llc.com

Charles Shamash on behalf of Defendant Crown Point Realty Capital, LLC
cs@locs.com; generalbox@locs.com

Charles Shamash on behalf of Interested Party Crown Point Realty Capital, LLC
cs@locs.com; generalbox@locs.com

Summer M Shaw on behalf of Interested Party Neufeld Marks
ss@shaw.law; shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com

Timothy J Silverman on behalf of Creditor Enterprise Bank & Trust, its successors and/or assignees
tsilverman@scheerlawgroup.com; tsilverman1@ecf.courtdrive.com

Timothy J Silverman on behalf of Defendant Enterprise Bank & Trust
tsilverman@scheerlawgroup.com; tsilverman1@ecf.courtdrive.com

Jade Smith-Williams on behalf of Plaintiff Berritto Enterprises LLC
jsmithwilliams@baileyglasser.com; jzumot@baileyglasser.com; mweintraub@baileyglasser.com

Peter T Steinberg on behalf of Interested Party Courtesy NEF
mr.aloha@sbcglobal.net

James E Till on behalf of Defendant UBS Bank USA
james.till@till-lawgroup.com,martha.araki@till-lawgroup.com; myrtle.john@till-lawgroup.com; sachie.fritz@till-lawgroup.com

James E Till on behalf of Defendant Heli Myyrylainen
james.till@till-lawgroup.com,martha.araki@till-lawgroup.com; myrtle.john@till-lawgroup.com; sachie.fritz@till-lawgroup.com

James E Till on behalf of Interested Party Courtesy NEF
james.till@till-lawgroup.com,martha.araki@till-lawgroup.com; myrtle.john@till-lawgroup.com; sachie.fritz@till-lawgroup.com

James E Till on behalf of Interested Party Courtesy NEF
james.till@till-lawgroup.com,martha.araki@till-lawgroup.com; myrtle.john@till-lawgroup.com; sachie.fritz@till-lawgroup.com

Jennifer R Tullius on behalf of Creditor Bruce Beretta
jtullius@tulliuslaw.com

Jennifer R Tullius on behalf of Defendant Bruce Beretta
jtullius@tulliuslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Gerrick Warrington on behalf of Defendant WELLS FARGO BANK, N.A.
gwarrington@frandzel.com, achase@frandzel.com

Corey R Weber on behalf of Interested Party Courtesy NEF
cweber@bg.law; ecf@bg.law

Rebecca J Winthrop on behalf of Defendant National Financial Services LLC
rebecca.winthrop@nortonrosefulbright.com; evette.rodriguez@nortonrosefulbright.com

Nathaniel R Wood on behalf of Defendant FVP Servicing, LLP
nrwood@yahoo.com

Nathaniel R Wood on behalf of Interested Party Courtesy NEF
nrwood@yahoo.com

S Christopher Yoo on behalf of Defendant Frost Brown Todd LLC
cyoo@fbtlaw.com, vdelgado@fbtlaw.com

David R Zaro on behalf of Defendant Parklico, INC.
dzaro@allenmatkins.com

Roye Zur on behalf of Creditor Capital Lending Resources, Inc. Profit Sharing Trust Dated April 1, 1997
rzur@elkinskalt.com; cavila@elkinskalt.com; lwageman@elkinskalt.com; 1648609420@filings.docketbird.com

Roye Zur on behalf of Other Professional WBC Special Assets, LLC
rzur@elkinskalt.com; cavila@elkinskalt.com; lwageman@elkinskalt.com; 1648609420@filings.docketbird.com

Joshua del Castillo on behalf of Defendant Parklico, INC.
jdelcastillo@allenmatkins.com; mdiaz@allenmatkins.com