| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>LEONARD PEÑA<br>lpena@penalaw.com<br>Pena & Soma, APC<br>479 S. Marengo Avenue<br>Pasadena, CA 91101<br>Tel: 626-396-4000<br>Fax: 626-498-8875<br><br>State Bar Number: *192898*<br><br><br><br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for: Carolyn A. Dye, Chapter 7 Trustee* | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br><br><br><br>Urban Commons, LLC<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:21-bk-13523 WB<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s)  _Carolyn A. Dye, Chapter 7 Trustee_ , filed a motion or application (Motion) entitled: TRUSTEE'S MOTION FOR ORDER APPROVING: SETTLEMENT AGREEMENT WITH ERNST & YOUNG US LLP AND APPROVING FORM OF SETTLEMENT AGREEMENT; DECLARATION OF CAROLYN A. DYE IN SUPPORT THEREOF

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

   a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

   b. If you fail to comply with this deadline:

      (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

      (2) Movant will lodge an order that the court may use to grant the Motion; and

      (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 8/26/2024

Signature of Movant or attorney for Movant

LEONARD PENA

Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
479 South Marengo Ave.
Pasadena, California 91101
Telephone (626) 396-4000
Facsimile (626) 498-8875

Attorneys for Carolyn A. Dye,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No. 2:21-bk-13523 WB |
| | ) |
| URBAN COMMONS, LLC, | ) Chapter 7 |
| | ) |
| Debtor. | ) TRUSTEE'S MOTION FOR ORDER |
| | ) APPROVING: |
| | ) |
| | ) SETTLEMENT AGREEMENT WITH ERNST |
| | ) & YOUNG US LLP AND APPROVING |
| | ) FORM OF SETTLEMENT AGREEMENT; |
| | ) DECLARATION OF CAROLYN A. DYE |
| | ) IN SUPPORT THEREOF |
| | ) |
| | ) [11 U.S.C. § 105; F.R.B.P. |
| | ) 9019; L.B.R. 9013-1 AND 9019] |
| | ) |
| | ) [NO HEARING REQUIRED UNLESS |
| | ) REQUESTED] |
| | ) |
| | ) |

**TO:  THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY**

**JUDGE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED**

**PARTIES:**

/ / /

Carolyn A. Dye, chapter 7 trustee ("Trustee") of the bankruptcy estate of Urban Commons, LLC ("Debtor") moves the Court for an order approving Settlement Agreement with Ernst & Young US LLP ("EY") and Approving Form of Settlement Agreement ("Agreement") executed by the Trustee and EY.

This Motion is based on 11 U.S.C. §§ 105 and 157, Federal Rules of Bankruptcy Procedure 9019(a), and Local Bankruptcy Rules 9013-1 and 9019-1, the notice of motion filed and served concurrently herewith; this Motion, the memorandum of points and authorities, the declaration of Carolyn A. Dye in support thereof; all pleadings and records on file herein; all matters which are subject to judicial notice and all other evidence which may be introduced at or prior to any hearing on this Motion.

**WHEREFORE**, the Trustee respectfully asks this Court to enter an order:

1. Approving the Agreement as being in the best interest of the estate and as an exercise of the Trustee's reasonable business judgment;

2. Approving the form of the Agreement;

3. Determining that adequate notice was provided to all interested parties; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4.    Authorizing the Trustee to execute all documents

necessary to effectuate the Agreement.

DATED:  August 26, 2024                    PEÑA & SOMA, APC

                                    By  _____
                                        LEONARD PEÑA
                                        Attorneys For Carolyn A. Dye,
                                        Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### JURISDICTION, VENUE AND

### STATUTORY PREDICATES FOR RELIEF

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§105 and 157.  The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).  Venue is proper in this district pursuant to 28 U.S.C. §1409(a).  The statutory predicates for relief requested in the Motion are section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules 9013-1 and 9019-1.

## II.

### RELEVANT FACTS

This case was commenced by the filing of an involuntary chapter 7 petition on April 29, 2021 (the "Petition Date").  The order for relief in the Debtor's case was entered on June 24, 2021.

Carolyn A. Dye is the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

**A.  Dye v. EY US adv. no. 2:23-ap-01234-WB**

The Trustee is informed and believes, after reviewing the Debtor's books and records, that in the 2-year period prior to the Petition Date, the Debtor made a transfer totaling or otherwise paid to EY the sum of $397,275.00.

/ / /

1    __ ___The Trustee believes that the payment to EY is a fraudulent
2  transfer that the Trustee may avoid pursuant to 11 U.S.C. §§
3  548, 550 and the applicable state fraudulent transfer statutes
4  ("Transfer").

5      The Trustee commenced an adversary proceeding against EY to
6  avoid and recover the Transfer titled *Dye v. EY US adv. no.*
7  *2:23-ap-01234-WB* ("Adversary Proceeding").

8      The purpose of this Motion is to compromise and otherwise
9  resolve the Trustee's disputes with EY regarding the estate's
10 right to avoid the Transfer pursuant to 11 U.S.C. §§ 548 and
11 550.

12

13                         **III.**

14                   **RELIEF REQUESTED**

15 **A.**    **The Ninth Circuit Standard for Compromises of**
16        **Controversies**.

17     Inherent in the grant of jurisdiction to the District
18 Court's overall civil proceedings arising under, arising in or
19 related to cases under Title 11 is the Court's authority, under
20 Section 105(a) of the Bankruptcy Code, to enter orders approving
21 compromises.  This power is expressly recognized in Federal Rule
22 of Bankruptcy Procedure 9019(a), which provides that a court may
23 approve a compromise or settlement after notice is provided
24 pursuant to Federal Rule of Bankruptcy Procedure 2002.
25 Fed.R.Civ.P. 2002(a)(3), 9019(a).  Approval of the compromise is
26 a "core proceeding" under 28 U.S.C. § 157(b)(2)(A)(O).  *Druker*
27 *v. Greene (In re Carla Leather, Inc.),* 50 B.R. 764, 775
28 (S.D.N.Y. 1985).

1  ---- -The approval or rejection of a proposed compromise is

2  within the discretion of the Court and is to be determined by

3  the circumstance of each case.  *U.S. v. Alaska Nat'l Bank of the*

4  *N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir.

5  1982).  The burden of establishing the fairness of the

6  compromise rests on the proponent.  The Trustee is required to

7  demonstrate that legal evaluations were made by counsel

8  experienced in such matters and that enough investigation was

9  conducted to enable such counsel to make an informed decision.

10 *See Feder v. Harrington*, 58 F.R.D. 171, 174-175 (S.D.N.Y. 1972).

11 The Trustee satisfies her burden in this case.

12      In determining the acceptability of a proposed compromise,

13 the following four factors should be considered:

14           (a)  The probability of success in the litigation;

15           (b)  The difficulties, if any, to be encountered in

16 the matters of collection;

17           (c)  The complexity of the litigation; and the

18 expense, inconvenience and delay necessarily attending it; and

19           (d)  The paramount interest of the creditors and the

20 proper deference to their reasonable views.  *Martin v. Kane (In*

21 *re A&C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *Lambert v.*

22 *Flight Transp.*, 730 F.2d 1128, 1135 (8th Cir. 1984); *cert.*

23 *denied sub nom.  Reavis & McGrath v. Antinore*, 469 U.S. 1207,

24 105 S.Ct. 169, 84 L.Ed.2d 310 (1985).

25      Based upon evidence presented to it, this Court is not

26 required to decide the questions of law and fact in dispute, but

27 instead to canvass the issues to see whether the "settlement

28 falls below the lowest point in a range of reasonableness".

1   *Anaconda-Ericsson Inc. (In re Teletronics Serv., Inc.),* 762 F.2d

2   185, 189 (2nd Cir. 1985), *quoting In re W.T. Grant Co.,* 699 F.2d

3   599, 608 (2nd Cir. 1983), *cert. denied sub nom; Cosoff v.*

4   *Rodman,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).   When

5   applying the above standards, and "[i]n passing upon the

6   proposed settlement, the Court must consider the principle that

7   law favors compromise.'"   *In re Carson,* 82 B.R. 847, 853 (Bankr.

8   S.D. Ohio 1994) (citations omitted).   *See also A&C Prop.,* 784

9   F.2d at 1381.

10      **B.    Application of Criteria to the Facts of the Case**.

11      Application of the above-described standards to the matter

12   before this Court demonstrates that the Trustee established the

13   reasonableness and fairness of the Agreement with EY, and it

14   should therefore be approved.

15      The Trustee's and her counsel's investigation of the facts

16   and review of documents received during discovery related to the

17   Transfer to EY reveals that EY is a company that provides

18   accounting services and other related financial services.

19      The Trustee learned through discovery, that on or about

20   August 11, 2017, the Debtor and EY entered into an agreement

21   whereby EY would provide U.S. Federal and State Income Tax

22   preparation services for the Debtor.   The 2017 agreement was

23   supplemented with a new Statement of Work Agreement on June 12,

24   2018, where the scope of the services was expanded to include

25   tax preparation services for approximately 53 LLCs that were

26   described as affiliates of the Debtor.   Finally, the 2017

27   agreement was supplemented a second time with a new Statement of

28

1  Work Agreement on March 10, 2020, for additional tax preparation

2  work for the 2020 tax year.

3       EY asserts and it provided the Trustee with evidence that,

4  the Transfer was in consideration for tax preparation services,

5  pursuant to the agreements described above, for the Debtor and

6  approximately 53 other LLCs.  EY further alleges that it is

7  still owed over $257,000.00 by the Debtor and/or its affiliates

8  for tax preparation services.  EY asserted that it has an

9  equitable claim of setoff against any potential liability it may

10 have to the estate and that its tax preparation services

11 benefited the Debtor.  Finally, EY asserts that pursuant to the

12 multiple written agreements between EY and the Debtor, the

13 Debtor agreed to pay for all the fees related to the tax

14 preparation services for the Debtor and all its affiliates.

15       Litigating with EY would be costly, and more importantly

16 with an uncertain outcome.  The contracts between the Debtor and

17 EY, while subject to some interpretation, appear to obligate the

18 Debtor to pay for all the fees associated for tax services for

19 the Debtor and for 53 LLCs purportedly affiliated to the Debtor.

20 Furthermore, EY appears to have relied on the language in the

21 contracts and in fact provided tax services and in exchange the

22 Debtor made payments to EY pursuant to the terms of the

23 contract.  The Trustee believes that this course of conduct

24 between the Debtor and EY may ultimately impact her litigation

25 against EY.  Finally, litigating EY's setoff defense will be a

26 costly endeavor and without a certain outcome.

27       The Transfer claim against EY is $397,275.00 but is subject

28 to EY's asserted defenses.  Considering the fees and costs

associated with the litigation of the claim against EY the

Trustee believes that settlement is prudent and reasonable.  The

Trustee believes that any suit against EY would be costly and

result in unnecessary legal fees and expenses.

The Trustee needs to put forth expert testimony regarding

the Debtor's insolvency, reasonably equivalent value and

litigate all EY's potential defenses.  In this case, EY asserts

that it prepared tax returns not only for the Debtor but for at

least 53 related LLCs and that those tax services benefitted the

Debtor and therefore the Transfer is not avoidable.

For all of the foregoing reasons, the Trustee believes that

the settlement described in this Motion was advisable and, in

the Debtor's, and the estate's best interest.

**C.**    **The Settlement Agreement**.

The following is a summary of the salient terms of the

Agreement and is not meant to be a comprehensive review of the

provisions.  In the event of any inconsistencies between the

terms and provisions of the Agreement and the description below,

the provisions of the Agreement, and not this Motion, shall

govern:

**General Terms of Agreement**

1.    EY agrees to pay the Trustee the total sum of

fifty thousand dollars ($50,000.00) ("Settlement Funds") to

settle all claims against it related to the Transfer.

2.    The Trustee and EY will exchange mutual releases.

3.    EY will produce to the Trustee copies of all of

the tax returns in prepared for the Debtor and its affiliates as

well as return to the Trustee all documents it received from the
Debtor and its affiliates.

    4.   The Trustee will seek Court approval of the
Agreement.

**D.**  **The Settlement is Fair, Equitable and In the Best
Interest of the Estate and its Creditors.**

The Trustee determined in her business judgment, that considering the costs and expenses, that would be incurred by the estate litigating with EY, the Agreement is in the best interest of the estate and its creditors.

The estate will immediately receive $50,000.00 of the $397,275 that is in dispute, which the Trustee believes is a fair recovery at a time when that the estate has not expended a substantial amount of fees and costs to reach this settlement.

The Agreement which is the subject of this Motion is based on the opinions of the Trustee's general bankruptcy counsel and the Trustee's own experience.  As such, the Agreement with the EY is reasonable and in the best interest of the estate.  Before signing the Agreement, the Trustee discussed the reasonableness of the terms of the Agreement with her counsel.

After considering all the foregoing, and after evaluating the best manner to liquidate the estate's property, the Trustee made the decision that the Agreement with EY was advisable, reasonable, and in the best interest of the estate and should be approved by this Court.

/ / /

/ / /

/ / /

## IV.

### EFFECT OF SETTLEMENT ON THE ADMINISTRATION OF THE ESTATE

In this case, to date, 100 claims have been filed for the total amount of approximately $131,844,829.00.  It is apparent that the Trustee will never recover sufficient funds to pay all creditors in full or nearly in full.  However, the Trustee will continue to attempt to recover monies for creditors in the most economical manner possible such that compromises are net positive after taking into consideration the fees and costs associated with obtaining the settlement.  Presently the estate remains administratively solvent, although it is impossible to predict at this point what the distribution to creditors might be at the end of the case.

Thus, assuming approval of this settlement, the Trustee is confident there will be money to distribute to general unsecured creditors.

## V.

### CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order approving the Agreement in the form annexed hereto pursuant to § 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) and grant such other and further relief as it deems just and proper.

DATED:  August 26, 2024            PEÑA & SOMA, APC


By _____
   LEONARD PEÑA
   Attorneys for Carolyn A. Dye,
   Chapter 7 Trustee

## **DECLARATION OF CAROLYN A. DYE**

I, Carolyn A. Dye, declare as follows:

1.    I am the duly qualified and acting Chapter 7 trustee in the above-captioned case.  I have personal knowledge of the facts described herein and if called as a witness, I could and would testify competently thereto.

2.    I offer this declaration in support of my motion to approve the Settlement Agreement ("Agreement") with Ernst & Young US LLP ("EY").

3.    This case was commenced by the filing of an involuntary chapter 7 petition on April 29, 2021 (the "Petition Date").  The order for relief in the Debtor's case was entered on June 24, 2021.

4.    I learned, after reviewing the Debtor's books and records, that in the two-year period prior to the petition date, the Debtor transferred or otherwise paid to EY the sum of $397,275.00.

5.    I believe that the payment to EY is an avoidable transfer that I may avoid pursuant to 11 U.S.C. §§ 548, 550 and related state fraudulent transfer statutes ("Transfer").

6.    My counsel's investigation of the facts and review of documents received during discovery surrounding the Transfer to EY reveals that EY is a company that provides accounting services and other related financial services.

7.    My counsel and I learned through discovery, that on or about August 11, 2017, the Debtor and EY entered into an agreement whereby EY would provide U.S. Federal and State Income Tax preparation services for the Debtor.  The 2017 agreement was

supplemented with a new Statement of Work Agreement on June 12, 2018, where the scope of the services was expanded to include tax preparation services for approximately 53 LLCs that were described as affiliates of the Debtor.  Finally, the 2017 agreement was supplemented a second with a new Statement of Work Agreement on March 10, 2020, for additional tax preparation work for the 2020 tax year.

8.   EY produced documentary evidence to my counsel that the Transfer was in consideration and payment for tax preparation services, pursuant to the agreements described above, rendered to the Debtor and approximately 53 other LLCs. EY further alleges and produced evidence that that it is still owed over $257,000.00 by the Debtor and/or its affiliates for tax preparation services.

9.   EY asserted that it can assert an equitable claim of setoff of the $257,000.00 of unpaid services against any potential liability it may have to the estate.  EY also asserts that the unpaid tax services rendered to the Debtor and its affiliates benefited the Debtor; I believe it would be difficult to contradict this argument.

10.   EY asserts that pursuant to the multiple written agreements between EY and the Debtor, the Debtor agreed to pay for all the fees related to the tax preparation services for the Debtor and all its affiliates.  Again, it would be difficult to contradict the language contained in the prepetition contracts between the Debtor and EY.  Settlement of all of these disputes seems reasonable and advisable.

/ / /

11.  Litigating the foregoing factual issues with EY would be costly, and more importantly with an uncertain outcome.  The contracts between the Debtor and EY, while subject to some interpretation, appear to obligate the Debtor to pay for all the fees associated with, not only, for tax services related to the Debtor but also for many other LLCs that appear remotely related to the Debtor.

12.  Furthermore, EY appears to have relied on the language in the contracts and provided tax services to the Debtor and the 53 LLCs and in turn the Debtor made payments to EY pursuant to the terms of the contract.

13.  I believe that the existence of the prepetition contracts between EY and the Debtor and the course of conduct between the Debtor and EY may ultimately negatively affect my litigation against EY.

14.  Likewise, litigating EY's setoff defense will be a costly endeavor and without a certain outcome and if resolved in EY's favor could reduce if not fully setoff EY's potential liability.

15.  Considering the fees and costs associated with the litigation of the claim against EY, and the difficulty overcoming EY's setoff claims in light of the prepetition contracts between the Debtor and EY, the Trustee believes that settlement is prudent and reasonable.  I believe that any suit against EY would be costly and result in unnecessary legal fees and expenses.

16.  I need to put forth expert testimony regarding the Debtor's insolvency, reasonably equivalent value and litigate

1   all EY's potential defenses.   In this case, EY asserts that it

2   prepared tax returns not only for the Debtor but at least 53

3   related LLCs and that those tax services benefitted the Debtor

4   and therefore the Transfer is not avoidable.

5        17.   I would also need expert testimony regarding the

6   Debtor's insolvency and possibly the insolvency of the 53

7   entities for which EY prepared tax returns at a time where I

8   have few records related to those entities.

9        18.   I believe even a low estimate of the cost for an

10  expert report, depositions, and expert testimony in a case like

11  this is $25,000.00.

12       19.   I believe that the claim against EY could be proven

13  but at the same time EY has indicated that it has defenses to

14  the fraudulent transfer claims.   Particularly, EY indicated that

15  it has defenses which will defeat completely or substantially

16  reduce any liability it has to the estate.

17       20.   I believe that litigating with EY would not provide

18  any substantial upside for the estate or its creditors

19  particularly given then factual disputes described above and

20  when the estate has expended a very modest amount of fees and

21  costs reaching the settlement with EY.

22       21.   If I were to litigate with EY, I believe that the fees

23  and costs of prosecuting an adversary proceeding would easily

24  result in a net result to the estate that is less than the

25  $50,000.00 EY offered to resolve the avoidance claim.

26       22.   In the years I have been a bankruptcy trustee, I have

27  been the plaintiff in many avoidance actions in many bankruptcy

28  cases and am aware of the diminishing returns involved in

1  litigating claims where the recovery is relatively modest.  I

2  believe the claim against EY is one such claim where the fees

3  and costs associated with litigating the claim could very

4  quickly surpass the value of the claim.

5      23.  For all the foregoing reasons and considering the

6  costs and expenses that would be incurred by the estate

7  litigating with EY, I entered into the Agreement with EY that is

8  attached hereto as Exhibit "1".

9      I declare under penalty of perjury under the laws of the

10  United States of America that the foregoing is true and correct.

11

12      Executed this 26th day of August 2024, at Sherman Oaks,

13  California.

14

15

16                                    CAROLYN A. DYE

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Carolyn A. Dye, Chapter 7 Trustee for the bankruptcy case of In re Urban Commons, LLC (the "Trustee") pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No. 2:21-bk-13523 WB (the "Bankruptcy Case") and Ernst & Young US LLP (the "Settling Party"), sometimes collectively referred to herein as the "Parties" and each as a "Party."

## I.

## FACTUAL RECITALS

The Parties enter into this Agreement with reference to the following facts:

A.      This case was commenced by the filing of an involuntary chapter 7 petition on April 29, 2021 (the "Petition Date") of Urban Commons, LLC (the "Debtor"). The order for relief in the Debtor's case was entered on June 24, 2021.

B.      Carolyn A. Dye is the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

C.      After reviewing the Debtor's books and records, the Trustee believes that prior to the Petition Date the Debtor transferred or otherwise paid to the Settling Party the sum of $397,275.00 (the "Transfer").

D.      The Trustee believes that the Transfer may be avoided pursuant to applicable state and/or federal fraudulent transfer statutes.

E.      The Trustee commenced an adversary proceeding against the Settling Party to avoid and recover the Transfer, titled *Dye v. EY US, a business entity of form unknown*, Adv. No. 23-ap-01234-WB (the "Adversary Proceeding").

F.      The Settling Party denies any liability with respect to the Transfer, including that the Trustee may avoid the Transfer, and asserts that it has defenses that will defeat all of the Trustee's avoidance claims.

G.      The Parties desire to resolve all these issues by this Agreement and agree that litigating these issues would be costly and have an uncertain outcome.

NOW, THEREFORE, FOR VALUABLE CONSIDERATION, the receipt and adequacy of which are hereby acknowledged, the Parties hereto agree as follows:

/ / /

/ / /

## II.

## TERMS OF AGREEMENT

1.    <u>Incorporation of Recitals</u>
The recitals set forth above are not only recitals but form an integral part of this Agreement and are true and correct statements of fact and are incorporated herein by this reference.

2.    <u>Bankruptcy Court Approval</u>
If the Trustee has not already obtained authority from the Bankruptcy Court to implement this Agreement, promptly upon the execution of this Agreement, the Trustee will file within 7 calendar days a motion and/or commence another appropriate proceeding with the Bankruptcy Court, whereby the Trustee shall request that the Bankruptcy Court approve and authorize the terms and conditions of this Agreement. Except as otherwise set forth below, the Parties agree that the rights and obligations of the Parties arising under this Agreement are specifically conditioned upon entry of a final Bankruptcy Court order approving and authorizing the terms and conditions of this Agreement where such order is no longer subject to any timely appeal or motion for reconsideration (the "Order").

3.    <u>Consideration from Settling Party</u>
a.    Settling Party agrees to pay the Trustee the total sum of fifty thousand dollars ($50,000.00) ("Settlement Funds").  The Settling Party shall pay (or cause to be paid) the Settlement Funds to the Trustee as described in paragraph 3.b. below.

b.    Settling Party shall pay the Settlement Funds as follows:

$50,000.00 in one lump sum cash payment to the Trustee within 8 business days after the entry of the Order.  The payment shall be made by wire transfer pursuant to instructions that the Trustee provides to the Settling Party.

c.    As further consideration, the Settling Party agrees to deliver to the Trustee's counsel within 30 business days after the entry of the Order, a copy of any final tax returns that were prepared for the Debtor and the Debtor's affiliates, as well as a copy of any extensions and/or estimated state tax vouchers that were provided to the Debtor prior to the Petition Date.  The Settling Party also agrees to deliver a copy of the documents that the Debtor and/or its affiliates provided prior to the Petition Date to assist with the tax preparation services.

d.    Excepting the obligations under this Agreement, and effective upon the Bankruptcy Court's approval of this Agreement pursuant to the Order, the Settling Party hereby irrevocably and unconditionally releases, acquits and forever discharges the Trustee, the Debtor and each and all of their respective present and former representatives, agents, servants, employees, attorneys, successors and assigns, and each of them, and all persons acting by, through, under or in concert with any of them from

any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, absolute or contingent, matured or unmatured (collectively, "Claims") that are based on, relate to, refer to, or arise out of any of the matters or facts set forth in the Factual Recitals to this Agreement, the Transfer, or the Adversary Proceeding. Furthermore, the Settling Party waives any other Claims against the Debtor or the Estate that are based on, relate to, refer to, or arise out of any matters or facts occurring prior to and including the date of this Agreement, whether or not relating to or arising out of the Transfer.

      4.    <u>Consideration from the Trustee</u>

        a.  Subject to Paragraph 3, above, and upon payment in full of the Settlement Funds by the Settling Party and in accordance with the terms described in Paragraph 3, above, the Trustee will irrevocably and unconditionally waive all her rights and claims to avoid and recover the Transfer, with each Party to bear its own legal fees and costs. Within 7 calendar days after receipt of the Settlement Funds, the Trustee shall dismiss the Adversary Proceeding.

        b.  Excepting the obligations under this Agreement, the Trustee hereby irrevocably and unconditionally releases, acquits and forever discharges the Settling Party, its affiliates, Ernst & Young Global Ltd. (and all of its member firms) and Ernst & Young Global Services and each and all of their respective present and former parents, partners, principals, owners, affiliates, subsidiaries, divisions, branches, units, predecessors, successors and assigns, equity holders, members, managers, directors, officers, representatives, agents, servants, employees, attorneys, administrators, retained professionals, independent contractors, insurers, and all persons acting by, through, under or in concert with any of them (collectively, the "Settling Party Released Parties") from any and all Claims of or that could be brought by the Trustee, the Debtor or the Estates that are based on, relate to, refer to, or arise out of (i) any of the matters or facts set forth in the Factual Recitals to this Agreement, the Transfer, or the Adversary Proceeding or (ii) any other matters or facts occurring prior to and including the date of this Agreement, whether or not relating to or arising out of the Transfer.

      5.    <u>Civil Code Section 1542 Release.</u>  Except for the obligations of the Parties arising under this Agreement, the Parties agree this Agreement fully and finally releases and forever resolves the matters released herein, and the Parties, individually and collectively, hereby waive all benefits under Section 1542 of the California Civil Code, as well as under any other statutes or common law principles of similar effect. The Parties acknowledge having read and understood Section 1542, which states as follows:

          A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR

HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

6.   Effectuation.
The Parties agree to take such action and execute all further documents
that may be reasonably necessary or appropriate to effectuate the provisions of this
Agreement.

7.   Jurisdiction.
The Bankruptcy Court overseeing the Debtor's Bankruptcy Case retains
exclusive jurisdiction (subject only to the right of appeal) to resolve all disputes
pertaining to this Agreement, including the enforcement of any of its terms.

8.   Representations and Warranties.
Each Party hereto represents and warrants that:

a.   This Agreement is executed without reliance on any statement,
representation, promise, inducement, understanding, or agreement by or on behalf of any
other Party hereto or by or on behalf of any representative or agent employed by any of
them, other than the matters expressly set forth herein;

b.   No promise, inducement, understanding or agreement not expressed herein
has been made to or with any party, and this Agreement contains the entire written
agreement between the Parties;

c.   This Agreement is the product of the efforts of the Parties and, as a result,
it will not be construed, and no presumption will arise, based upon who drafted this
Agreement;

d.   No claim or obligation referred to or released in this Agreement has been
assigned, transferred, hypothecated, pledged, mortgaged, or set over in any manner
whatsoever, in whole or in part, to any third person, and each Party to this Agreement has
the sole and exclusive right to release all of the claims and obligations described and
released in this Agreement;

e.   To the extent applicable, each of the Parties has the power and authority to
perform its obligations hereunder and to consummate the terms of the Agreement;

f.   The terms of this Agreement are contractual and not mere recital; and

g.   The various headings in this Agreement are inserted for convenience only
and shall not affect this Agreement or any provisions hereof.

9.   Entirety and Amendments.
This Agreement constitutes the full and final agreement among the Parties
with respect to the subject matter hereof and shall not be modified or amended in any

respect except by a written instrument expressing such amendment or modification signed by each of the Parties.

     10.   <u>Final Accord and Satisfaction.</u>

        This Agreement and any releases that may be contained herein are intended to be final and binding between the Parties hereto and are further to be effective as a full and final accord and satisfaction between the Parties to this Agreement, and each Party expressly relies on the finality of this Agreement as a substantial, material factor inducing that Party's execution of this Agreement.

     11.   <u>Governing Law.</u>

        Each Party agrees that this Agreement shall be governed by and interpreted under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and, where appropriate, the laws of the State of California.

     12.   <u>Attorneys' Fees.</u>

        Each Party shall bear its own costs and expenses arising out of the negotiation, execution, delivery, and performance of this Agreement, all proceedings leading up to this Agreement and the consummation of all transactions contemplated hereby. Should any Party hereto or any of the Settling Party Released Parties institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Agreement, the prevailing party shall be entitled to receive such amount as the Court may judge to be reasonable attorneys' fees and costs for the services rendered to the prevailing party in such action or proceeding.

     13.   <u>No Admission of Liability.</u>

        This Agreement effects the settlement of claims which are contested, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other party or to any other person or entity.

     14.   <u>Execution in Counterparts.</u>

        This Agreement may be signed in counterparts by the Parties hereto and shall be valid and binding on each Party as if fully executed in a single document.

     15.   <u>Execution of Agreement.</u>

        This Agreement may be signed by the Parties hereto by fax transmission or electronic or scanned signature and such signature shall be valid and binding on each Party as if executed in person.

     16.   <u>Successors and Assigns.</u>

        The provisions of this Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties hereto.

     17.   <u>Portion of Settlement Agreement Deemed Void.</u>

        If any paragraph, section, sentence, clause or phrase in this Agreement shall become illegal, null or void for any reason, or shall be held by a court of competent

jurisdiction to be illegal, null or void or against public policy, the remaining paragraphs, sections, sentences, clauses or phrases herein shall not be affected thereby, unless the provision(s) held illegal, null or void will, if not enforced, substantially impair the benefits and fairness of the remaining Agreement provisions.

     18.   <u>No Liability to Trustee.</u>

Carolyn A. Dye undertakes no obligation or responsibility for this Agreement other than in her capacity as the Chapter 7 Trustee of the Debtor's bankruptcy Estate. No personal liability of any kind may attach to Carolyn A. Dye individually or to any professional employed by the Trustee on account of this Agreement or the actions and non-actions which lead to or were otherwise related to this Agreement.

DATED: July 12, 2024

Ernst & Young US LLP

_____

By: Dana Douglas
Its: Associate General Counsel

DATED: July 12, 2024

_____
CAROLYN A. DYE
Solely in her capacity as the Chapter 7
Trustee of the bankruptcy estate of Urban
Commons, LLC

jurisdiction to be illegal, null or void or against public policy, the remaining paragraphs, sections, sentences, clauses or phrases herein shall not be affected thereby, unless the provision(s) held illegal, null or void will, if not enforced, substantially impair the benefits and fairness of the remaining Agreement provisions.

18.    <u>No Liability to Trustee.</u>
Carolyn A. Dye undertakes no obligation or responsibility for this Agreement other than in her capacity as the Chapter 7 Trustee of the Debtor's bankruptcy Estate.  No personal liability of any kind may attach to Carolyn A. Dye individually or to any professional employed by the Trustee on account of this Agreement or the actions and non-actions which lead to or were otherwise related to this Agreement.

DATED:  July 12, 2024                    Ernst & Young US LLP


_Dana J. Douglas_
By: Dana Douglas
Its: Associate General Counsel



DATED:  July 12, 2024                    _____
CAROLYN A. DYE
Solely in her capacity as the Chapter 7
Trustee of the bankruptcy estate of Urban
Commons, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
402 S. Marengo Avenue Suite B Pasadena, CA 91101

A true and correct copy of the foregoing document entitled:   Notice of Motion for Order without Hearing Pursuant to LBR 9013-1(o) and TRUSTEE'S MOTION FOR ORDER APPROVING:SETTLEMENT AGREEMENT WITH ERNST & YOUNG US LLP AND APPROVING FORM OF SETTLEMENT AGREEMENT; DECLARATION OF CAROLYN A. DYE IN SUPPORT THEREOF

 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  8/26/24   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc.
manderson@kjfesq.com

Mel Aranoff on behalf of Creditor Robert B. Cowan
maranoff@mbnlawyers.com

Simon Aron on behalf of Defendant Lone Oak Fund, LLC
saron@wrslawyers.com, moster@wrslawyers.com

Robert D Bass on behalf of Attorney Robert Bass
bob.bass47@icloud.com

Robert D Bass on behalf of Defendant Pacific Laurel Scott LLC
bob.bass47@icloud.com

Tod V Beebe on behalf of Defendant New Omni Bank, National Association
tbeebe@clarkhill.com

Tanya Behnam on behalf of Defendant Fortress Credit Corp.
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Tanya Behnam on behalf of Interested Party Courtesy NEF
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Reem J Bello on behalf of Interested Party Courtesy NEF
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Eric Bensamochan on behalf of Defendant Interserv, L.P.
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Sky Holdings LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                             Page 3      **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

Eric Bensamochan on behalf of Defendant Brian Egnatz
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Howard Wu
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Peter M Kam
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Defendant Taylor Woods
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

David A Berkley on behalf of Defendant IPFS Corporation
david.berkley@wbd-us.com, mary.koo@wbd-us.com;halai.hashimi@wbd-us.com

Shraddha Bharatia on behalf of Interested Party Courtesy NEF
notices@becket-lee.com

Anthony Bisconti on behalf of Creditor John Michael Dannelley
tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com

Anthony Bisconti on behalf of Creditor Mary A. Dannelley
tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com

Wendy D Brewer on behalf of Defendant ASAP Property Holdings INC.
wbrewer@fmdlegal.com

Wendy D Brewer on behalf of Defendant Galaxy Investment Capital, Inc.
wbrewer@fmdlegal.com

Wendy D Brewer on behalf of Defendant Lodging USA Lendco LLC
wbrewer@fmdlegal.com

Wendy D Brewer on behalf of Defendant George Min-Hsieng Lee
wbrewer@fmdlegal.com

Bert Briones on behalf of Defendant G8 Holdings, INC
bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net

Joseph E. Caceres on behalf of Defendant Crown Point Realty Capital, LLC
jec@locs.com, generalbox@locs.com

Andrew W Caine on behalf of Defendant FWREF Nashville Airport, LLC, a Delaware limited liability company

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 4      **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

acaine@pszjlaw.com

James Chu on behalf of Defendant Yosemite Valley Beef Distributors, LLC
chu.james.y@gmail.com

Karol K Denniston on behalf of Defendant United Overseas Bank Limited
karol.denniston@squirepb.com,
travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com

Carolyn A Dye (TR)
trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

Jesse S Finlayson on behalf of Defendant Jamison Properties, INC.
jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com

Jesse S Finlayson on behalf of Defendant Third Point Capital, Inc.
jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com

Isaac M. Gabriel on behalf of Defendant Sitrick Group, LLC
gabriel.isaac@dorsey.com, Adelman.alexis@dorsey.com

Norma V. Garcia on behalf of Creditor Clifford Rosen
ngarciaguillen@garciarainey.com, jnuzzo@garciarainey.com;geason@garciarainey.com;mjskapadia@garciarainey.com

Norma V. Garcia on behalf of Creditor Ronald Christensen
ngarciaguillen@garciarainey.com, jnuzzo@garciarainey.com;geason@garciarainey.com;mjskapadia@garciarainey.com

Norma V. Garcia on behalf of Plaintiff Clifford Rosen
ngarciaguillen@garciarainey.com, jnuzzo@garciarainey.com;geason@garciarainey.com;mjskapadia@garciarainey.com

Norma V. Garcia on behalf of Plaintiff Ronald Christensen
ngarciaguillen@garciarainey.com, jnuzzo@garciarainey.com;geason@garciarainey.com;mjskapadia@garciarainey.com

Beth Gaschen on behalf of Defendant Potter Anderson & Corroon LLP
bgaschen@go2.law,
kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Beth Gaschen on behalf of Interested Party Courtesy NEF
bgaschen@go2.law,
kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Evelina Gentry on behalf of Defendant Silver Point Finance, LLC
evelina.gentry@akerman.com, rob.diwa@akerman.com

Bernard R Given, II on behalf of Defendant Epic Entertainment Group, LLC
bgiven@loeb.com, mortiz@loeb.com;ladocket@loeb.com;bgiven@ecf.courtdrive.com

Bernard R Given, II on behalf of Petitioning Creditor Epic Entertainment Group LLC
bgiven@loeb.com, mortiz@loeb.com;ladocket@loeb.com;bgiven@ecf.courtdrive.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Alison S Gokal on behalf of Creditor Carl Carlson
service@gokallaw.com

Eric D Goldberg on behalf of Creditor Mirae Asset Securities & Investments (USA), LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Eric D Goldberg on behalf of Defendant Mirae Asset Securities & Investments (USA), LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Defendant Potter Anderson & Corroon LLP
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Petitioning Creditor Epic Entertainment Group LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Petitioning Creditor InterCommunications Inc.
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Petitioning Creditor Selbert Perkins Design, Inc
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Seth Goldman on behalf of Defendant Munger, Tolles & Olson, LLP
seth.goldman@mto.com

Michael H Goldstein on behalf of Defendant Goodwin Procter LLP
mgoldstein@goodwinprocter.com

David M Goodrich on behalf of Defendant Global Law Group Corporation
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgllp@ecf.courtdrive.com

Michael S Greger on behalf of Interested Party Constellation Place, LLC
mgreger@allenmatkins.com, kpreston@allenmatkins.com

Michael S Greger on behalf of Interested Party Courtesy NEF
mgreger@allenmatkins.com, kpreston@allenmatkins.com

Joseph G Harraka, Jr on behalf of Creditor Gruppo Italiano Progetti SRL
jgharraka@becker.legal, maferrentino@becker.legal

Douglas Harris on behalf of Interested Party Courtesy NEF
Douglas.harris@alston.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 6        F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Christopher D Hughes on behalf of Defendant Keri A Nelson
chughes@nossaman.com

Christopher D Hughes on behalf of Defendant Steven H Nelson
chughes@nossaman.com

Kevin Hutty on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

Nicolino Iezza on behalf of Creditor Murphy O'Brien, Inc., a California corporation
niezza@spiwakandiezza.com

Christopher Johnson on behalf of Creditor Crestline Hotels & Resorts, LLC
cjohnson@sklarkirsch.com, scrippen@safarianchoi.com

Dirk O Julander on behalf of Attorney Dirk O. Julander
doj@jbblaw.com

Dirk O Julander on behalf of Attorney M. Adam Tate
doj@jbblaw.com

Dirk O Julander on behalf of Defendant Richard B Gerdts
doj@jbblaw.com

Clifford P Jung on behalf of Defendant 5740 FAMILY HOLDINGS LIMITED COMPANY
clifford@jyllp.com, ry@jyllp.com;jessica@jyllp.com

Clifford P Jung on behalf of Defendant JWW Hotel Investment, LLC
clifford@jyllp.com, ry@jyllp.com;jessica@jyllp.com

Clifford P Jung on behalf of Defendant Progeny Capital Partners, LLC
clifford@jyllp.com, ry@jyllp.com;jessica@jyllp.com

Daniel King on behalf of Defendant Pasadena Investment Capital LLC
dking@theattorneygroup.com, r44432@notify.bestcase.com

Daniel King on behalf of Defendant Taylor R. Woods
dking@theattorneygroup.com, r44432@notify.bestcase.com

Leib M Lerner on behalf of Interested Party Courtesy NEF
leib.lerner@alston.com, autodockettest-lax@alston.com;Melanie.mizrahie@alston.com

Adam A Lewis on behalf of Defendant Morrison & Foerster LLP
alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com

Jason L. Liang on behalf of Defendant Mei Li Hsu
jliang@lianglyllp.com

Peter M Lively on behalf of Defendant Musictrip.com INC.
PeterMLively2000@yahoo.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                     Page 7        F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Kelvin J Lo on behalf of Defendant Happy Tree, Inc.
bklolaw@gmail.com

Aaron J Malo on behalf of Defendant Pacific Premier Bank
amalo@sheppardmullin.com, abilly@sheppardmullin.com;rgolder@sheppardmullin.com

Zachary Evan Mazur on behalf of Petitioning Creditor Epic Entertainment Group LLC
zachary@saracheklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor InterCommunications Inc.
zachary@saracheklawfirm.com

Zachary Evan Mazur on behalf of Petitioning Creditor Selbert Perkins Design, Inc
zachary@saracheklawfirm.com

Lisamarie McDermott on behalf of Defendant J. Brian Urtnowski, P.C.
lisamariem@jbulaw.net, stephanieg@jbulaw.net

Lisamarie McDermott on behalf of Defendant Nextera, LLC
lisamariem@jbulaw.net, stephanieg@jbulaw.net

Byron Z Moldo on behalf of Interested Party Courtesy NEF
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Shane J Moses on behalf of Defendant Belfor USA Group, Inc.
smoses@foley.com, llanglois@foley.com;lanii-langlois-4514@ecf.pacerpro.com;swells@foley.com

Miguel A Munoz on behalf of Debtor Urban Commons LLC
miguel@miguelmunozlaw.com, g12207@notify.cincompass.com;munoz.miguelb112802@notify.bestcase.com

Miguel A Munoz on behalf of Defendant Urban Commons LLC
miguel@miguelmunozlaw.com, g12207@notify.cincompass.com;munoz.miguelb112802@notify.bestcase.com

Bennett Murphy on behalf of Defendant Quinn Emanuel Urquhart & Sullivan, LLP
bennettmurphy@quinnemanuel.com

David C Nealy on behalf of Defendant Urban Realty & Management, Inc.
david.nealy@limnexus.com, mimi.cho@limnexus.com

Jeffrey P Nolan on behalf of Defendant Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Brighton Management, LLC
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant FWREF Nashville Airport, LLC, a Delaware limited liability company
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Joseph Fan

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                        Page 8        F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Mei-Shueh Wu Yang
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Nicolas Teng
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Roland Wu
jnolan@pszjlaw.com

Jeffrey P Nolan on behalf of Defendant Yu Fen Chang
jnolan@pszjlaw.com

Scott H Noskin on behalf of Creditor Robert B. Cowan
snoskin@mbnlawyers.com, aacosta@mbnlawyers.com

Leonard Pena on behalf of Plaintiff Carolyn Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Leonard Pena on behalf of Plaintiff Carolyn A Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Leonard Pena on behalf of Plaintiff Carolyn A. Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Leonard Pena on behalf of Trustee Carolyn A Dye (TR)
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Misty A Perry Isaacson on behalf of Defendant Basil O. Chidi Funk as the Trustee of the Chidi Funk Family Trust
misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net

Jerry S Phillips on behalf of Defendant Epic Entertainment Group, LLC
jphillips@loeb.com

Jerry S Phillips on behalf of Petitioning Creditor Epic Entertainment Group LLC
jphillips@loeb.com

Michael E Plotkin on behalf of Defendant Phoenix Travel, Inc.
mepesq@earthlink.net, R58418@notify.bestcase.com

Michael J Quinn on behalf of Defendant Vedder Price PC
mquinn@vedderprice.com,
ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com,ahirschkowitz@vedderprice.com

Julie H Rome-Banks on behalf of Defendant Massive Dynamic Inc.
julie@bindermalter.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 9        F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Michael Salanick on behalf of Creditor Agnes Shene Hwa Chin
msalanick@salanicklaw.com

Michael Salanick on behalf of Creditor Michael Chiang
msalanick@salanicklaw.com

Joseph E Sarachek on behalf of Petitioning Creditor Epic Entertainment Group LLC
joe@saracheklawfirm.com, jon@saracheklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor InterCommunications Inc.
joe@saracheklawfirm.com, jon@saracheklawfirm.com

Joseph E Sarachek on behalf of Petitioning Creditor Selbert Perkins Design, Inc
joe@saracheklawfirm.com, jon@saracheklawfirm.com

Scott A Schiff on behalf of Defendant Direct Media Advertising, Inc.
sas@soukup-schiff.com

Scott A Schiff on behalf of Defendant ERJMJ Investments, LP
sas@soukup-schiff.com

Jacqueline D Serrao on behalf of Creditor Tina Fenelly
jds@cabkgroup.com, attorneygary@gmail.com

Michael A Shakouri on behalf of Creditor Maguire Properties - 777 Tower, LLC
mshakouri@goodkinlaw.com, rnolan@pdv-llc.com

Charles Shamash on behalf of Defendant Crown Point Realty Capital, LLC
cs@locs.com, generalbox@locs.com

Charles Shamash on behalf of Interested Party Crown Point Realty Capital, LLC
cs@locs.com, generalbox@locs.com

Summer M Shaw on behalf of Interested Party Neufeld Marks
ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com

Timothy J Silverman on behalf of Creditor Enterprise Bank & Trust, its successors and/or assignees
tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com

Timothy J Silverman on behalf of Defendant Enterprise Bank & Trust
tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com

Jade Smith-Williams on behalf of Plaintiff Berritto Enterprises LLC
jsmithwilliams@baileyglasser.com, jzumot@baileyglasser.com;mweintraub@baileyglasser.com

Peter T Steinberg on behalf of Interested Party Courtesy NEF
mr.aloha@sbcglobal.net

James E Till on behalf of Defendant UBS Bank USA

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                         Page 10        F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

james.till@till-lawgroup.com,
martha.araki@till-lawgroup.com;myrtle.john@till-lawgroup.com;sachie.fritz@till-lawgroup.com

James E Till on behalf of Defendant Heli Myyrylainen
james.till@till-lawgroup.com,
martha.araki@till-lawgroup.com;myrtle.john@till-lawgroup.com;sachie.fritz@till-lawgroup.com

James E Till on behalf of Interested Party Courtesy NEF
james.till@till-lawgroup.com,
martha.araki@till-lawgroup.com;myrtle.john@till-lawgroup.com;sachie.fritz@till-lawgroup.com

Jennifer R Tullius on behalf of Creditor Bruce Beretta
jtullius@tulliuslaw.com

Jennifer R Tullius on behalf of Defendant Bruce Beretta
jtullius@tulliuslaw.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Gerrick Warrington on behalf of Defendant WELLS FARGO BANK, N.A. gwarrington@frandzel.com,
achase@frandzel.com
Corey R Weber on behalf of Interested Party Courtesy NEF cweber@bg.law, ecf@bg.law
Rebecca J Winthrop on behalf of Defendant National Financial Services LLC
rebecca.winthrop@nortonrosefulbright.com, evette.rodriguez@nortonrosefulbright.com
Nathaniel R Wood on behalf of Defendant FVP Servicing, LLP nrwood@yahoo.com
Nathaniel R Wood on behalf of Interested Party Courtesy NEF nrwood@yahoo.com
S Christopher Yoo on behalf of Defendant Frost Brown Todd LLC
cyoo@fbtlaw.com, vdelgado@fbtlaw.com
David R Zaro on behalf of Defendant Parklico, INC. dzaro@allenmatkins.com
Roye Zur on behalf of Creditor Capital Lending Resources, Inc. Profit Sharing Trust Dated April 1, 1997
rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com
Roye Zur on behalf of Other Professional WBC Special Assets, LLC
rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com
Joshua del Castillo on behalf of Defendant Parklico, INC. jdelcastillo@allenmatkins.com, mdiaz@allenmatkins.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) _8/26/2024___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☒ Service information continued on attached page

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                  Page 11        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/26/2024 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|-----------|----------------|--------------------|
| Date      | Printed Name   | Signature          |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 12        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

Label Matrix for local noticing
0973-2
Case 2:21-bk-13523-WB
Central District of California
Los Angeles
Wed Dec  6 16:06:08 PST 2023

Constellation Place, LLC
c/o Michael S. Greger
Allen Matkins
2010 Main Street, Suite 800
Irvine, CA 92614-7214

(p)CREDITORS ADJUSTMENT BUREAU  INC
ATTN WENDY THOMAS
4340 FULTON AVENUE THIRD FL
SHERMAN OAKS CA 91423-2777

Crestline Hotels & Resorts, LLC
3950 University Drive
Suite 301
Fairfax, VA 22030-2566

Crown Point Realty Capital, LLC
117 E Colorado Blvd., Suite 600
Pasadena, CA 91105-3712

Epic Entertainment Group LLC
Attn Steve Sheldon
207 East Broadway, #302
Long Beach, CA 90802-8825

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO Box 2952
Sacramento, CA 95812-2952

Gruppo Italiano Progetti SRL
c/o Joseph G. Harraka, Jr., Esq.
Becker LLC
5020 Campus Drive
Newport Beach, CA 92660-2120

InterCommunications Inc.
Attn Toni Alexander
1375 Dove Street, Suite 200
Newport Beach, CA 92660-2406

Maguire Properties - 777 Tower, LLC
c/o Goodkin Law Group
1800 Century Park East
10th Floor
Los Angeles, CA 90067-1513

Murphy O'Brien, Inc., a California corp
c/o Spiwak & Iezza, LLP
555 Marin Street, Suite 140
Thousand Oaks, CA 91360-4103

Selbert Perkins Design, Inc
Attn Robert Perkins
432 Culver Blvd
Playa Del Rey, CA 90293-7706

Urban Commons LLC
10250 Constellation Blvd
Suite 1750
Los Angeles, CA 90067-6257

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

1750 Daimler Trust LSR
c/o Linebarger Goggan Blair & Samps
PO Box 659443
San Antonio, TX 78265-9443

ADG Consulting, Inc.
c/o Sarachek Law Firm
670 White Plains Road, Fl. PH
Scarsdale, NY 10583-5025

AEI Consultants
2500 Camino Diablo
Walnut Creek, CA 94597-3998

AKERMAN LLP
Evelina Gentry
601 West Fifth Street, Suite 300
Los Angeles, California 90071-3506

Adam C. Rogoff
KRAMER LEVIN NAFTALIS & FRANKEL
1177 Avenue of the Americas
New York, NY 10036-2714

Adam Soibelman
R2 Law Group, LLC
23901 Calabasas Road
Suite 2006
Calabasas, CA 91302-1592

Adams and Reese LLP
Dept. 5208
Birmingham, AL 35287-0001

Adams and Reese LLP
c/o Robin B. Cheatham
701 Poydras Street, Suite 4500
New Orleans, LA 70139-4596

Aetna Life Insurance Company
Aaron McCollough
c/o McGuireWoods LLP
77 West Wacker Drive, Ste. 4100
Chicago, IL 60601-1818

Aimbridge Concession, Inc.
c/o Brownstein Hyatt Farber Schreck
2049 Century Park East Suite 3550
Los Angeles, CA 90067-3210

Air Supply Incorporated
655 E A Street
Upland, CA 91786-5349

Alan Tantleff, as Liquidating Trustee
G. David Dean, Esquire
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801-1496

Allstate Insurance Company
PO Box 4344
Carol Stream, IL 60197-4344

(p)ASSET COMPLIANT SOLUTIONS
65 LAWRENCE BELL DR
STE 101
WILLIAMSVILLE NY 14221-7182

American Express
PO Box 297879
Fort Lauderdale, FL 33329-7879

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Andy Stone and Jazz Reality, LLC
c/o Kenneth Mather, Esq, Gunster
401 E. Jackson Street, Suite 1500
Tampa, FL 33602-5204

BakerHostetler
Attn: Andrew Grossman
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-5318

Bank of America Business Card
PO Box 15796
Corona Del Mar, CA 92625

Berritto Enterprises LLC
Jade Smith-Williams
BAILEY & GLASSER, LLP
1999 Harrison St., Suite 660
Oakland, CA 94612-3584

Brian Winn
110 E Wilshire Ave., Suite 212
Fullerton, CA 92832-1960

Brookfield Properties Management In
777 South Figueroa Street Suite 375
Los Angeles, CA 90017-5812

Bruce Beretta
c/o Tullius Law Group
Attn: Jennifer R. Tullius
515 S. Flower Street 18th Floor
Los Angeles, CA 90071-2231

C Below Subsurface Imaging
14280 Eulid Ave
Chino, CA 91710-8803

CAB assignee of Quadient Leasing USA
4340 Fulton Avenue, Third Fl.
Sherman Oaks, CA 91423-3925

CAB assignee of Santa Monica Seafood
4340 Fulton Avenue, Third Fl.
Sherman Oaks, CA 91423-3925

CAB assignee of Walters Wholesale Electric
4340 Fulton Avenue, Third Fl.
Sherman Oaks, CA 91423-3925

CITY OF LOS ANGELES, OFFICE OF FINANCE
Los Angeles City Attorney's Office
200 N Main Street, Ste 920
Los Angeles CA 90012-4128

COGENCY GLOBAL INC
122E 42ND ST 18TH FL NY NY 10168
New York, NY 10168-0002

CSC
251 Little Falls Drive
Wilmington, DE 19808-1674

Canon Finanancial Servies
14904 Collections Center Drive
Chicago, IL 606

Capital Lending Resources, Inc.
Profit Sharing Plan
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

Capital Lending Resources, Inc.
Profit Sharing Trust Dated April 1, 1997
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

Carl Carlson
c/o Gokal Law Group, Inc.
26080 Towne Centre Drive
Foothill Ranch, CA 92610-3441

Carl Carlson
c/o Gokal Law Group, Inc.
Attn: Alison S. Gokal
26080 Towne Centre Dr.
Foothill Ranch, CA 92610-3441

Century Group International, LLC
222 N. Pacific Coast Highway
El Segundo, CA 90245-5648

Century Group International, LLC
222 N. Pacific Coast Highway
Suite 2150
El Segundo, CA 90245-5631

Cisco, Inc.
1702 Townhurst Dr.
Houston, TX 77043-2811

City of Long Beach
c/o Brutzkus Gubner Rozansky Seror
Attn: Corey Weber
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

City of Los Angeles
Office of Finance
51108
Los Angeles, CA 90051

Clifford Rosen
GARCIA RAINEY BLANK & BOWERBANK
LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187

Cogent Communications, Inc.
PO Box 791087
Baltimore, MD 21279-1087

Complete Copy Systems Group
3300 Beverly Blvd.
Los Angeles, CA 90004-6004

Constellation Place LLC
10250 Constellation Blvd. Suite 800
Los Angeles, CA 90067-6274

Constellation Place, LLC
c/o Michael S. Greger
Allen Matkins, et al.
1900 Main Street, Fifth Fl.
Irvine, CA 92614-7317

Craig Quinn, as Trustee of the Craig & Colle
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

Craig and Collen Quinn
Family Trust Dated September 2000
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Creditors Adjustment Bureau
c/o Law Offices of Kenneth J. Freed
14226 Ventura Blvd.
Sherman Oaks, CA 91423-2715

Crestline Hotels & Resorts, LLC
c/o Safarian Choi & Bolstad LLP
Attn: David C. Bolstad
555 S. Flower Street, Suite 650
Los Angeles, CA 90071-2442


DENIS KLAVDIANOS
Glassberg, Pollak & Associates
1000 4th Street, Suite 570
San Rafael, CA 94901-3149

Danny Harris
c/oCarpenter Zuckerman & Rowley LLP
8827 West Olympic Blvd.
Los Angeles, CA 90012

Datasite LLC
The Baker Center
733 S. Marquette Ave., Suite 600
Minneapolis, MN 55402-2357


Deragisch I, LLC
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd
Los Angeles, CA 90064-2524

EHT US1, Inc.
c/o Paul Hastings LLP
Attn: Nick Bassett
2050 M St., N.W.
Washington, DC 20036-3598

ERJMJ Investments, LP
32 S La Senda Drive
Laguna Beach, CA 92651-6733


Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, NY 10105-0302

Epic Entertainment Group LLC
207 East Broadway, #302
Long Beach, CA 90802-8825

Epic Entertainment Group LLC
742 South Hill Street Ste. 904
Los Angeles, CA 90014-2745


Ervin Cohen Jessup LLP
9401 Wilshire Blvd 9th Floor
Beverly Hills, CA 90212-2945

Everest Discovery, LLC
c/o Smith Kane Holman, LLC
112 Moores Road, Suite 300
Malvern, PA 19355-1002

Ford Motor Credit Company
Department 194101
PO Box 55000
Detroit, MI 48255-1941


(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

GeoSoils, Inc.
5741 Palmer Way Suite D
Carlsbad, CA 92010-7248

George M. Lee and Galaxy Investment
81 N Mentor Ave
Pasadena, CA 91106-1740


George M. Lee and Galaxy Investment Capital
81 N Mentor Ave
Pasadena, CA 91106-1740

Gruppo Italiano Progetti Srl
c/o Becker LLC
354 Eisenhower Parkway, Suite 1500
Livingston, NJ 07039-1023

Harry Kim
520 S. Grand Avenue Ste 1070
Los Angeles, CA 90071-2613


Hill Living Trust Dated July 23, 2018
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd
Los Angeles, CA 90064-2524

Holiday Hospitality Franchising, LLC
c/o Alston & Bird LLP
Attn: Leib M. Lerner
333 S. Hope Street, 16th Fl.
Los Angeles, CA 90071-1410

Hong You
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002


Howard Wu
14635 Whitfeld Ave
Pacific Palisades, CA 90272-2645

Huan Lu
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

InterCommunicationsInc
1375 Dove Street Suite 200
Newport Beach, CA 92660-2406


James W Bates
Law Offices of James W. Bates
1055 E. Colorado Blvd. 5th Floor
Pasadena, CA 91106-2327

Jeffrey Golden Esq
Weiland Golden Goodrich LLP
650 Town Center Drive Ste 600
Costa Mesa CA 92626-7121

Jiacheng Hou
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

John Dannelley & Mary A. Dannelley
c/o Bienert Katzman Littrell Willia
Attn: Anthony R. Bisconti
903 Calle Amanecer Suite 350
San Clemente, CA 92673-6253

John Jenkins
c/o Equity Legal Group, P.C.
Attn: Kevin W. Chiang
201 S. Lake Ave. Suite 506
Pasadena, CA 91101-3085

Joseph E. Sarachek
670 White Plains Rd. Fl PH
Scarsdale, NY 10583-5025

Joseph E. Sarachek, Esq.
Sarachek Law Firm
670 White Plains Road, Fl. PH
Scarsdale, NY 10583-5025

Joseph Fan
c/o Wallin & Russell
Attn: Michael Wallin
26000 Towne Centre Drive Suite 130
Foothill Ranch, CA 92610-3444

Juice Capital
c/o Rutan & Tucker LLP
Attn: Heather N. Herd
18575 Jamboree Road 9th Floor
Irvine, CA 92612-2559

Junhao Pan
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Just Jill Inc.
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Kenton Harris
4002 Willalee Ave.
Glendale, CA 91214-3235

LA Construction Heating and Air Con
6430 Variel Ave Suite 102
Woodland Hills, CA 91367-2539

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Lee Opolinsky Living Trust Dated May 31, 199
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

MAGUIRE PROPERTIES . 777 TOWER, LLC
c/o Goodkin Law Group, APC
1800 Avenue of the Stars
Suite 675
Los Angeles, CA 90067-4221

Maguire Properties
P.O. Box 840835
Los Angeles, CA 90084-0900

(p)MARBORG INDUSTRIES
ATTN KATHLEEN BORGATELLO KOEPER
PO BOX 4127
SANTA BARBARA CA 93140-4127

Matax Consulting
1370 Valley Vista Drive Suite 235
Diamond Bar, CA 91765-3954

(p)MERCEDES BENZ FINANCIAL SERVICES
14327 HERITAGE PARKWAY #400
FORT WORTH TX 76177-3300

Michael Chiang and Agnes Chin
c/o Law Offices of Michael Salanick
700 S Flower St Ste 1000
Los Angeles CA 90017-4112

Michael and Christina Poyer Family Trust of
Elkins Kalt Weintraub Reuben Gartisde LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Mirae Asset Securities & Investments (USA),
Rachel Albanese
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

Monica Burrell
4562 Iroquois Ave
Lakewood, CA 90713-2712

Nana Gong
Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Otto Rene Pineda
c/o Levin & Nalbandyan
Jacob Nalbandyan
811 Wilshire Blvd. Suite 800
Los Angeles, CA 90017-1854

PACIFIC PREMIER TRUST, a Division of PACIFIC
Glassberg, Pollak & Associates
1000 4th Street
Suite 570
San Rafael, CA 94901-3149

Pacific Premier Trust
c/o Feldman Law
Andrew M. Feldman
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156-7816

Paul Hwee
c/o Burkhalter Kessler Clement &
Attn: Alton Burkhalter
2020 Main Street Suite 600
Irvine, CA 92614-8226

Pikepass
4401 W Memorial Road Suite 130
Oklahoma City, OK 73134-1722

Polina Yatsyna
4240 Fulton Ave Unit 108
STUDIO CITY, CA 91604-1803

Potter Anderson & Corroon LLP
Attn: Christopher M. Samis
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108

Prince Lobel Tye LLP
One International Place Suite 3700
Boston, MA 02110-3218

Provident Trust Group LLC
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

R&R Electric
2803 Carlsbad Street
Redondo Beach, CA 90278-1716

ROBERT HALF MANAGEMENT RESOURCES
ROBERT HALF / RECOVERY DEPT
PO BOX 5024
SAN RAMON CA 94583-5024


Red Bus Charter Company
c/o Ronald Appel
2522 Chambers Rd
Tustin, CA 92780-6962

Regus Management Group LLC
655 North Central Ave 17th Floor
Glendale, CA 91203-1439

Robert B Cowan
c/o Melvin Aranof Mirman
Bubman & Nahmias
21860 Burbank Blvd Ste 360
Woodland Hills CA 91367-7406


Robert B. Cowan
3707 W. Garden Grove Blvd.
Orange, CA 92868-4803

Ronald Chistensen
GARCIA RAINEY BLANK & BOWERBANK
LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187

Rossmoyne, Inc.
3500 Ocean View Blvd.
Glendale, CA 91208-1212


Royal Business Bank
Brian T. Harvey, c/o Buchalter
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-1730

Russell Kern
c/o Simon Aron, Esq.
11400 West Olympic Boulevard, 9th Floor
Los Angeles, CA 90064-1582

(p)SARACHEK LAW FIRM
ATTN BNC NOTICING
670 WHITE PLAINS ROAD
PENTHOUSE
SCARSDALE NY 10583-5024


Scott Hochstadt
Elkins Kalt Weintraub Reuben Gartside LL
10345 W Olympic Blvd
Los Angeles, CA 90064-2524

Selbert Perkins Design Inc
Attn Robin Perkins
432 Culver Blvd
Playa Del Rey CA 90293-7706

Selbert Perkins Design, Inc.
432 Culver Blvd
Playa del Rey, CA 90293-7706


Sitrick Group, LLC
16255 Ventura Blvd., Suite 300
Encino, CA 91436-2300

State of Delaware
Division of Corporations
PO Box 5509
Binghamton, NY 13902-5509

Synter Resource Group LLC
5935 Rivers Ave Suite 102
Charleston, SC 29406-6071


Taylor Woods
826 Emerald Way
Laguna Beach, CA 92651-1273

Tina Fenelly
c/o John L. Norman
1428 N. Broadway
Santa Ana, CA 92706-3905

Ting Cao
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002


Transworld Systems Inc
500 Virgina Dr. Suite 514
Fort Washington, PA 19034-2733

U.S. Bank National Association, as Trustee
60 Livingston Ave
EP-MN-WS1D
St. Paul, MN 55107-2292

UPS
2085 Lynnhave Pkwy
Virginia Beach, VA 23456-1497


United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Urban Commons 2 West II LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257

Urban Commons 2 West III LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257


Urban Commons 2 West IV LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257

Urban Commons 2 West LLC
10250 Constellation Blvd Suite 1750
Los Angeles, CA 90067-6257

Urban Commons Queensway, LLC
Susan E. Kaufman, Esquire
919 N. Market Street, Suite 460
Wilmington, DE 19801-3014

Verizon
PO Box 660108
Dallas, TX 75266-0108

Voy Ventures
c/o Steven Booska
PO Box 2169
Oakland, CA 94621-0069

WBC Special Assets LLC
c/o Elkins Kalt Weintrabu et.al.
Attn: Julie Kimball
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

WBC Special Assets, LLC
Elkins Kalt Weintraub Reuben Gartside, L
10345 W. Olympic Blvd
Los Angeles, CA 90064-2524

WBC Special Assets, LLC
a Delaware Limited Liability Company
as assignee of West Bay Capital, LLC
Elkins Kalt Weintraub Reuben Gartside LL
10345 W. Olympic Blvd.
Los Angeles CA 90064-2524

Weiland Golden Goodrich LLP
c/o Jeff Golden
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626-7121

Weileen Leu
c/o Equity Legal Group, P.C.
Attn: Kevin W. Chiang
201 S. Lake Ave. Suite 506
Pasadena, CA 91101-3085

Weiwen Sun
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Wells Fargo Small Business Lending
MAC N9777-01B
PO Box 5511
Sioux Falls, SD 57117-5511

Wenli Tian
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

West Bay Capital, LLC.
c/o FCI Lending Services
PO Box 27370
Anaheim, CA 92809-0112

Wileen Leu
Equity Legal Group, P.C.
201 S. Lake Ave.
Suite 506
Pasadena, CA 91101-3085

Wimberly Allison Tong & Goo, NA, Inc
William J. Roberts
300 Spectrum Center Drive, Suite 500
Irvine CA 92618-4989

Wolters Kluwer
PO Box 4349
Carol Stream, IL 60197-4349

XPO LOGISTICS FREIGHT INC.
%Bankruptcy Dept
9151 Boulevard 26
North Richland Hills, TX 76180-5605

XPO LOGISTICS FREIGHT INC.
9151 Boulevard 26
North Richland Hills, TX 76180-5605

Xingyu Wu
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Xuchen Fang
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Yan Zhuang
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Yana Solomakhina
c/o Steven L. Mazza
Carpenter, Zuckerman & Rowley LLP
8827 West Olympic Blvd.
Beverly Hills, CA 90211-3613

Yixuan Chen
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Yutong Niu
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Zarin & Steinmetx
81 Main Street Suite 415
White Plains, NY 10601-1719

Ziyuan Li
c/o Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119-2002

Zurich American Insurance
c/o Christopher McEvoy, VP
600 Red Brook Blvd, 6th FL
Owings Mills, MD 21117-5192

Carl Carlson
c/o Gokal Law Group, Inc.
Foothill Ranch, CA 92610

Carolyn A Dye (TR)
Law Offices of Carolyn Dye
15030 Ventura Blvd., Suite 527
Sherman Oaks, CA 91403-5470

Clifford Rosen
695 Town Center Drive
Costa Mesa, CA 92626-1924

Dirk O. Julander
Julander Brown and Bollard
9110 Irvine Center Drive
Irvine, CA 92618-4659

Helene Saller
Julander Brown and Bollard
9110 Irvine Center Drive
Irvine, CA 92618-4659

Jordana McConnell
Julander Brown and Bollard
9110 Irvine Center Drive
Irvine, CA 92618-4659

Leonard Pena
PENA & SOMA APC
402 South Marengo Ave Ste B
Pasadena, CA 91101-3113

M. Adam Tate
Julander Brown and Bollard
9110 Irvine Center Drive
Irvine, CA 92618-4659

Miguel A Munoz
Law Offices of Miguel A. Munoz
714 W. Olympic Blvd #450
Los Angeles, CA 90015-1486

Robert Bass
832 Ike Mooney Rd. NE
Silverton, OR 97381-8707

Ronald Christensen
695 Town Center Drive
Suite 700
Costa Mesa, CA 92626-7187

Tina Fenelly
c/o Leibowitz Law Group
4050 Katella Ave. Suite 201
Los Alamitos, CA 90720-3475

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Creditors Adjustment Bureau, Inc.
c/o Law Offices of Kenneth J. Freed
4340 Fulton Ave., Third Floor
Sherman Oaks, CA 91423

Alternative Collections LLC
65 Lawrence Bell Dr. Suite 101
Buffalo, NY 14221

Ford Motor Credit Company LLC
PO Box 62180
Colorado Springs, CO 80962-2180

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

MarBorg Industries
PO Box 4127
Santa Barbara, CA 93140

Mercedes Benz Financial
PO Box 5209
Carol Stream, IL 60197

Sarachek Law Firm
670 White Plains Rd. Fl PH
Scarsdale, NY 10583

(d)Sarachek Law Firm
670 White Plains Road, Fl. PH
Scarsdale, NY 10583

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Capital Lending Resources, Inc. Profit Sha

(u)Courtesy NEF

(u)Enterprise Bank & Trust, its successors an

(u)LEA Accountancy LLP

(u)Mirae Asset Securities & Investments (USA)

(u)WBC Special Assets, LLC

(u)Clifford A. Rosen c/o Norma V. Garcia 695

(u)Creditors Adjustment Bureau
c/o Law Offices of Kenneth J. Freed
14226 Ventura Blvd.
Sherman Oak

(d)Epic Entertainment Group, LLC
207 East Broadway #302
Long Beach, CA 90802-8825

(d)FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

(d)InterCommunicationsInc
1375 Dove Street, Suite 200
Newport Beach, CA 92660-2406

(u)John M. and Mary A. Dannelley

(u)John M. and Mary A. Dannelley, trustees of

(u)Li Mei Chen c/o Norma V. Garcia 695 Town C

(u)Murphy O'Brien, Inc., a California corp

(d)Polina Yatsyna
4240 Fulton Ave Unit 108
Studio City, CA 91604-1803

(d)ROBERT HALF MANAGEMENT RESOURCES
ROBERT HALF / RECOVERY DEPT
PO BOX 5024
San Ramon, CA 94583-5024

(u)Ronald A. Christensen, MD c/o Norma V. Gar

(d)Selbert Perkins Design, Inc.
432 Culver Blvd.
Playa Del Rey, CA 90293-7706

(d)Urban Commons LLC
10250 Constellation Blvd
Suite 1750
Los Angeles, CA 90067-6257

(u)Agnes Shene Hwa Chin

(u)Bruce Beretta

(u)John Michael Dannelley

(u)Mary A. Dannelley

(u)Michael Chiang
, CA

(u)Neufeld Marks

(u)Robert B. Cowan

End of Label Matrix
Mailable recipients   186
Bypassed recipients    27
Total                 213