```
CAROLYN A. DYE (SBN. 97527)
15030 Ventura Blvd.
Suite 527
Sherman Oaks, CA 91403
Telephone: 818/287-7003
Facsimile: 323/987-5763
Email: trustee@cadye.com

Chapter 7 Trustee
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:21-bk-13523-WB |
| | )         [Chapter 7] |
| URBAN COMMONS LLC | ) |
| | ) TRUSTEE'S AMENDED MOTION FOR ORDER |
| | ) AUTHORIZING AN INTERIM |
| Debtor. | ) DISTRIBUTION TO TRUSTEE, |
| | ) PROFESSIONALS AND CREDITORS AND |
| | ) FOR APPROVAL OF PAYMENT TO THE |
| | ) CALIFORNIA FRANCHISE TAX BOARD FOR |
| | ) TAX DUE; MEMORANDUM OF POINTS AND |
| | ) AUTHORITIES; DECLARATION OF |
| | ) CAROLYN A. DYE IN SUPPORT THEREOF |
| | ) |
| | ) Date: March 13, 2025 |
| | ) Time: 2:00 p.m. |
| | ) Place: Courtroom 1375 |
| | )        255 East Temple Street |
| | )        Los Angeles, CA 90012 |

Carolyn A. Dye, Chapter 7 Trustee ("Trustee") for the estate of Urban Commons, LLC ("Debtor"), hereby moves for an Order authorizing (i) an interim distribution to (i) creditors holding pre-petition allowed priority claims; (ii) for payment of administrative claims and (iii) for approval of payment to the California Franchise Tax Board for due state tax. Applications requesting interim fees will be held at the same date and time as this hearing.

**SUMMARY OF MOTION**

Although this case is nearing completion of the adversary cases that were filed, it will be some time before a Final Report and Account can be filed by the Trustee. In the meantime, there are administrative claimants and priority payments, including taxes due to the FTB, that are awaiting payment. In addition, the professionals employed in the case have been working since shortly after Trustee's appointment in July 1, 2021, without payment.

This is a case where Trustee's investigation revealed that substantially all the assets that once existed were disbursed prior to the petition date in one way or another. The two individuals who owned 100% of the Debtor and were responsible for management ultimately filed personal bankruptcy case and have millions of non-dischargeable judgments entered against them. Trustee's possible sources for recovery were primarily recovery of the potential preference payments sought in the various adversary cases filed.

Trustee is presently holding $1,546,094.62 and is expecting to have received an additional $317,000 in the settlements by the date of this hearing. Of that amount, Trustee seeks authority to disburse $833,192.92 of that as described in this Motion.

The creditors who will receive distributions hold priority and administrative claims and as a result have priority over the remaining unsecured claims. The creditors and the amount of the proposed distributions to them are reflected in Exhibit A.

Trustee also proposes to pay professional fees, not including the statutory Trustee's fee; applications for such fees have been filed and are to be heard on the same day and time as this Motion.

///

Trustee proposes to retain in reserve approximately $662,901.71 plus the additional funds expected to be received ($317,000) for future administrative expenses and unsecured claims.

This request is made acknowledging that the Trustee and professionals have been working on this matter since 2021, and that the most of the prospects for recoveries in this case have been exhausted. There are 28 unresolved preference actions but the largest possible recoveries in the filed cases have proven not to be realized. The defendants in those cases were off shore, dissolved or had defenses. It will take six months to finish the remaining cases and then there will be another significant time delay in being able to file the final tax returns for the estate and then to process the Trustee's Final Report.

The Debtor, as a pass through entity, will not have any tax due other than the payment of $800 per year tax owed to the Franchise Tax Board.

**BACKGROUND**

When this case was commenced and given the evidence offered in the support for the involuntary petition, it was unclear what if anything, would be available for creditors. The Debtor was owed by two individuals, Howard Wu and Taylor Woods. They had some success in buying distressed hotel properties, renovating them and then either selling them or operating them. To fund this business the principals solicited investments from individuals who purchased membership interests in special purpose limited liability companies created to own the hotel properties. The Debtor, Urban Commons, served as the managing Member, held an membership interest as the promoter and operated the specific hotels through the special purpose entity.

In 2019, the principals began a public offering that was in essence, a process of a "roll up" of all the then owned properties in a new group of entities. That plan was executed through a group called the Eagle Hospitality Group. (See, Organizational Chart, Exhibit A) The parent of the Eagle Hospitality group was a Singapore based real estate investment trust. That entity was a part of a "stapled trust" consisting of the Eagle Hospitality Trust and the Eagle Hospitality Business Trust.

The Eagle Hospitality Group through U.S. based entities purchased 13 full service hotels from the affiliates of the Debtor, and then each was thereafter owned in a separate LLC entity that is a member of the Eagle Hospitality Group (called Propco's"). The purchase was funded by an initial public offering offered on the Singapore Exchange Securities Board by EH-REIT.(That entity is insolvent.) These entities were initially managed by Urban Commons LLC, as the REIT Manager entity controlled by Woods and Wu. The hotels were leased to 13 lower tier LLC's controlled by Urban Commons. In that capacity the lessees were to provide lease payments to the hotel owners, the Propco's, who in turn owed franchise fees to the hotel franchisors under whose brand names the hotels were operated, such as Hilton, etc. Beginning in around January 2020, amounts due under the leases were unpaid and defaults were occurring across the board. By May 2020, all hotels were closed and there was then about $52.9 million of unmet obligations to third party vendors, etc, and franchise fees, not including secured debt.

The Eagle Hospitality Group entities filed Chapter 11 cases in Delaware, and related cases on January 18, 2021. Wood and Wu were removed from management roles. This began a cascading decline of

Urban Commons as it had no cash flow from the hotels and owed its own vendors and investors. At the Debtor's petition date, multiple lawsuits had been filed against the Debtor and Woods and Wu.

As a result of the investigations conducted into these matters and after reviewing the few records that were available from the Debtor, Trustee came to the conclusion that the primary source of recovery would come from substantial payments made to third parties that Trustee believed were avoidable. However, the records required to prove the elements of the cases, particularly insolvency, were not readily available from the Debtor's files and had to be reconstructed to the extent possible. (The Debtor's accounting staff had been in turmoil for some time before the filing date with some leaving soon after being hired, and the bookkeeping had not been kept in any systematic way.) The Debtor had not filed a tax return since 2018. Trustee was able to obtain bank statements and from there traced payments to third parties that enabled the filing of the adversary complaints.

The filed claims total in excess of $131,897. Trustee has been able to convince the holder of the largest of these, the Liquidating Trustee for the Delaware cases to withdraw that $118M plus claim which is not included int eh total referenced above. This will increase the percentage distribution to the remaining creditors. There are two claims filed as priority claims (each for $3,500) that will not be paid pending objections, including being late filed.

Understanding this result is disappointing for creditors holding unsecured claims, Trustee points out that at the outset of the case, it was unclear what the aggregate amount of the claims would be or if and to what extent there were assets to be recovered.

The case was administered with the expectation that there would be recoveries, but it was not possible to estimate what they would be or the percentage distribution in the case. Professional fees have been largely incurred to prosecute the adversary cases and tax preparation. These fees represent only approximately 34% of the amount recovered to date.

**PROPOSED DISTRIBUTIONS**

Exhibit B sets forth the amounts claimed by professionals included in the proposed distribution of $833   .

The interim distribution amounts calculated take into account the contemplated payments of interim professional as allowed by the Court. Fees requested by the professionals include:

```
LEA Accountancy, LLP
Accountant for Trustee:      $ 125,917.00   Fees
                             $   1,253.84   Expenses


Pena & Soma, APC             $ 297,044.01   Fees
Attorney for Trustee         $   4,232.11   Expenses
```

Based on these distributions, Trustee is seeking a fee of $35,500, representing less than 45% of the anticipated fee to be paid at the conclusion of the case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Trustee proposes to make a portion of the distribution of funds on hand as an interim distribution. While not specifically recognized in Section 704, where there is a legitimate delay in filing the final

///
///
///
///

report, as here, interim distributions obviously benefit the creditor recipients. Moreover, the Chapter 7 Trustee guidelines promulgated by the Office of the United State Trustee suggests that interim distributions are appropriate under such circumstances.

**CONCLUSION**

For all these reasons, Trustee respectfully requests that the within motion be granted.

Dated: January 23, 2025

Carolyn A. Dye, Chapter 7 Trustee

**DECLARATION OF CAROLYN A. DYE**

I, Carolyn A. Dye, declare:

1. I am an attorney at law licensed to practice in the courts of the State of California and the United States Courts for the Central District of California and am a member of the panel of bankruptcy trustees for the Central District of California.

2. I am filing this Declaration in support of my Motion for Approval of an Interim Distribution. I have personal knowledge of the facts set forth herein and in the Motion, and, if called as a witness, I would be competent to testify thereto.

3. I am the duly appointed and acting Chapter 7 bankruptcy trustee in the case of Urban Commons, LLC. I have attached as Exhibits A and B true and correct copies of the proposed distribution and the claims register for this case.

4. I am currently holding the sum of $1,546,094.62 in this case. The majority of this was derived from settlements in the various adversary (preference recovery) actions filed.

5. To date I have not made any distribution of estate funds to allowed claimants nor paid any amount to my employed professionals.

6. In view of the need to keep the estate open for additional time, I believe that it is reasonable and indeed appropriate that an interim distribution be made. Based upon the amount of funds on hand, I believe that, at least on an interim
basis, the claimants listed in Exhibit A claims ought to be paid in the amounts set forth in Exhibit A as they would have priority over the general unsecured claims.

7. After the proposed distributions are made the estate will each still hold approximately $662,901, not including an additional

$317,000 expected to be received by the hearing date on this Motion, a sum which should be more than adequate to cover any additional administrative expenses, with the rest to be distributed to the allowed claims.

8.   I have read and reviewed the recitation of the factual matters set forth in the Motion, incorporate such matters herein by this reference, and further represent such matters are true and correct.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 23th day of January 2025, at Los Angeles, California.

_____
Carolyn A. Dye

**EXHIBIT A**

Printed: 01/23/2025 11:51 AM                                                                                    Page: 1

## Interim Claims Distribution - Final
### Trustee: CAROLYN A. DYE

| Case Number: | 21-13523 | Case Name: | URBAN COMMONS LLC |
|---|---|---|---|
| Petition Date: | 04/29/2021 | Judge: | JULIA W. BRAND |

| Claim # | Claimant | Class | Priority | Allowed | Paid | Balance | Interest | Total Proposed | % | Remaining Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| FEE | CAROLYN A. DYE | A7 | 300 | $35,500.00 | $0.00 | $35,500.00 | $0.00 | $35,500.00 | 100.00 % | $1,510,594.62 |
| ACCT EXP | LEA ACCOUNTANCY, LLP | A7 | 200 | $1,253.84 | $0.00 | $1,253.84 | $0.00 | $1,253.84 | 100.00 % | $1,509,340.78 |
| ACCT | LEA ACCOUNTANCY, LLP | A7 | 300 | $125,917.00 | $0.00 | $125,917.00 | $0.00 | $125,917.00 | 100.00 % | $1,383,423.78 |
| ATTY EXP | PENA & SOMA APC | A7 | 200 | $4,232.11 | $0.00 | $4,232.11 | $0.00 | $4,232.11 | 100.00 % | $1,379,191.67 |
| ATTY FEES | PENA & SOMA APC | A7 | 300 | $297,044.01 | $0.00 | $297,044.01 | $0.00 | $297,044.01 | 100.00 % | $1,082,147.66 |
| 4P | FRANCHISE TAX BOARD | P | 570 | $2,512.17 | $0.00 | $2,512.17 | $0.00 | $2,512.17 | 100.00 % | $1,079,635.49 |
| 5P | FRANCHISE TAX BOARD | P | 570 | $2,512.17 | $0.00 | $2,512.17 | $0.00 | $2,512.17 | 100.00 % | $1,077,123.32 |
| 8P | CITY OF LOS ANGELES, OFFICE OF FINANCE | P | 570 | $8,022.00 | $0.00 | $8,022.00 | $0.00 | $8,022.00 | 100.00 % | $1,069,101.32 |
| 13P | CONSTELLATION PLACE, LLC | P | 570 | $331,704.87 | $0.00 | $331,704.87 | $0.00 | $331,704.87 | 100.00 % | $737,396.45 |
| 20P | URBAN COMMONS LLC | P | 570 | $15,133.00 | $0.00 | $15,133.00 | $0.00 | $15,133.00 | 100.00 % | $722,263.45 |
| 27-3 | FRANCHISE TAX BOARD | P | 570 | $800.00 | $0.00 | $800.00 | $0.00 | $800.00 | 100.00 % | $721,463.45 |
| 45 | SARACHEK LAW FIRM | P | 570 | $39,323.75 | $0.00 | $39,323.75 | $0.00 | $39,323.75 | 100.00 % | $682,139.70 |
| 87P | GOLDEN GOODRICH LLP | P | 570 | $19,238.00 | $0.00 | $19,238.00 | $0.00 | $19,238.00 | 100.00 % | $662,901.70 |
| | | | Totals: | $883,192.92 | $0.00 | $883,192.92 | $0.00 | $883,192.92 | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 15030 Ventura Boulevard, Suite 527, Sherman Oaks, California 91403.

A true and correct copy of the foregoing document entitled Trustee's Motion for Order Authorizing an Interim Distribution to Trustee, Professionals and Creditors and for Approval of Payment to the California Franchise Tax Board for Tax Due; Memorandum of Points and Authorities; Declaration of Carolyn A. Dye in Support Thereof (Amended) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 6, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Melody G Anderson | manderson@kjfesq.com |
| Mel Aranoff | maranoff@mbnlawyers.com |
| Simon Aron | saron@wrslawyers.com, moster@wrslawyers.com |
| Robert D Bass | bob.bass47@icloud.com |
| Tod V Beebe | tbeebe@clarkhill.com |
| Tanya Behnam | tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com;ladocketing@polsinelli.com |
| Reem J Bello | rbello@goeforlaw.com, kmurphy@goeforlaw.com |
| Eric Bensamochan | eric@eblawfirm.us, G63723@notify.cincompass.com |
| David A Berkley | david.berkley@wbd-us.com, mary.koo@wbd-us.com; Sul.Lee@wbd-us.com |
| Shraddha Bharatia | notices@becket-lee.com |

■ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On February 6, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Urban Commons, LLC
10250 Constellation Blvd.
Suite 1750
Los Angeles, CA 90067-6257

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY - N/A.** Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____,2025 I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 6, 2025 /s/ Karissa De La Trinidad
Karissa De La Trinidad

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1. PROOF OF SERVICE

**ADDITIONAL SERVICE INFORMATION:**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | |
|---|---|
| Anthony Bisconti | tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com; docket@bklwlaw.com |
| Wendy D Brewer | wbrewer@fmdlegal.com |
| Bert Briones | bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com; RedHillLawGroup@jubileebk.net |
| Joseph E. Caceres | jec@locs.com, generalbox@locs.com |
| Andrew W Caine | acaine@pszjlaw.com |
| James Chu | chu.james.y@gmail.com |
| Carolyn A Dye (TR) | trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com |
| Reno F.R. Fernandez | reno@bindermalter.com, 2382885420@filings.docketbird.com |
| Jesse S Finlayson | jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com |
| Isaac M. Gabriel | gabriel.isaac@dorsey.com, Adelman.alexis@dorsey.com |
| Norma V. Garcia | ngarciaguillen@garciarainey.com, jnuzzo@garciarainey.com; geason@garciarainey.com;mjskapadia@garciarainey.com |
| Beth Gaschen | bgaschen@go2.law, kadele@go2.law; cmeeker@go2.law; cyoshonis@go2.law; bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law |
| Evelina Gentry | evelina.gentry@akerman.com, rob.diwa@akerman.com |
| Bernard R Given | bgiven@loeb.com, mortiz@loeb.com; ladocket@loeb.com; fmckeown@loeb.com;bgiven@ecf.courtdrive.com |
| Alison S Gokal | service@gokallaw.com |
| Eric D Goldberg | eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com |
| Jeffrey I Golden | jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com |
| Seth Goldman | seth.goldman@mto.com |
| Michael H Goldstein | mgoldstein@goodwinprocter.com |
| David M Goodrich | dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wgllp@ecf.courtdrive.com |
| Michael S Greger | mgreger@allenmatkins.com, kpreston@allenmatkins.com |
| Joseph G Harraka | jgharraka@becker.legal, maferrentino@becker.legal |
| Douglas Harris | Douglas.harris@alston.com |
| Jonathan P Hersey | jonathan.hersey@klgates.com, connie-marie.pruitt@klgates.com |
| Christopher D Hughes | chughes@nossaman.com |
| Kevin Hutty | BKClaimConfirmation@ftb.ca.gov |
| Nicolino Iezza | niezza@spiwakandiezza.com |
| Christopher Johnson | cjohnson@sklarkirsch.com, scrippen@safarianchoi.com |
| Dirk O Julander | doj@jbblaw.com |
| Clifford P Jung | clifford@jyllp.com, ry@jyllp.com;jessica@jyllp.com |
| Daniel King | dking@theattorneygroup.com, r44432@notify.bestcase.com |
| Leib M Lerner | leib.lerner@alston.com, autodockettest-lax@alston.com; Melanie.mizrahie@alston.com |
| Adam A Lewis | alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com |
| Jason L. Liang | jliang@lianglyllp.com |
| Peter M Lively | PeterMLively2000@yahoo.com |
| Kelvin J Lo | bklolaw@gmail.com |
| Aaron J Malo | amalo@sheppardmullin.com, abilly@sheppardmullin.com; rgolder@sheppardmullin.com |
| Phillip A Martin | pmartin@fmdlegal.com |
| Zachary Evan Mazur | zachary@saracheklawfirm.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1. PROOF OF SERVICE

| | |
|---|---|
| Lisamarie McDermott | lisamariem@jbulaw.net, stephanieg@jbulaw.net |
| Byron Z Moldo | bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com |
| Shane J Moses | smoses@foley.com, llanglois@foley.com; lanii-langlois-4514@ecf.pacerpro.com; swells@foley.com |
| Miguel A Munoz | miguel@miguelmunozlaw.com, g12207@notify.cincompass.com; munoz.miguelb112802@notify.bestcase.com |
| Bennett Murphy | bennettmurphy@quinnemanuel.com |
| David C Nealy | David.Nealy@limnexus.com, mimi.cho@limnexus.com, griselda.luna@limnexus.com |
| Jeffrey P Nolan | jnolan@pszjlaw.com |
| Scott H Noskin | snoskin@mbnlawyers.com, aacosta@mbnlawyers.com |
| Leonard Pena | lpena@penalaw.com, penasomaecf@gmail.com; penalr72746@notify.bestcase.com |
| Misty A Perry Isaacson | misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net |
| Jerry S Phillips | jphillips@loeb.com |
| Michael E Plotkin | mepesq@earthlink.net, R58418@notify.bestcase.com |
| Michael J Quinn | mquinn@vedderprice.com, ecfladocket@vedderprice.com, michael-quinn-2870@ecf.pacerpro.com,adavis@vedderprice.com |
| Julie H Rome-Banks | julie@bindermalter.com |
| Julia Philips Roth | julia.roth@sidley.com |
| Michael Salanick | msalanick@salanicklaw.com |
| Joseph E Sarachek | joe@sarracheklawfirm.com, jon@sarracheklawfirm.com |
| Scott A Schiff | sas@soukup-schiff.com |
| Jacqueline D Serrao | jds@cabkgroup.com, attorneygary@gmail.com |
| Michael A Shakouri | mshakouri@goodkinlaw.com, rnolan@pdv-llc.com |
| Charles Shamash | cs@locs.com, generalbox@locs.com |
| Summer M Shaw | ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com |
| Timothy J Silverman | tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com |
| Jade Smith-Williams | jsmithwilliams@baileyglasser.com, jzumot@baileyglasser.com; mweintraub@baileyglasser.com |
| Randye B Soref | rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com |
| Peter T Steinberg | mr.aloha@sbcglobal.net |
| James E Till | james.till@till-lawgroup.com, martha.araki@till-lawgroup.com; myrtle.john@till-lawgroup.com; sachie.fritz@till-lawgroup.com |
| Jennifer R Tullius | jtullius@tulliuslaw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Gerrick Warrington | gwarrington@frandzel.com, achase@frandzel.com |
| Corey R Weber | cweber@bg.law, ecf@bg.law |
| Rebecca J Winthrop | rebecca.winthrop@nortonrosefulbright.com, evette.rodriguez@nortonrosefulbright.com |
| Nathaniel R Wood | nrwood@yahoo.com |
| S Christopher Yoo | cyoo@fbtlaw.com, vdelgado@fbtlaw.com |
| David R Zaro | dzaro@allenmatkins.com |
| Roye Zur | rzur@elkinskalt.com, cavila@elkinskalt.com; lwageman@elkinskalt.com;1648609420@filings.docketbird.com |
| Joshua del Castillo | jdelcastillo@allenmatkins.com, mdiaz@allenmatkins.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1. PROOF OF SERVICE